# Commonwealth of Massachusetts

BARNSTABLE, ss.

~~FILED~~

2005 FEB -1 P 2: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

**SUPERIOR COURT**

**No.** 04-767

I, Nancy N. Weir, Assistant Clerk of the Superior Court within and for said County of Barnstable, having, by law, the custody of the seal and all the records, books, documents and papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true copies of the papers appertaining to said Court, and on file and of record in the Office of said Court, relating to the case of PATRICIA PEROTTI-CYRUS vs. TOWN OF SANDWICH ZONING BOARD OF APPEALS, SANDWICH BUILDING INSPECTOR, TOWN OF SANDWICH, case #04-767

In witness whereof, I have hereunto set my hand and the seal of said Court, this twenty-eighth day of January in the year of our Lord two thousand five.

*Nancy N. Weir*
Assistant Clerk

MAS-20041213
birelyka

Case 1:05-cv-10116-DPW    Document 4    Filed 02/01/2005    Page 2 of 38

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

01/28/2005
11:21 AM

# BACV2004-00767
## Perotti Cyrus v Sandwich Zoning Board of Appeals et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 12/29/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 01/28/2005 | **Session** | A - Civil A- Barnstable Superior Court | | |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/29/2005 | **Answer** | 05/28/2005 | **Rule12/19/20** | 05/28/2005 |
| **Rule 15** | 03/24/2006 | **Discovery** | 02/17/2007 | **Rule 56** | 04/18/2007 |
| **Final PTC** | 08/16/2007 | **Disposition** | 12/29/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Patricia  Perotti Cyrus
9 Ploughed Neck Road
East Sandwich, MA 02537
Active 12/29/2004

**Private Counsel 555176**
Julie C Molloy
379 Route 6A
East Sandwich, MA 02537
Phone: 508-833-3707
Fax: 508-833-3711
Active 12/29/2004 Notify

**Defendant**
Town of  Sandwich Zoning Board of Appeals
16 Jan Sbastian Drive
Sandwich, MA 02563
Served: 12/29/2004
Served (answr pending) 01/04/2005

**Private Counsel 277340**
Leonard Kopelman
Kopelman & Paige PC
31 Saint James Avenue
7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 12/29/2004 Notify

**Private Counsel 655880**
Jackie A Cowin
Kopelman & Paige PC
31 Saint James Avenue
Park Square Building 7th floor
Boston, MA 02116
Phone: 617-556-0007
Fax: 617-654-1735
Active 01/28/2005 Notify

**Defendant**
Sandwich Building Inspector
Served: 12/29/2004
Served (answr pending) 01/04/2005

**Private Counsel 277340**
Leonard Kopelman
Kopelman & Paige PC
31 Saint James Avenue
7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 12/29/2004

MAS-20041213
birelyka

Case 1:05-cv-10116-DPW    Document 4    Filed 02/01/2005    Page 3 of 38

01/28/2005
11:21 AM

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2004-00767
## Perotti Cyrus v Sandwich Zoning Board of Appeals et al

**Private Counsel 655880**
Jackie A Cowin
Kopelman & Paige PC
31 Saint James Avenue
Park Square Building 7th floor
Boston, MA 02116
Phone: 617-556-0007
Fax: 617-654-1735
Active 01/28/2005 Notify

**Defendant**
Town of Sandwich
130 Main Street
Sandwich, MA 02563
Served: 12/29/2004
Served (answr pending) 01/04/2005

**Private Counsel 277340**
Leonard Kopelman
Kopelman & Paige PC
31 Saint James Avenue
7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 12/29/2004

**Private Counsel 655880**
Jackie A Cowin
Kopelman & Paige PC
31 Saint James Avenue
Park Square Building 7th floor
Boston, MA 02116
Phone: 617-556-0007
Fax: 617-654-1735
Active 01/28/2005 Notify

| Date | Paper | Text |
|------|-------|------|
| 12/29/2004 | | Filing fee paid in the amount of $275.00 including $15.00 surcharge and $20.00 security fee. |
| 12/29/2004 | 1.0 | COMPLAINT: with jury claim & civil action cover sheet filed |
| 12/29/2004 | | Origin 1, Type D13, Track A. |
| 01/04/2005 | 2.0 | SERVICE RETURNED (3): Town of Sandwich Zoning Board of Appeals, Sandwich Building Inspector, Sandwich Town Clerk (Defendant) |
| 01/21/2005 | 3.0 | NOTICE: Defendants' of removal to the United States District Court pursuant to 28 U.S.C. sec. 1446(d) |
| 01/28/2005 | | Case REMOVED this date to US District Court of Massachusetts |

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 01/19/2005 | Civil A- Barnstable Superior Court | Status: administrative | Event held as scheduled |
| | | t/c from Deft stating case is to be removed to Federal Court this date--will send notice | |
| 01/25/2005 | Civil A- Barnstable Superior Court | Status: administrative | Event held as scheduled |
| | | called atty Cowin need check for $102.00 for copies of case and clerks cert for US District Court / she will forward then I will issue certificate | |

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

**BACV2004-00767**
**Perotti Cyrus v Sandwich Zoning Board of Appeals et al**

A true copy, Attest:

Nancy S Weir

asst. **Clerk**

| CIVIL ACTION COVER SHEET | 04-767 | Trial Court of Massachusetts Superior Court Department County: _Barnstable_ |
|---|---|---|

PLAINTIFF(S)
_PATRICIA PEROTTI - CYRUS_

DEFENDANT(S)
_ROBERT JENSEN et. al._

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
_Julie C. Molloy   (508) 833-3707_
_379 Route 6A East Sandwich MA 02537_
Board of Bar Overseers number: _555176_

ATTORNEY (if known)
_Judith C. Cutler_   SUPERIOR COURT
_31 St. James Avenue_   BARNSTABLE SS
_Boston MA 02116_

FILED DEC 2 8 2004
_Paul V. Nicholson_ Clerk

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C02 _Declaratory Judgment ZONING APPEAL_ | (F) A | ( ✓ ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................................................... $ ..............
2. Total Doctor expenses .......................................................... $ ..............
3. Total chiropractic expenses .................................................. $ ..............
4. Total physical therapy expenses ........................................... $ ..............
5. Total other expenses (describe) _loss of rent, legal fees, slander of title_ $ 100,000 ..
   Subtotal $ ..............
B. Documented lost wages and compensation to date ....................................... $ ..............
C. Documented property damages to date ................................................... $ ..............
D. Reasonably anticipated future medical and hospital expenses ........................... $ ..............
E. Reasonably anticipated lost wages ...................................................... $ ..............
F. Other documented items of damages (describe)
   $ ..............

Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ..............
TOTAL $ _100,000_ ..

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $. ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Julie C. Molloy_         DATE: _12/28/04_

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

SUPERIOR COURT
BARNSTABLE SS

FILED   DEC 2 8 2004

_Scott L. Nickerson_ Clerk

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT DEPT.
OF THE TRIAL COURT
DOCKET NO. 04-CV- 767

5384A00001 28/04CIVIL ENTR   240.00
5384A00001 28/04SURCHARGE   15.00
5384A00001 28/04SEIC   20.00
5384A00001 28/04SUMMONS   5.00

PATRICIA PEROTTI-CYRUS,   )
)
    Plaintiff,   )
)
v.   )
)
ROBERT JENSEN, Chairman   )
of the Board of Appeals for the   )
Town of Sandwich, ROBERT   )
GUERIN, JAMES KILLION,   )
MATTHEW McDONNELL,   )
ERIK VAN BUSKIRK, WILLIAM )
DAWES, and MICHAEL   )
LESPERANCE, as they are   )
Members of the Board of Appeals,)
DONNA BOARDMAN, Building   )
Inspector and Zoning Enforce-   )
ment Officer for the Town of   )
Sandwich, and TOWN OF   )
SANDWICH,   )
)
    Defendants.   )
)

## PLAINTIFF'S COMPLAINT APPEALING DECISIONS OF TOWN OF SANDWICH BOARD OF APPEALS, DECISION OF BUILING INSPECTOR, REQUEST FOR DECLARATORY JUDGMENT, AND DEMAND FOR JURY TRIAL

I.      INTRODUCTION

    The issues in this case are similar if not identical to the issues raised in the

matter of _Donald Thibault v. William Dawes, et al._, Barnstable Superior Court,

Docket No. 04-CV-0588.  Plaintiff's cottage, and surrounding cottages, having

been in existence since before the Town of Sandwich adopted the Subdivision

Control Law, was located upon its own lot by virtue of the endorsement of an

1

ANR plan, under the G.L. c. 41., s. 81L exemption from subdivisions properties
containing 2-or-more-structures-since-before-the-city-or-town adopted-
Subdivision-Control-, such that each structure is located on its own lot. The ANR
plan showing plaintiff's cottage and lot was endorsed by the Sandwich Planning
Board on or about October 19, 1994, more than ten years ago, and was recorded
with the Barnstable County Registry of Deeds at Plan Book 506, Page 85, on
October 28, 1994. None of the lots containing the existing cottages, all pre-dating
the Subdivision Control Law, met the dimensional regulations of the Sandwich
zoning by-laws when the ANR plan was endorsed and recorded.

At no time since this ANR plan was endorsed or recorded, over ten (10)
years ago, has the Town of Sandwich ever sought to enforce any alleged zoning
dimensional (hence structural) violation resulting from the endorsement and
recording of this ANR plan, locating each cottage on its own lot. G.L. c. 40A, s. 7,
bars enforcement of any structural (dimensional) violation after six (6) years, if
the structure was undertaken with a building permit, or ten (10) years, if the
structure was undertaken without the benefit of a building permit. The creation
of a dimensional violation through the endorsement of an ANR plan does not, in
and of itself, create a "use" violation under zoning, and, in point of fact, by
locating each cottage on its own lot, the cottages fall within the definition of
"dwelling unit, single family," under the Sandwich zoning by-laws, a by-right use
in the R-2 zoning district in which the cottages have been located at all times
since October 1994 through the present.

Thereafter, the then-owner of all of the cottages of which plaintiff's is one
(known as the Ploughed Neck Road cottages), "condominiumized" the property,

2

and marketed the same for sale as condominiums, from 1995 to approximately 2000 to 2001. During this period, Forestdale Realty, Inc., rented out the cottages to persons on a year-round basis, and each cottage has contained a heating system since they were built in 1948. The prior owner, before Forestdale Realty, Inc., Elizabeth Sprague also stated in a letter to the Board of Appeals in 1994/1995, that she had used the main house and cottages on a year-round basis for many years.

Finding that condominiums were not as saleable as singly-family cottages, located each on their own lot, on or about June 1, 2001, Forestdale Realty and one unit owner, Paulette Sasville, lawfully terminated the condominium in accordance with the Condominium Act, G.L. c. 183A, s. 19. This termination is recorded with the Barnstable County Registry of Deeds, in Book 13898, Page 190. Thereafter, Forestdale Realty, Inc., sold all of the cottages, with the exception of the one owned by Ms. Sasville, to West Yarmouth Lodgings, Inc., which then proceeded to sell off the individual cottages as single-family home units. Plaintiff, Ms. Perotti-Cyrus, purchased first one cottage, located on Lot 2 of the ANR plan recorded at Plan Book 506, Page 85, on August 8, 2001, which deed is recorded at Barnstable County Registry of Deeds, Book 14121, Page 204. The following year, Ms. Perotti-Cyrus purchased a second cottage, located on Lot 1 on the ANR plan recorded at Plan Book 506, Page 85, which deed is recorded with the Barnstable County Registry of Deeds, in Book 15579, Page 245.

In mid-October 2003, Ms. Perotti-Cyrus' cottage, located on Lot 1, sustained minimal fire damage to the interior of the structure. Since that time, she has been trying to repair the same. Repairs were initially undertaken without

3

the benefit of a building permit, and the Building Inspector issued a cease-and-desist order; thereafter Ms. Perotti-Cyrus applied for a building permit, but the Building Inspector denied this permit, on the grounds that the division of the cottages onto their own lots via the ANR plan, in creating a dimensional violation by not complying with dimensional zoning in effect in October 1994, also created a use violation. Ms. Perotti-Cyrus thereafter timely appealed the denial of her building permit application with the Board of Appeals, simultaneously filing applications for a special permit (although she does not seek to alter the structure in any manner, but only to repair the minimal fire damage) and for variance relief with that same Board, her appeal, special permit and variance applications being filed with the Town Clerk and the Board of Appeals on August 24, 2004. Public hearings were held before the Board of Appeals on all three matters simultaneously on October 12, 2004, November 23, 2004 and December 14, 2004. On December 14, 2004, the Board of Appeals voted to deny Ms. Perotti-Cyrus' appeal and variance application. As yet, it has not rendered it's decision with regard to the Special Permit application.

During the Board's hearings, it became clear that the Town (through its Counsel) erroneously believes that the creation of a dimensional violation on this peculiar type of ANR plan creates a *use* violation, when, in fact, if any violation is created, it is a dimensional, or structural violation, relating to compliance with dimensional requirements. Additionally, the Town, again in reliance upon the advice of Counsel, believes that, notwithstanding the fact that, in having an ANR plan of this type endorsed results in each cottage being located on its own lot, these types of cottages cannot be so "converted" to either condominiums or single

4

family home without a permit issued under Section 4710, the cottage colony
conversion by-law, despite the fact that the by-law defines "cottage colony" as
"two or more *seasonal* cottages, located on *one* lot." There is no definition of
"seasonal" in the zoning by-laws. All of the Ploughed Neck Road cottages have
been equipped with heating systems since their construction in 1948, and as
such, have always had the "characteristic furnishings and equipment" to allow
year-round usage, and in fact they have been used on a year-round basis, thus, no
"abandonment" of the year-round usage could have occurred under the
abandonment zoning by-law, Section 2410, and they are not seasonal cottages,
but instead are year-round units, thus taking them out of the definition of
"cottage colony," and not subject to the cottage colony conversion by-law.
Additionally, the virtue of the 1994 ANR plan, the cottages are no longer located
on one lot, but instead, each cottage is located on its own lot, and so, again, the
cottage colony conversion by-law does not apply. Even assuming that in fact the
cottages may only be used on a seasonal basis (which at the end of the day
seemed to be the Town's real concern), at present, Ms. Perotti-Cyrus is being
deprived of using her cottage even seasonally, because she cannot obtain a
building permit to repair the damage to render it habitable. If the Town in fact is
correct regarding the seasonal issue, the proper thing to do would be for the
building permit to issue so that the cottage can be used, and if the Town feels that
a use violation arises by virtue of other than just seasonal use, it may bring an
enforcement action against Ms. Perotti-Cyrus seeking to enjoin the same. This
was raised at the hearings, to no avail. Ms. Perotti-Cyrus has also presented a
G.L. c. 258 Tort Claims Act demand letter to the Town, dated November 5, 2004,

5

to which the Town has six (6) months to respond.  To date, no response has been forthcoming.

COMPLAINT

II.    Parties

1.    Plaintiff, Patricia Perotti-Cyrus ["Plaintiff"], owns the real property, containing a year-round cottage, located at 9 Ploughed Neck Road, East Sandwich, Barnstable County, Massachusetts 02537 ["the Property"], and she resides at One Palmer Road, East Sandwich, Barnstable County, Massachusetts 02537.

2.    Plaintiff purchased the Property on September 11, 2002, which is reflected as Lot 1 on Plan Book 506, Page 85, recorded with the Barnstable County Registry of Deeds, and plaintiff's Deed is recorded at Book 15579, Page 249, in the same registry.

3.    Defendants, Robert Jensen is the Chairman of the Board of Appeals for the Town of Sandwich, and Robert Guerin, James Killion, Matthew McDonnell, Erik Van Buskirk, William Dawes, and Michael Lesperance, are member of the Board of Appeals [hereafter referred to collectively as "Board of Appeals"], at all times relevant, with a principal place of business at the Office of Planning & Development, Town Office Building, 16 Jan Sebastian Drive, Sandwich, Barnstable County, Massachusetts 02563.

4.    Defendant, Donna Boardman, is the Building Inspector and Zoning Enforcement Officer for the Town of Sandwich, at all times relevant, with a principal place of business at the Building Department, Town Office Building, 16 Jan Sebastian Drive, Sandwich, Barnstable County, Massachusetts 02563.

5.    Defendant, Town of Sandwich ["Town"], is a duly incorporated body politic and town of the Commonwealth of Massachusetts, with a principal place of business at 130 Main Street, Sandwich, Barnstable County, Massachusetts 02563.

III.    Factual Background

6.    Plaintiff repeats and reasserts the matters set forth above, incorporating the same herein by reference, and further states as follows:

7.   On October 19, 1994, the Town of Sandwich Planning Board endorsed an ANR plan ["1994 ANR plan], dividing one large lot containing cottages that had existed since before the Town adopted the Subdivision Control Law, into six (6) smaller lots, with one cottage on each newly created lot, under that provision of G.L.c. 41, s. 81L and s. 81P, allowing such division on an ANR plan so long as the structures pre-date Subdivision Control adoption by a municipality.

8.   The six lots shown on the 1994 ANR plan did not meet the 1994 zoning dimensional requirements in effect in October 1994.

9.   The Town adopted Subdivision Control Law on August 20, 1954.

10.  The Town first adopted zoning in 1960.

11.  The 1994 ANR plan was recorded with the Barnstable County Registry of Deeds on October 28, 1994, at Plan Book 506, Page 85.

12.  "Structural" violations under G.L. c. 40A, s. 7, are violations of the dimensional requirements of zoning.

13.  G.L. c. 40A, s. 3, states "No zoning ordinance or by-law shall regulate or restrict the use of materials, or methods of construction of structures regulated by the state building code, . . . ".

14.  Structural violations of the state building code are solely enforceable by building inspectors pursuant to G.L.c. 143, s. 3A.

15.  An ANR plan showing a violation of dimensional zoning constitutes a structural violation.

16.  G.L. c. 40A, s. 7 sets forth two statutes of limitations: a six year statute of limitations regarding structural and use violations begun under an original building permit authorizing such use; and, a ten year statute of limitations for structural violations begun without benefit of a building permit.

17.  G.L. c. 40A, s.7, provides no statute of limitations for use violations not begun under a lawfully issued building permit.

18.  At all times relevant, the Property, since October 1994, through the present, has been located within the R-2 zoning district in Sandwich, which allows single family residential use by right.

19.  Sandwich zoning by-laws define "dwelling" and "dwelling, single family" as follows:

7

DWELLING - A building or part of a building used exclusively as the living quarters for one or more families.

DWELLING, SINGLE-FAMILY - One dwelling unit on a single lot irrespective of structure type, ownership or tenure. (Added STM 9/91)

See Sandwich zoning by-laws, "Definitions," p. 71.

20.    Sandwich zoning by-laws define "cottage colony" as follows:

COTTAGE COLONY - Two or more detached seasonal dwellings located on the same lot, *each designed for independent family living and including cooking facilities*. (Amended May 1, 1995)

See Sandwich zoning by-laws, "Definitions," p. 71. (emphasis added)

21.    Before May 1, 1995, and specifically in October 1994, the definition of cottage colony also limited the definition by defining all of the cottages as each having less than 480 square feet of area. See Sandwich zoning by-laws, "Definitions," in effect before May 1, 1995.

22.    The Sandwich cottage colony conversion by-law states as follows:

Cottage Colonies. Any existing cottage colony [two or more detached seasonal dwellings located on the same lot] may not be converted to single-family dwelling use under separate ownership unless the lot upon which each building is located complies with the minimum requirements for single family dwellings in the zoning district in which the land is located, and such non-conforming cottage colony may not be converted to single-family use under condominium, cooperative, time sharing condominium, or any other single-family dwelling use more intensive or frequent than seasonal or intermittent use, unless the lot meets the minimum requirements for Cluster Developments, as set forth in Section 4440. This section shall apply whether or not the lot is situated in a district in which Cluster Development is a prohibited use.

See Sandwich zoning by-laws, Section 4710.

23.    The Sandwich zoning by-laws do not contain any definition of the term "seasonal." See Sandwich zoning by-laws, "Definitions," beginning p. 69.

24.    The Sandwich zoning by-laws further provide with respect to the conversion of seasonal cottage colonies that the following procedure be followed:

> 4740.  Procedures. The conversion of any structure provided herein shall be governed by the procedures contained in Section 4431 through 4437; and, in addition, the Planning Board shall thereafter submit its recommendations to the Board of Appeals within thirty (30) days after receipt of reports from the Board of Health and/or Conservation Commission, or within seventy-five (75) days of the date of pre-application review, whichever is sooner. The Board of Appeals shall act upon said application as an application for special permit as set forth in Section 1330 through 1360 and, where applicable, Section 2400.

> See Sandwich zoning by-laws, Section 4740.

> 4431.  Pre-Application Review. To promote better communication and avoid misunderstanding, applicants are encouraged to submit preliminary materials for informal review by the Planning Board prior to formal application.

> 4432.  Submission. Proposed Cluster Developments shall comply with the "Cluster Development Special Permit Regulations" of the Sandwich Planning Board. A Cluster Development shall encompass at least twice the lot area required in the district. A new or existing Cluster Development may include a Village Cluster, which meets the requirements of Section 4444 of the Sandwich Zoning By-laws. In the case of an application to amend an existing Cluster Special Permit to permit a Village Cluster, the procedures in Section 4440 through Section 4448, inclusive shall apply, except as to such materials as the Planning Board may waive as duplicative of materials previously submitted.

> See Sandwich zoning by-laws, Sections 4431 and 4432. [N.B. Section 4433 through 4437 do not exist in the by-laws]

9

1330. Special Permits shall normally be granted unless, because of conditions peculiar to the particular case but not generally true for similar permitted uses on other sites in the same district, it appears that nuisance, hazard or congestion will be created, or for other reasons there will be substantial harm to the neighborhood or derogation from the intent of the by-law, so that the stated district objectives will not be satisfied. The Special Permit Granting Authority shall place upon each special permit the condition that failure to comply with the conditions set forth in the special permit will result in termination thereof and that it shall expire upon transfer of ownership, prior to initiation of substantial construction on or occupancy of the site, unless such transfer is authorized in the permit, or if no substantial construction or occupancy takes place within the twelve (12) months of special permit approval, excluding such time required to pursue or await the determination of an appeal referred to in Section 17 of Chapter 40A. Extenuating circumstances may be a basis for a six (6) month extension to be granted by the Special Permit Granting Authority. Construction or operations under a building or special permit shall conform to any subsequent amendment of the ordinance or by-law unless the use or construction is commenced within a period of not less than six (6) months after the issuance of the permit and, in cases involving construction, unless such construction is continued through to completion as continuously and expeditiously as is reasonable.

1331. Special permits shall only be issued following public hearings held within sixty-five (65) days after filing of an application with the Special Permit Granting Authority. A copy of the application shall be given to the Town Clerk forthwith by the applicant.

1332. Referral. The Special Permit Granting Authority (SPGA) shall refer special permit applications to the Board of Health, Water Quality Review Committee, Conservation Commission, Housing Authority, Planning Board, Board of Appeals, Highway Department, and Town Engineer for written comments and recommendations pertaining to the area of responsibility of that particular board or department, before taking final action on said special permit application. In additions to the above noted boards, the SPGA may refer a special permit application to any other Town

agency/board/department for comments and recommendations if it so desires before taking final action on said special permit application. A public hearing on said referral shall not be required. The SPGA need not send a referral to itself.

Any such board or agency to which applications are referred to for comments shall make its recommendations and send copies thereof to the SPGA and the applicant within thirty-five (35) days of receipt of the referral request by said board or agency or there shall be deemed no opposition or desire to comment. The SPGA shall not act upon said special permit until either comments from referred boards or agencies have been received, or said thirty-five (35) days have elapsed, whichever is sooner. Applications referred to more than one board or agency may be reviewed jointly by said boards or agencies.

1342. In acting on special permits and special permit amendments under this section, the <u>Board of Appeals shall give consideration to the recommendations, if any, of the Planning Board and the Town Engineer.</u> These recommendations shall be formulated considering the following criteria:

(a) Protection of adjacent area against detrimental or offensive uses on the site by provision of adequate surface water drainage, buffers against lighting, sight, sound, dust, vibration, odor and allowance of sunlight and air;

(b) Convenience and safety of vehicular and pedestrian movement within the site and in relation to adjacent areas;

(c) Adequacy of facilities for handling and disposal of refuse and other production by-products;

(d) Protection of environmental features on the site and in adjacent areas;

(e) *Promotion of appropriate arrangement of structures within the site and in relation to existing structures within the district and neighborhood*;

(f) Co-ordination with and improvement of systems of vehicular and pedestrian access, drainage, water supply, sewage disposal, lighting, landscaping, wetlands, water courses, buildings and others features that support the neighborhood;

(g) Compliance with all applicable sections of the Zoning By-Law.

2400.   Non-Conforming Uses. The use of any structure or land lawfully existing at the time of the enactment or subsequent amendment of this bylaw may be continued although such structure or use does not conform with provisions of this by-law, subject to the following conditions and exceptions:

2410.  Abandonment. A non-conforming use of a building or land, which has been abandoned for a period of two (2) years, shall not thereafter be returned to such non-conforming use. A non-conforming use shall be considered abandoned when the premises has been vacant for two years, or when the characteristic equipment and/or furnishings of the non-conforming use have been removed from the premises and have not been replaced by similar equipment, whichever shall occur first.

2420.  Change, Extension Or Alteration. No change, extension or alteration of a pre-existing non-conforming use and no change, extension or alteration of a pre-existing non-conforming structure may be made except upon the issuance of a special permit from the Zoning Board of Appeals. Such a special permit may be granted only if the special permit granting authority finds that the proposed change, extension or alteration of a pre-existing non-conforming use, or change, extension or alteration of a pre-existing non-conforming structure is not substantially more detrimental to the neighborhood than the existing nonconforming use or non-conforming structure.

The following conditions shall apply to any special permit granted under this section:
a). When the permit applicant requests either a change, extension or alteration of a non-conforming use or change, extension or alteration of a non-conforming structure, any change, extension or alteration may occur only upon those parcels of land upon which the pre-existing non-conforming use or structure is located;
b). When the permit applicant requests either a change, extension or alteration of a non-conforming use, or a. change, extension or alteration of a non-conforming structure, the permit applicant shall substantially screen all new parking from abutters and from streets. (5/4/98)

See Sandwich zoning by-laws, Sections 4431, 4432, 1330, 1331, 1332, 1342 (emphasis added to subpar. (e)), 2400, 2410, and 2400.

25.    The Sandwich zoning by-laws grant exemptions and protections from "increases in lot area, width, depth, frontage, yard, or coverage requirements," for vacant lots, in accordance with the requirements of G.L.c. 40A, s. 6 (4th¶), but also with regard to certain developed lots:

> 2550.  Non-Conforming Lots. Application of amended Intensity of Use Regulations to previously created lots is limited by Section 6, Chapter 40A, MGL. In addition, any increase in lot area, width, depth, frontage, yard, or coverage requirements of this by-law shall not apply to erection, extension, alterations, or moving of a structure on a legally created lot not meeting current requirements, provided that either the lot is in an exempted subdivision (see Section 2560) or the applicant documents that:
>
> a.   At the time such increase requirement became applicable to it, the lot:
>    1.  Had at least 5,000 square feet of lot area and 50 feet of frontage on a street; and
>    2.  Conformed to the existing dimensions required at the time of creation,
> b.   The lot is to be used for a single dwelling unit or for non-residential use, provided that no side yard shall be less than 20 feet on a lot having frontage of more than 100 feet but less than 200 feet and that no side yard shall be less than the greater of ten (10) percent of the lot's frontage or six (6) feet on one side and eight (8) feet on the other on a lot having frontage of 100 feet or less,
> c.   And the lot was held in ownership separate from all abutting property on December 31, 1998. (Amended 5/4/98)
>
> Such non-conforming lots may be changed in size or shape or their land area recombined without losing this exemption, so long as the change does not increase the actual or potential number of buildable lots.
>
> See Sandwich zoning by-laws, Section 2550.

26.    The Sandwich zoning by-laws define "abandonment" as follows:

> Abandonment. A non-conforming use of a building or land, which has been abandoned for a period of two (2) years, shall not thereafter be returned to such non-conforming use. *A non-conforming use shall be considered abandoned* when the premises has been vacant for two years, *or when the characteristic*

13

> *equipment and/or furnishings of the non-conforming*
> *use have been removed from the premises and have not*
> *been replaced by similar equipment*, whichever shall
> occur first.
>
> See Sandwich zoning by-laws, Section 2410 (emphasis
> added).

27.     The Ploughed Neck Road cottages have been used on a year-round
        basis for many years, both before and after 1994, continuing through
        the present, and all six cottages have been equipped with heating
        systems since their construction in 1948.

28.     The Town has never sought to enforce a use violation due to the fact
        that the Ploughed neck cottages have been used on a year-round basis,
        at any time before or after 1994, through the present.

29.     On or about March 8, 1995, Forestdale Realty, Inc., owned all of the
        Ploughed Neck Road cottages, and created a condominium consisting
        of the six cottages.  See Master Deed, recorded with Barnstable
        Registry of Deeds, Book 9581, Page 262.

30.     The Town never issued any special permit for this conversion to a
        condominium.

31.     On June 1, 2001, Forestdale Realty, Inc., and the one other unit owner,
        Paulette Sasville, lawfully terminated the condominium at Ploughed
        Neck Road, in accordance with the procedures set forth in G.L. c. 183A,
        s. 19, which termination is recorded with the Barnstable Registry of
        Deeds in Book 13898, Page 190.

32.     Thereafter, Paulette Sasville acquired title to the cottage located on Lot
        5, on Plan Book 506, Page 85, the 1994 ANR plan, as a single family
        residence, a by-right use in the R-2 zoning district.

33.     Forestdale Realty, Inc., conveyed all of its right title and interest in the
        cottages located on Lots 1-4, and 6, as shown on the 1994 ANR plan,
        recorded at Plan Book 506, Page 85, to West Yarmouth Lodgings, Inc.,
        on June 1, 2001, by deed recorded with Barnstable Registry of Deeds,
        Book 13898, Page 197.

34.     West Yarmouth Lodgings, Inc., thereafter sold the individual lots to
        various individuals, including Lots 1 and 2 to plaintiff in this action.

35.     A planning board may not refuse to endorse an ANR plan showing the
        division of land on which two or more structures have existed since
        before the city or town adopted Subdivision Control, such that each

structure is located on its own lot, on the grounds that the resulting lots violate dimensional zoning requirements as of date of endorsement of ANR plan.

36.    Challenges to the endorsement of an ANR plan must be brought within sixty (60) days of the endorsement of such a plan, pursuant to G.L. c. 249, s. 4.

37.    No person, including the Town, has challenged the endorsement of the 1994 ANR plan, pursuant to G.L. c. 249, s. 4.

38.    In mid-October, 2003, plaintiff's cottage ["Cottage"] located on Lot 1, at 9 Ploughed Neck Road, East Sandwich, was damaged by fire.

39.    The cottage is uninhabitable as a result of this fire and water damage, although overall the damage is minimal.

40.    Plaintiff began repairs without the benefit of a building permit in late 2003/early 2004, but stopped when the Building Inspector issued a cease and desist order.

41.    Thereafter, plaintiff sought to obtain a building permit from the Building Inspector, but was denied the same by the Building Inspector, in July 2004, in reliance upon a March 12, 2004, letter from Town Counsel.

42.    Plaintiff timely filed an appeal of the denial of her building permit application by the Building Inspector, and simultaneously filed applications for special permit and variance relief, on or about August 24, 2004.

43.    Defendant Board held public hearings on all three zoning applications on October 12, 2004, November 23, 2004, and December 14, 2004, and the public hearing was closed on December 14, 2004.

44.    During these hearings, plaintiff presented evidence that the cottage was not a part of a seasonal cottage colony because: (1) it has always been equipped with a heating system, thus year-round usage has never been abandoned; (2) testimony in the form of affidavits from Forestdale Realty, Inc., and West Yarmouth Lodgings, Inc., that while those entities owned the cottages, they were used on a year-round basis; (3) letters from Forestdale Realty's predecessor owner, Elizabeth Sprague, from 1994, that she had used both the main home and cottages on a year-round basis; (4) after the 1994 ANR plan was endorsed, the "cottage colony" definition no longer applied, because each cottage was now located on its own lot.

45. Plaintiff also presented evidence that the only violation that arose, if in fact one did arise, in connection with the endorsement of the 1994 ANR plan, it was a dimensional violation, which, under the Zoning Act, G.L. c. 40A, is a structural violation, and further that no use violation arose.

46. Plaintiff further presented evidence that the fact that no special permit was ever issued by the Town to the property when the condominium was created is further evidence that the Town did not consider this property to fall within the definition of "cottage colony" as defined in the zoning by-laws – if it had, then the Town surely would have had to issue a special permit, yet Town Counsel asserts that the property was lawful as a condominium, but unlawful as single-family residences.

47. Plaintiff further presented evidence that it appears the Town's real issue is whether the cottages can be used on a year-round basis, or only seasonally, whatever that is, given the lack of a definition for the same, and that plaintiff was being deprived even of using the cottage seasonally, because she has been denied a building permit to repair the damage and the cottage remains uninhabitable in its present state.

48. Plaintiff further presented evidence that the Board should issue plaintiff her building permit, by overturning the decision of the Building Inspector, and if, thereafter, the Building Inspector feels a use violation arises due to year-round usage, the Building Inspector can seek enforcement of that violation by seeking to enjoin the same.

49. The defendant Board rejected all of this evidence, and denied both plaintiff's appeal of the Building Inspector's decision and plaintiff's application for variance.

50. Plaintiff has suffered damages, and continues to suffer damages, insofar as the title to her property has been slandered, lost rents, loss of use, legal fees and expenses, expenses incurred in borrowing monies in order to continue to meet her mortgage obligations, which had been subsidized by the rental income she received in connection with rental of the cottage.

51. As grounds for it's denial of plaintiff's appeal of the decision of the Building Inspector denying plaintiff's application for building permit, the Board made the following findings:

Findings:

1. The applicant states that 9 Ploughed Neck Road is used as a single-family dwelling. The Board of Appeals finds that no information was submitted by the applicant to contradict the determinations made by Town Counsel and the Building Inspector that the use

remains cottage colony as shown by information contained in the public record in this matter.

2. The Board of Appeals finds that the Sandwich Protective Zoning By-laws does (sic) not empower the Board of Appeals to grant use variances.

3. The Board of Appeals finds that the conveyance of the property to individual owners to be used as single-family dwellings created a zoning violation because the conveyance took place without complying with Section 4710.

4. The Board of Appeals finds that Town Counsel's letter of March 12, 2004 to the Building Inspector chronicles the history of the use and ownership of this property. Counsel specifically states: "Because these lots have subsequently come into separate ownership the entire property is in violation of the zoning by-law."

5. The Board of Appeals finds that the plan endorsed under Section 81L does not legitimize the single-family dwelling use.

6. The Board of Appeals finds that the statute of limitations in Chapter 40A, Section 7, does not apply to uses. The Board finds that even if the statute of limitations did apply, the 10 years have not yet expired.

7. The Board of Appeals finds that denial of a building permit is not an action or proceeding under Chapter 40A, Section 7.

8. The Board of Appeals finds that the information submitted by the applicant to show that the year round use of the property pre-dates the adoption of zoning in Sandwich was insufficient.

See Decision of Board of Appeals denying plaintiff's Appeal of Decision of Building Inspector.

52. As grounds for it's denial of plaintiff's variance application, the Board made the following findings:

Findings:

1. The applicant states that 9 Ploughed Neck Road is used as a single-family dwelling. The Board of Appeals finds that no information was submitted by the applicant to contradict the determinations made by Town Counsel and the Building Inspector that the use remains cottage colony as shown by information contained in the public record in this matter.

2. The Board of Appeals finds that the Sandwich Protective Zoning By-laws does (sic) not empower the Board of Appeals to grant use variances.

3. The Board of Appeals finds that the conveyance of the property to individual owners to be used as single-family dwellings created a zoning violation because the conveyance took place without complying with Section 4710.

4. The Board of Appeals does not find that a literal enforcement of the provisions of this by-law would involve a substantial hardship, financial or otherwise, to the petitioner or appellant.

5. The Board of Appeals does not find the hardship is owing to circumstances relating to the soil conditions, shape, or topography of such land or structures but not generally affecting the zoning district in which it is located.

6. The Board does not find that desirable relief may be granted without either;
    1. Substantial detriment to the public good; or
    2. Nullifying or substantially derogating from the intent and purpose of this by-law.

III.    COUNTS

COUNT I

*Declaratory Judgment pursuant to G.L. c. 231A, s. 1 et seq. that Town's Interpretation of G.L. c. 40A, s. 6 and Town By-laws is in Violation of Home Rule Procedures Act, G.L. c. 43B, s. 13*

53. Plaintiff repeats and reasserts the matters set forth above in paragraphs 1 through 52, incorporating the same herein by reference, and further states as follows:

54. "... Nothing in this section shall be construed to permit any city or town, by ordinance or by-law, to exercise any power or function which is inconsistent with any general law enacted by the general court before November eighth, nineteen hundred and sixty-six which applies alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two. ... G.L. c. 43B, s. 13 (in pertinent part).

55. Defendants' interpretation of Section 6 of the Zoning Act and the Town's zoning by-laws constitutes an "exercise of any power or function which is inconsistent with" the Subdivision Control Law, .L. c. 41, s. 81L and s. 81P, a "general law enacted by the general court before November [8th, 1966] which applies alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two . . . ."

56. Defendants' interpretation that the 1994 ANR endorsement created a use violation, is erroneous, since if it indeed created any violation, it was a dimensional or structural violation, and not a use violation, insofar as the lots did not meet dimensional requirements of zoning in effect in October 1994.

57. Defendants' interpretation of its zoning by-laws improperly seeks to regulate form of ownership, which is not a proper subject of zoning.

18

58.    Defendants' interpretation of G.L. c. 40A, s. 6(1st¶), deeming properties lawfully created on an ANR plan, in the peculiar and unique circumstance where two or more structures existed on the property before the Town adopted Subdivision Control, unlawful under zoning, bears no rational relation to any proper purpose for which zoning may be adopted or enforced.

59.    Defendants' interpretation that the all property shown on the 1994 ANR plan violates zoning due to failure to comply with the "Cottage Colony Conversion" by-law, Section 4710, is erroneous, because upon the recording of the 1994 ANR plan, the cottages were no longer located all on one lot, but instead each cottage was on its' own lot, and therefore does not fall within the definition of "cottage colony."

60.    Defendants' interpretation that the all property shown on the 1994 ANR plan violates zoning due to failure to comply with the "Cottage Colony Conversion" by-law, Section 4710, is erroneous, because each cottage, including plaintiff's, is not seasonal, but instead, being equipped with the "characteristic equipment and furnishings" of a year-round, single-family dwelling, including a heating system, as they have been, they have always been capable of being used on a year-round basis, and this use has never been abandoned under the abandonment by-law, Section 2410 of the zoning by-laws, and further, has been used on a year-round basis for many years.

61.    Defendants' interpretation that a zoning violation arose when the lots were conveyed out (See Decision of Board of Appeals re: Variance, Findings, para. 3), as opposed to when the 1994 ANR plan was endorsed, awkwardly, improperly and erroneously grafts language from the 4th paragraph (which applies only to vacant, as opposed to developed, land) of Section 6 into the 1st paragraph of Section 6, and further, overlooks the "plain language" of the 4th paragraph states, in pertinent part:

        Any increase in area, frontage, width, yard, or depth requirements of a zoning ordinance or by-law shall not apply to a lot for single and two-family residential use *which at the time of recording or endorsement, whichever occurs sooner*

        . . .
        G.L. c. 40A, s. 6(4th¶)

62.    Defendants' interpretation of G.L. c. 40A, s. 6, awkwardly, improperly and erroneously grafts language from the 4th paragraph into the 1st paragraph of Section 6, because the 4th paragraph deals strictly with vacant land, whereas the land shown on the 1994 ANR plan was developed land.

19

63.    Defendants' interpretation, set forth above, constitutes an exercise of its powers under the zoning by-laws which is inconsistent with the ability to create such lots in the peculiar and limited circumstance where the structures pre-date the Town's adoption of the Subdivision Control Law.

64.    Defendants' interpretation that a permit was necessary to convert the cottages or condominiums to single-family dwellings is erroneous, because single-family dwelling is a by-right use in the zoning district in which the property is located.

65.    Furthermore, Section 2550 of the Town zoning by-laws, insofar as it applies to developed properties, is inconsistent with both the Subdivision Control Law, G.L.c. 41, s. 81L and s. 81P, and the Zoning Act, G.L.c. 40A, s. 6 (1st¶), insofar as it:

a.    interferes with the ability to create lots on ANR plan in the peculiar and unique circumstance where the structures on such properties existed before the Town adopted Subdivision Control; and

b.    deprives lawfully created properties of the exemptions and protection from any "increase in lot area, width, depth, frontage, yard, or coverage requirements," set forth in G.L.c. 40A, s. 6 (1st¶), unless these properties meet the requirements set forth in Section 2550.

66.    As a direct and proximate consequence of defendants' violation of the limitations on its ability to adopt and enforce its zoning by-laws, plaintiff has been harmed and sustained damages, including but not limited to: loss of use of the 9 Ploughed Neck Road cottage; loss of rents and rental income from the cottage; expenses incurred through borrowing in order to pay her mortgage on her primary home, previously subsidized through the rents received from the rental of the 9 Ploughed Neck Road cottage; legal fees and costs.

WHEREFORE, plaintiff requests that this Court enter an order of declaratory judgment, declaring as follows:

a.    The Town's interpretation of G.L. c. 40A, s. 6 (1st¶) violates the limitations placed on municipalities in adopting and enforcing its zoning by-laws, as set forth in G.L. c. 43B, s. 13, due to its inconsistency with G.L.c. 41, ss. 81K, et seq.;

b.    The Town's interpretation of its zoning by-laws violates the limitations placed on municipalities in adopting and enforcing zoning by-laws, per G.L. c. 43B, s. 13, insofar as it interprets

20

properties lawfully created on an ANR plan, under the peculiar and unique circumstance where structures existed on the property before the Town adopted Subdivision Control, as being unlawful under zoning, unless at the time the ANR plan is endorsed, the resulting lots meet existing dimensional requirements.

c.  The Town's interpretation violates the limits placed on adopting and enforcing zoning by-laws under G.L. c. 43B, s. 13, by determining properties lawfully created, under G.L. c. 41, s. 81L and s. 81P, under the peculiar and unique circumstance where structures existed on the property before the Town adopted Subdivision Control, "unlawful" under zoning unless the properties meet the dimensional zoning requirements in effect as of the date the ANR plan is endorsed, thereby depriving these properties of the protections set forth in G.L. c. 40A, s. 6 (1st¶) .

d.  The Town's interpretation that a permit was necessary to convert the cottages or condominiums to single-family dwellings is erroneous, because single-family dwelling is a by-right use in the zoning district in which the property is located.

e.  The Town's interpretation of its zoning by-laws improperly seeks to regulate form of ownership, which is not a proper subject of zoning, and therefore exceeds the limits of its powers under zoning.

f.  The Town's interpretation that the all property shown on the 1994 ANR plan violates zoning due to failure to comply with the "Cottage Colony Conversion" by-law, Section 4710, is erroneous, because upon the recording of the 1994 ANR plan, the cottages were no longer located all on one lot, but instead each cottage was on its' own lot, and therefore does not fall within the definition of "cottage colony."

g.  Defendants' interpretation that the all property shown on the 1994 ANR plan violates zoning due to failure to comply with the "Cottage Colony Conversion" by-law, Section 4710, is erroneous, because each cottage, including plaintiff's, is not seasonal, but instead, being equipped with the "characteristic equipment and furnishings" of a year-round, single-family dwelling, including a heating system, as they have been, they have always been capable of being used on a year-round basis, and this use has never been abandoned under the abandonment by-law, Section 2410 of the zoning by-laws, and further, has been used on a year-round basis for many years.

h.  The Town's interpretation of G.L. c. 40A, s. 6(1st¶), deeming properties lawfully created on an ANR plan, in the peculiar and unique circumstance where two or more structures existed on the

property before the Town adopted Subdivision Control, unlawful under zoning, bears no rational relation to any proper purpose for which zoning may be adopted or enforced, and therefore exceeds the limits of its powers under zoning.

i.   The Town's interpretation that a zoning violation arose in this case when the lots were conveyed out (See Decision of Board of Appeals re: Variance, Findings, para. 3), violates the limits of its powers under zoning, because, first, G.L. c. 40A, s. 6(4th¶) applies only to vacant land, whereas the property shown on the 1994 ANR plan was developed property, and second, because, even if the 4th paragraph applied, the date of the endorsement of the ANR plan occurred sooner than the conveyance out of the lots into individual ownership, and thus it is the date of endorsement, not date of conveyance, which control for purposes of interpreting the statute of limitations set forth in G.L. c. 40A, s.7.

j.   Section 2550 of the Town zoning by-laws, insofar as it applies to developed properties, is inconsistent with both the Subdivision Control Law, G.L.c. 41, s. 81L and s. 81P, and the Zoning Act, G.L.c. 40A, s. 6 (1st¶), because it:

   1)  interferes with the ability to create lots on ANR plan in the peculiar and unique circumstance where the structures on such properties existed before the Town adopted Subdivision Control; and

   2)  deprives lawfully created properties of the exemptions and protection from any "increase in lot area, width, depth, frontage, yard, or coverage requirements," set forth in G.L.c. 40A, s. 6 (1st¶), unless these properties meet the requirements set forth in Section 2550.

k.   Finally, plaintiff requests that this Honorable Court declare her property to be one "lawfully in existence," used as a by-right use ass a single-family dwelling, entitled to the protections set forth in G.L. c. 40A, s. 6(1st¶), and order the Board of Appeals to overturn the decision of the Building Inspector, and further order the Building Inspector to issue plaintiff a building permit so she may repair her cottage.  Plaintiff further requests that this Court award her damages, including interest, attorney's fees and costs, and such other amounts as the Court deems just and reasonable, given the Town's arbitrary, capricious, whimsical, and legally untenable position and interpretations.

22

COUNT II

*Denial of Appeal of Building Inspector's Denial of Building Permit*

67.    Plaintiff repeats and reasserts the matters set forth above, and incorporates the same herein by reference, as if fully set forth herein, further stating:

68.    The division of plaintiff's property was lawfully done pursuant to G.L. c. 41, s. 81L, on the 1994 ANR plan, and was a division that could not have been denied by the Planning Board of the Town of Sandwich on the grounds of noncompliance with zoning requirements at the time.

69.    Defendants' position that this division was unlawful unless a special permit under Section 4710, the Cottage Colony Conversion by-law, was first obtained has no foundation in law or in fact, as G.L. c. 41, s. 81L and s. 81P, contain no such requirement.

70.    Further, if defendants' felt that the 1994 ANR endorsement was unlawful, due to failure to comply with the provisions of Section 4710 of the zoning by-laws, it had sixty (60) days in which appeal the endorsement, which it did not due, and which is now barred by the statute of limitations set forth in G.L. c. 249, s. 4.

71.    Upon endorsement of the 1994 ANR plan, each cottage was located upon its own lot, and therefore no longer fell within the definition of the term "cottage colony" as used in the zoning by-laws, and therefore, seeking a special permit under Section 4710, was unnecessary.

23

72.    Defendants' interpretation of the term "seasonal," in the absence of any definition of the same in the zoning by-laws, has no foundation in law or in fact.

73.    Plaintiff's cottage, having been equipped with a heating system since its construction in 1948, was available for year-round usage, and this use has never been abandoned under the abandonment by-law, Section 2410.

74.    Defendants' interpretation that plaintiff's property is unlawful because of failure to obtain a special permit under Section 4710, has no foundation in law or in fact, because plaintiff's cottage is not now and never has been "seasonal."

75.    Defendant's interpretation of G.L. c. 40A, s. 6 and its zoning by-laws, such that an ANR plan, dividing land containing two or more structures before Subdivision Control was adopted such that each structures is located on its own lot, creates a use violation if the dimensional requirements of zoning are not met has no foundation in law or in fact.

76.    The only violation arising as a consequence of the same, set forth in the preceding paragraph, if any, is a structural violation.

77.    A structural violation arises when a dimensional requirement of the zoning by-laws arises.

78.    G.L. c. 40A, s. 7, places a two different statutes of limitations upon the enforcement, including through administrative action, such as the denial of a building permit, of six years where the structural violation

24

arises in connection with a building permit, and ten years where the structural violation arises without the benefit of a building permit.

79. Defendants are violating the statutes of limitations in denying the plaintiff a building permit as a consequence of the structural violation arising out of the 1994 ANR plan.

80. Defendants' interpretation that the violation arose when the lots were conveyed into separate ownership has no foundation in law or in fact, because this interpretation awkwardly and improperly grafts language from the 4th paragraph of Section, which applies only to vacant land, into the 1st paragraph of Section 6, which deals with lawfully developed property, as was plaintiff's. Under the 4th paragraph of Section 6, even if it did apply, the first to occur of either endorsement or recording governs the date from which to determine whether a structural violation arose.

81. Hence, the "structural violation," if any, arose on October 19, 1994, the date the ANR plan was endorsed, and the date of conveyance of the cottages into separate ownership has no bearing.

82. As a direct and proximate consequence of defendants' violation of the limitations on its ability to adopt and enforce its zoning by-laws, plaintiff has been harmed and sustained damages, including but not limited to: loss of use of the 9 Ploughed Neck Road cottage; loss of rents and rental income from the cottage; expenses incurred through borrowing in order to pay her mortgage on her primary home, previously subsidized through the rents received from the rental of the

25

9 Ploughed Neck Road cottage; legal fees and costs; slander of title, and such other damages as the Court may determine.

WHEREFORE, plaintiff requests that this Court declare that the defendant Building Inspector's decision to deny plaintiff's application for building permit, and defendant Board of Appeals' denial of plaintiff's appeal of the decision of the Building Inspector were incorrect, arbitrary, capricious, whimsical, and legally untenable, and plaintiff further requests that the Court overturn these denials, and order the defendants to issue the plaintiff a building permit to repair her cottage forthwith, together with such other relief as the Court deems just and reasonable, including damages, interest, attorney's fees, costs, and such other amounts as this Court deems just and reasonable.

## COUNT IV

### *Denial of Variance*

83.   Plaintiff repeats and reasserts the matters set forth above, and incorporates the same herein by reference, as if fully set forth herein, further stating:

84.   Defendants' erred in finding that enforcement of the by-law would not result in substantial hardship to plaintiff, financial or otherwise, and further erred in finding that the hardship did not relate to the "soil conditions, shape, or topography of such land or structures which but not affecting generally the zoning district in which it is located, and in erred further in finding that it could not grant relief without "either; (1) substantial detriment to the public good; or (2) nullifying or substantially derogating from the intent or purpose of this by-law."

26

85.    While plaintiff maintains that her cottage is entitled to the protections afforded in G.L. c. 40A, s. 6 (1st¶), as a structure lawfully in existence, without the need for a variance, she also asserts alternatively, should the Court determine that such a variance is needed, that enforcement of the by-law, here Section 4710, would involve a substantial hardship upon her, financially or otherwise.

86.    Endorsement of ANR plans such as this may not be refused by planning boards, thus the creation of such lots cannot be prevented.

87.    Requiring compliance with Section 4710, when in fact each cottage, now located on its own lot, does not meet the definition of cottage colony, imposes a substantial and unreasonable hardship upon the plaintiff, because the definitions do not apply to her lot, and would require her to meet dimensional requirements which she cannot possibly meet.  Additionally, by refusing to grant a variance, plaintiff suffers serious financial hardship, being deprived of the use of the cottage, loss of rents, additional and exceptional costs and expenses in connection with her mortgage, which previously was subsidized by the receipt of rental income from the cottage, legal fees, costs, and slander of title.

88.    The hardship arises out of the unique and peculiar circumstances of the cottage, allowing it to be located upon its own lot, pursuant to G.L. c. 41, s. 81L and s. 81P, by virtue of the fact that it pre-dates the adoption of Subdivision Control in Sandwich, thus uniquely relating to this structure, but not generally true for the zoning district, since most

27

structures in the R-2 zoning district were built *after* Subdivision Control was adopted.

89.   Granting a variance to the plaintiff will neither cause "substantial detriment to the public good," nor "nullify[...] or substantially derogate[e] from the intent or purpose of" the zoning by-laws.

90.   The defendants' misstate the standard in connection with derogation or nullification of the by-law, in connection with the grant of a variance.

91.   The standard is whether the grant of the variance will derogate from or nullify the intent of the zoning by-laws as a whole, not any particular by-law.

92.   The 1994 ANR plan placed each one of six cottages on its' own lot, however, the lots created did not meet the 1994 dimensional requirements of zoning.

93.   One of the proper purposes of zoning is dimensional zoning, the purpose and intent of which is to regulate the structural density of a particular zoning district.

94.   The cottages shown on the 1994 ANR Plan, having been built in 1994, predate not only Subdivision Control, but also the adoption of zoning by-laws in Sandwich.

95.   By virtue of the fact that the cottages, including plaintiff's, predate zoning, their structural density in this zoning district was already in place before zoning was adopted.

28

96.  The division of the property into six lots, each with its own cottage, given its pre-existing structural density (since none of the cottages have moved), neither derogates from nor nullifies the intent or purpose of the dimensional zoning by-laws, nor causes any substantial detriment to the public good.

97.  Nor does the fact that the cottages are now in single-family ownership, as opposed to all six cottages being owned by one person, and being rented out to others, derogate from or nullify the intent and purpose of the use regulations of the zoning by-laws, nor cause any substantial detriment to the public good, since the use of cottages under the cottage colony definition: "[t]wo or more detached seasonal dwellings located on the same lot, *each designed for independent family living and including cooking facilities*," is identical to the use of a single-family dwelling, as defined in the zoning by-laws, which defines, as follows, the terms "dwelling:" "building or part of a *building used exclusively as the living quarters* for one or more families," and "single-family dwellings": "*One dwelling unit on a single lot irrespective of structure type, ownership or tenure*."

98.  Finally, while plaintiff maintains that the cottage is not seasonal, by virtue of the fact that it is and has always been equipped with a heating system, granting a variance to allow her to obtain a building permit to repair the cottage so it may be used, will not derogate from nor nullify the intent of the cottage colony by-law, nor cause substantial detriment to the public good, because, if after the cottage has been repaired, the

29

defendants believe that it is being unlawfully used on a year-round
basis, may seek to bring an enforcement action pursuant to G.L. c. 40A,
s. 7, to enjoin any usage other than seasonally, which would be their
right.

99.    Denying the plaintiff a variance, thus preventing the plaintiff from
making repairs so that she cannot use the cottage other than
seasonally, is not the appropriate was for the defendants to enforce the
purported violation.

100.   As a direct and proximate consequence of defendants' violation of the
limitations on its ability to adopt and enforce its zoning by-laws,
plaintiff has been harmed and sustained damages, including but not
limited to: loss of use of the 9 Ploughed Neck Road cottage; loss of
rents and rental income from the cottage; expenses incurred through
borrowing in order to pay her mortgage on her primary home,
previously subsidized through the rents received from the rental of the
9 Ploughed Neck Road cottage; legal fees and costs; slander of title, and
such other damages as the Court may determine.

WHEREFORE, plaintiff requests that this Court declare that the defendant
Board of Appeals' denial of plaintiff's variance application was incorrect,
arbitrary, capricious, whimsical, and legally untenable, and further plaintiff
requests that this Court overturn this denial, and order the defendant Board of
Appeals to issue the plaintiff a variance, so she may obtain a building permit to
repair her cottage forthwith, together with such other relief as the Court deems

just and reasonable, including damages, interest, attorney's fees, costs, and such

other amounts as this Court deems just and reasonable.

## COUNT V

*Defendants' Interpretation of G.L. c. 40A, s. 6, and their Zoning By-Laws,*
*And Section 2550 of the Zoning By-Laws, Constitute Unlawful Spot Zoning*

101.    Plaintiff repeats and reasserts the matters set forth above,

incorporating the same herein by reference, as if fully set forth, and

further states as follows:

102.    Defendants' interpretation of G.L. c. 40A, s. 6 and their zoning by-laws

amounts to unlawful "spot zoning" regarding plaintiff's property, and

other properties, lawfully divided under G.L.c. 41, s. 81L and s. 81P,

depriving them of the protections to which they are lawfully entitled,

afforded by G.L. c. 40A, s. 6 (1st¶).

103.    Moreover, Section 2550 of Sandwich's zoning by-laws, unlawfully

constitutes spot zoning, depriving lawful nonconforming developed

properties of exemption and protection from increases in "lot area,

width, depth, frontage, yard, or coverage requirements," unless they

meet certain minimal dimensional requirements, as set forth in Section

2550.

104.    "Spot zoning" constitutes selective zoning which violates the uniformity

requirements of G.L. c. 40A, s. 4, and constitutes a denial of equal

protection under the law guaranteed by the State and Federal

Constitutions.

31

105.  As a direct and proximate consequence of defendants' violation of the limitations on its ability to adopt and enforce its zoning by-laws, plaintiff has been harmed and sustained damages, including but not limited to: loss of use of the 9 Ploughed Neck Road cottage; loss of rents and rental income from the cottage; expenses incurred through borrowing in order to pay her mortgage on her primary home, previously subsidized through the rents received from the rental of the 9 Ploughed Neck Road cottage; legal fees and costs; slander of title; deprivation of equal protection under the state and federal constitutions, in violation of the uniformity requirement of G.L. c. 40A, s.4, , and such other damages as the Court may determine.

WHEREFORE, plaintiff requests that this Court declare that the defendants' interpretation of G.L. c. 40A, s. 6 and its' zoning by-laws, and in particular, Section 2550 of the zoning by-laws, to constitute unlawful "spot zoning," in violation of the uniformity requirements of G.L. c. 40A, s. 4, denying the plaintiff of equal protection under the state and federal constitutions, and declaring the same to be unlawful, aribtrary, capricious, whimsical, and legally untenable, and further plaintiff requests that this Court declare that the plaintiff is entitled to treatment as a lawful, pre-existing, nonconforming structure and property, entitled to the protections set forth in G.L.c. 40A, s. 6(1st¶), and entitled to the building permit which she seeks, together with such other relief as the Court deems just and reasonable, including damages, as set forth in paragraph 105, interest, attorney's fees, costs, and such other amounts as this Court deems just and reasonable.

32

## JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Plaintiff,

PATRICIA PEROTTI-CYRUS,

By her attorney,

Julie C. Molloy    BBO#555176
379 Route 6A
East Sandwich MA 02537
(508) 833-3707

Dated:  December 27, 2004

# Town Of Sandwich

THE OLDEST TOWN ON CAPE COD



### BOARD of APPEALS

16 Jan Sebastian Drive
Sandwich, MA 02563
Phone: 508 833 8001
Fax: 508 833 8006
E-mail: planning@townofsandwich.net

## Appeal of the Decision of the Building Inspector
## Certificate of Action

**PROPERTY ADDRESS:  9 Ploughed Neck Road, East Sandwich**
**NAME OF APPLICANT:  Patricia Perotti-Cyrus**

On December 14, 2004 the Board of Appeals voted to uphold the decision of the
building inspector that issued a cease and desist order and denied an application for a
building permit to perform repair work on the applicant's cottage located at 9 Ploughed
Neck Road, East Sandwich, which property was damaged in a fire in the fall of 2003
property as shown on assessor's map 52, parcel 20.

The Board of Appeals certifies that the decision attached hereto is a true and correct
copy of its decision in the above referenced matter.

_____   12/14/04   _____
Signature

### TOWN CLERK
### TOWN OF SANDWICH

DEC 1 5 2004

_11_ H _40_ M _A_ M

**RECEIVED & RECORDED**

## PROCEDURAL HISTORY

1. An appeal of the decision of the building inspector for property located at 9 Ploughed Neck Road, East Sandwich was made by the above referenced applicant who is the owner.

2. After proper notice was given the public hearing was opened on October 12, 2004, continued on November 23, 2004 and December 14, 2004 and closed on December 14, 2004.

3. The application was accompanied by a copy of an Approval Not Required Plan under MGL Chapter 41, Section 81L, 81P endorsed by the Sandwich Planning Board on October 19, 1994.

4. The Board reviewed the application, the plan and all other materials submitted prior to the close of the public hearing. The Board received and gave due consideration to the testimony given at the public hearing.

5. The following members attended the public hearing:
   Robert Guerin
   Robert Jensen
   James Killion
   Matthew McDonnell
   Erik Van Buskirk

## FINDINGS

1. The applicant states that 9 Ploughed Neck Road is used as a single-family dwelling. The Board of Appeals finds that no information was submitted by the applicant to contradict determinations made by Town Counsel and the Building Inspector that the use remains cottage colony as shown by information contained in the public record for this matter.

2. The Board of Appeals finds that the Sandwich Protective Zoning By-law does not empower the Board of Appeals to grant use variances.

3. The Board of Appeals finds that the conveyance of the property to individual owners to be used as single-family dwellings created a zoning violation because the conveyance took place without complying with Section 4710.

4. the Board of Appeals finds that Town Counsel's of March 12, 2004 to the Building Inspector chronicles the history of the use and ownership of this property. Counsel specifically states: "Because these lots have subsequently come into separate ownership the entire property is in violation of the zoning by-law."

5. The Board of Appeals finds that the plan endorsed under Section 81L does not legitimize the single-family dwelling use.

6. The Board of Appeals finds that the statute of limitations in Chapter 40A, Section 7 does not apply to uses. The Board further finds that even if the statute of limitations did apply the 10 years have not yet expired.

7. The Board of Appeals finds that denial of a building permit is not an action or proceeding under Chapter 40A, Section 7.

8. The Board of Appeals finds that the information submitted by the applicant to show that the year round use of the property pre-dates the adoption of zoning in Sandwich was insufficient.

Motion:         I, James Killion, move to adopt these findings as the findings of the Board
                of Appeals.
Second:         Robert Guerin
Vote:           Robert Guerin         yes
                Robert Jensen         yes
                James Killion         yes
                Matthew McDonnell yes
                Erik Van Buskirk      yes

## DECISION

Motion:         I, James Killion, move to uphold the decision of the building inspector
                for property located at 9 Ploughed Neck Road, East Sandwich in
                consideration of the findings of the Board of Appeals as stated herein.
Second:         Robert Jensen
Vote:           Robert Guerin         abstain
                Robert Jensen         yes
                James Killion         yes
                Matthew McDonnell yes
                Erik Van Buskirk      no

# Town Of Sandwich
### THE OLDEST TOWN ON CAPE COD



**BOARD of APPEALS**

16 Jan Sebastian Drive
Sandwich, MA 02563
Phone: 508 833 8001
Fax: 508 833 8006
E-mail: planning@townofsandwich.net

## VARIANCE DECISION

**PROPERTY ADDRESS:**   9 Ploughed Neck Road, East Sandwich
**NAME OF APPLICANT:**   Patricia Perotti-Cyrus

On December 14, 2004 the Board of Appeals voted to deny a variance for property located at 9 Ploughed Neck Road, East Sandwich as shown on assessor's map 52, parcel 20.

The Board of Appeals certifies that the decision attached hereto is a true and correct copy of its decision to deny a variance and that copies of said decision, and of all plans referred to in the decision, have been filed with the Planning Board and the Town Clerk.

Any person aggrieved by this decision may appeal to the Superior Court or Land Court as in Section 17 of Chapter 40A, M.G.L. by filing a NOTICE OF ACTION AND COMPLAINT with the Town Clerk within twenty (20) days of the date of filing of this decision.

_____                    12/14/04
**Signature**

**TOWN CLERK**
**TOWN OF SANDWICH**

DEC 1 5 2004

__//_ H _Y0_ M _R_ M__
**RECEIVED & RECORDED**

## PROCEDURAL HISTORY

1. Application for a variance to authorize the use of the property as a single-family residential use with house and usual accessory structures as permitted under zoning by-laws for such use for property located at 9 Ploughed Neck Road, East Sandwich was made by the above referenced applicant who is the owner.
2. After proper notice was given the public hearing was opened on October 12, 2004 continued on November 23, 2004 and December 14, 2004 and closed on December 14, 2004.
3. The application was accompanied by a copy of an Approval Not Required Plan under MGL Chapter 41, Section 81L, 81Pendorsed by the Sandwich Planning Board on October 19, 1994.
4. The Board reviewed the application, the plan and all other materials submitted prior to the close of the public hearing. The Board received and gave due consideration to the testimony given at the public hearing.
5. The following members attended the public hearing:
   Robert Guerin
   Robert Jensen
   Jim Killion
   Fred Watt
   Matthew Mc Donnell
   Erik Van Buskirk

## FINDINGS

1. The applicant states that 9 Ploughed Neck Road is used as a single-family dwelling. The Board of Appeals finds that no information was submitted by the applicant to contradict determinations made by Town Counsel and the Building Inspector that the use remains cottage colony as shown by information contained in the public record for this matter.
2. The Board of Appeals finds that the Sandwich Protective Zoning By-law does not empower the Board of Appeals to grant use variances.
3. The Board of Appeals finds that the conveyance of the property to individual owners to be used as single-family dwellings created a zoning violation because the conveyance took place without complying with Section 4710.
4. The Board of Appeals does not find that a literal enforcement of the provisions of this bylaw would involve a substantial hardship, financial or otherwise, to the petitioner or appellant.
5. The Board of Appeals does not find that the hardship is owing to circumstances relating to the soil conditions, shape, or topography of such land or structures but not affecting generally the zoning district in which it is located.
6. The Board of Appeals does not find that desirable relief may be granted without either;
   1. Substantial detriment to the public good; or
   2. Nullifying or substantially derogating from the intent or purpose of this by-law.

Motion:     I, James Killion, move to adopt these findings as the findings of the Board of Appeals.

Second:     Robert Guerin



Vote:

|                    |     |
|--------------------|-----|
| Robert Guerin      | yes |
| Robert Jensen      | yes |
| James Killion      | yes |
| Matthew Mc Donnell | yes |
| Erik Van Buskirk   | yes |

## **DECISION**

| | |
|---|---|
| Motion: | I, James Killion, move to deny the variance in consideration of the findings of the Board of Appeals. |
| Seconded: | Robert Guerin |
| Vote: | Robert Guerin          yes |
| | Robert Jensen          yes |
| | James Killion          yes |
| | Matthew Mc Donnell yes |
| | Erik Van Buskirk       yes |



# Commonwealth of Massachusetts

BARNSTABLE, ss.                                              SUPERIOR COURT
                                                             No. 04 - 767

Patricia Perotti-Cyrus, Plaintiff

```
┌─────────────────────────────────┐
│       SUPERIOR COURT            │
│       BARNSTABLE SS             │
│                                 │
│  FILED   JAN 0 4 2005           │
│                                 │
│         Scott W. Nickerson  Clerk│
└─────────────────────────────────┘
```

VS.

Donna Boardman, Building Inspector, Building
Department, Town of Sandwich, 16 Jan Sebastian Drive,
Sandwich, MA 02563

## SUMMONS

To the above-named defendant   :

    You are hereby summoned and required to serve upon ........ Julie C. Molloy, Esq. ......................

.................................................................................................. plaintiff's attorney, whose address is

379 Route 6A, East Sandwich MA 02537 ........................, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    **Witness,**      **BARBARA J. ROUSE**    **Esquire,** at Barnstable, the ........28th..................................................

day of .......December.........................., in the year of our Lord two thousand and .....Four.....................

_Scott W. Nickerson_   Clerk

**NOTE:**  When more than one defendant is involved, the names of all defendants shall appear in the caption. If a
      separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

    You need not appear personally in court to answer the complaint but if you claim to have a defense,
    either you or your attorney must serve a copy of your written answer within 20 days as specified
    herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................................, 20............, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d). (1-5):

**Barnstable County Sheriff's Office**

    I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, Sandwich Building Inspector, Donna Boardman, at the last and usual business address to wit: 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $46.40

Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA 02672

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT   TORT
MOTOR VEHICLE TORT        EQUITABLE RELIEF               OTHER)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 04 - 767

Patricia Perotti-Cyrus, Plaintiff

SUPERIOR COURT
BARNSTABLE SS

FILED   JAN 04 2005

_Scott W. Nickerson_ Clerk

VS.

Robert Jensen, Chairman of the Board of Appeals for the Town of Sandwich, Robert Guerin, James Killion, Matthew McDonell, Erik Van Buskirk, William Dawes, and Michael Lesperance, as they are Members of the Board of Appeals, Town of Sandwich, at their usual place of business, the Office of Planning & Development, 16 Jan Sebastian Drive,  **SUMMONS**  Sandwich, MA 02563

To the above-named defendant :

You are hereby summoned and required to serve upon ...... Julie C. Molloy, Esq. ......

........................................................................................ plaintiff's attorney, whose address is

379 Route 6A, East Sandwich, MA 02537 ......................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,**   BARBARA J. ROUSE   **Esquire,** at Barnstable, the ...... 28th ......

day of ...... December ......, in the year of our Lord two thousand and ...... four ......

_Scott W. Nickerson_ Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, Robert Jensen (chairman), at the last and usual business address to wit: Sandwich Board of Appeals, 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $46.40

*Jon M. Hunt*
Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA  02672



**Barnstable County Sheriff's Office**

I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, Robert Guerin, at the last and usual business address to wit: Sandwich Board of Appeals, 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $15.00

*Jon M. Hunt*
Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA  02672



**Barnstable County Sheriff's Office**

I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, James Killion, at the last and usual business address to wit: Sandwich Board of Appeals, 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $15.00

*Jon M. Hunt*
Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA  02672

**Barnstable County Sheriff's Office**

I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, Matthew McDonnell, at the last and usual business address to wit: Sandwich Board of Appeals, 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $15.00

*Jon M. Hunt*
Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA  02672

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX **ON THE ORIGINAL** **AND** **ON COPY** **SERVED ON DEFENDANT.**

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
No. 04-767

Patricia Perotti-Cyrus, Plaintiff

> SUPERIOR COURT
> BARNSTABLE SS
> FILED JAN - 4 2005
> _Scott W. Nickerson_ Clerk

VS.

Town of Sandwich, Barbara Walling, Town Clerk, Town Clerk's Office, Town Hall Annex, 145 Main Street, Sandwich, MA 02563

## SUMMONS

To the above-named defendant :

You are hereby summoned and required to serve upon ...... Julie C. Molloy, Esq. ......

........................................................ plaintiff's attorney, whose address is

379 Route 6A, East Sandwich MA 02537 ..................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,** **BARBARA J. ROUSE** **Esquire,** at Barnstable, the .......... 28th ..................

day of .......... December .................., in the year of our Lord two thousand and .... four ...................

_Scott W. Nickerson_ Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

## NOTICE TO DEFENDANT

You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

**Barnstable County Sheriff's Office**

I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, Erik Van Buskirk , at the last and usual business address to wit: Sandwich Board of Appeals, 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $15.00

_____
Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA  02672

**Barnstable County Sheriff's Office**

I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, William Dawes, at the last and usual business address to wit: Sandwich Board of Appeals, 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $15.00

_____
Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA  02672

**Barnstable County Sheriff's Office**

I hereby certify and return that on **December 29, 2004, 2004 at 1:45 PM** I served a true and attested copy of Summons, Complaint & Civil Action Cover Sheet, in hand to Maureen Carty, agent able to accept civil process for the within named Defendant, Michael Lesperance, at the last and usual business address to wit: Sandwich Board of Appeals, 16 Jan Sebastian Drive, Sandwich, MA 02563.

Fee:        $15.00

_____
Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannisport, MA  02672