UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05 – 10116-DPW

Patricia Perotti-Cyrus,                    )
                    Plaintiff              )
                                           )
                                           )
vs.                                        )
                                           )
                                           )
Robert Jenson, Chairman of the ,           )
Board of Appeals for the Town of           )
Sandwich, et al.,                          )
                    Defendants             )

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendants, Robert Jenson, Chairman of the Board of Appeals of the Town of

Sandwich, Robert Guerin, James Killion, Mathew McDonnell, Eric Van Buskirk, William

Dawes and Michael Lesperance, as they are members of the Board of Appeals, Donna

Boardman, Building Inspector and Zoning Enforcement Officer of the Town of Sandwich

and the Town of Sandwich, (collectively, the "Town") hereby respond to the Plaintiff's

Complaint paragraph by paragraph as follows.

I.     INTRODUCTION

The Plaintiff's lengthy "Introduction" to the Complaint does not require a response.

To the extent that a response is required, the allegations and legal argument contained in

the "Introduction" are denied.

COMPLAINT

Parties

1.     The Town is without knowledge or information sufficient to either admit or

       deny the allegations contained in Paragraph 1 of the Complaint.

2.    The Town states that the recorded documents referenced in Paragraph 2 of the Complaint speak for themselves, and denies each and every other allegation contained in Paragraph 2 of the Complaint.

3.    Admitted.

4.    Admitted.

5.    Admitted.

## FACTUAL BACKGROUND

6.    The Town repeats and reasserts its responses set forth above, incorporating the same herein by reference.

7.    Admitted only that the Planning Board endorsed a plan on October 19, 1994, showing the division of one lot containing existing seasonal cottages which had existed prior to the effective date of the Subdivision Control Law in the Town. The Town states that the referenced 1994 ANR Plan speaks for itself, and denies each and every other allegation of fact contained in Paragraph 7 of the Complaint. In further answering, the Town states that, to the extent Paragraph 7 alleges conclusions of law relative to the provisions of G.L. c. 41 §§ 81L and 81P, such allegations require no response.

8.    Admitted.

9.    Admitted only that the Town of Sandwich adopted the Subdivision Control Law. Denied that the Town adopted said law on August 20, 1954.

10.   To the extent the word "zoning" is intended to refer to the Protective Zoning By-laws of the Town of Sandwich, the Town admits only that the first such By-laws were enacted by the Town on May 9, 1960.

11.   Admitted.

12.    The allegation set forth in Paragraph 12 calls for a conclusion of law for which no response is required. To the extent a response is required the allegations in this paragraph are denied.

13.    The Town states that the referenced statutory provision speaks for itself, and denies each and every other allegation contained in paragraph 13 of the Complaint.

14.    The allegation set forth in Paragraph 14 calls for a conclusion of law for which no response is required. To the extent a response is required the allegations in this paragraph are denied.

15.    To the extent that the allegation set forth in Paragraph 15 calls for a conclusion of law, no response is required. To the extent that the allegation set forth in Paragraph 15 is intended as a statement of fact, the Town states that such allegation is too vague to enable the Town to either admit or deny such allegation.

16.    The Town states that the statutory provision referenced in Paragraph 16 speaks for itself, and denies each and every other allegation contained in Paragraph 16 of the Complaint.

17.    The Towns states that the statutory provision referenced in Paragraph 17 speaks for itself, and denies each and every other allegation contained in Paragraph 17 of the Complaint.

18.    Admitted only that the Property is presently located in the R-2 zoning district in Sandwich, and has been located in the R-2 zoning district since prior to 1994. In further answering, the Town states that the Sandwich Protective Zoning By-laws speak for themselves regarding the uses

permissible by right in the R-2 zoning district, and denies each and every other allegation contained in Paragraph 18 of the Complaint.

19.   The Town states that the Sandwich Protective Zoning By-laws speak for themselves, and denies each and every other allegation contained in Paragraph 19 of the Complaint.

20.   The Town states that the Sandwich Protective Zoning By-laws speak for themselves, and denies each and every other allegation contained in Paragraph 20 of the Complaint.

21.   The Town states that the Sandwich Protective Zoning By-laws speak for themselves, and denies each and every other allegation contained in Paragraph 21 of the Complaint.

22.   The Town states that the Sandwich Protective Zoning By-laws speak for themselves, and denies each and every other allegation contained in Paragraph 22 of the Complaint.

23.   The Town states that the Sandwich Protective Zoning By-laws speak for themselves, and denies each and every other allegation contained in Paragraph 23 of the Complaint.

24.   The Town states that the Sandwich Protective Zoning By-laws speak for themselves, and denies each and every other allegation contained in Paragraph 24 of the Complaint.

25.   To the extent that Paragraph 25 of the Complaint asserts conclusions of law, no response is required. To the extent that Paragraph 25 alleges allegations of fact, the Town states that the Sandwich Protective Zoning by-laws and

G.L. c. 40A §6 speak for themselves, and denies each and every other

allegation contained in Paragraph 25 of the Complaint.

26.     The Town states that the Sandwich Protective Zoning By-laws speak for

themselves, and denies each and every other allegation contained in

Paragraph 26 of the Complaint.

27.     Denied.

28.     The Town admits only that it has never filed an action for judicial

enforcement regarding the use violations referenced in Paragraph 28 of the

Complaint and otherwise denies the allegations set forth in said paragraph.

29.     The Town states that the records of the Barnstable Registry of Deeds and the

referenced Master Deed speak for themselves.  The Town is without

knowledge or information sufficient to either admit or deny the remaining

allegations contained in Paragraph 29 of the Complaint.

30.     Admitted.

31.     The Town states that the referenced statute and recorded document speaks

for themselves, and denies each and every other allegation contained in

Paragraph 31 of the Complaint.

32.     The Town states that the referenced deed speaks for itself, and denies each

and every other allegation contained in Paragraph 32 of the Complaint.

33.     The Town states that the referenced deed speaks for itself and that this

paragraphs contains conclusions as to matters of law not requiring a

response.  The Town denies each and every other allegation contained in

Paragraph 33 of the Complaint.

34.    The Town is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 33 of the Complaint.

35.    Paragraph 35 asserts conclusions of law to which no response is required. To the extent a response is required the allegations in this paragraph are denied.

36.    Paragraph 36 asserts conclusions of law to which no response is required. Further answering, the Town states that G.L. c. 249 §4 speaks for itself, and denies each and every other allegation contained in Paragraph 36 of the Complaint.

37.    Admitted only that neither the Town nor any of its officers has challenged the Planning Board endorsement of the 1994 ANR Plan pursuant to G.L. c. 249 §4 and that the Town has no record of any such challenge by others. In further answering, the Town states that it is without information or knowledge sufficient to either admit or deny the allegations in Paragraph 37 of the Complaint as to the actions of any other entities or persons.

38.    Admitted.

39.    Denied.

40.    Admitted only that the Plaintiff unlawfully commenced repairs on the Cottage in 2004 without first receiving a building permit and that the Building Inspector issued a Cease and Desist Order. In further answering, the Town states that it is without information or knowledge sufficient to either admit or deny the remaining allegations in Paragraph 40 of the Complaint.

41.  Admitted only that the Plaintiff sought to obtain a building permit in July 2004 and was denied same by the Building Inspector on July 23, 2004. In further answering, the Town states that the Building Inspector's letter, dated July 23, 2004, speaks for itself as to the stated basis of the denial, and denies each and every other allegation contained in Paragraph 41 of the Complaint.

42.  Admitted only that Plaintiff filed an appeal of the July 2004 denial of the building permit application on August 18, 2004, and filed applications for variance and special permit relief on or about the same date. In further answering, the Town states that the allegations in Paragraph 42 concerning the timeliness of the appeal is a conclusion of law for which no response is required.

43.  Admitted only that the Defendant Board of Appeals held public hearings on the three zoning petitions referenced in Paragraph 42 of the Complaint on October 12, 2004, November 23, 2004 and December 14, 2004, and closed the hearings on December 14, 2004. Denied as to each and every other allegation contained in Paragraph 43 of the Complaint.

44.  The Defendants admit that the Plaintiff presented certain documents to the Board of Appeals during its hearing sessions and state that said documents speak for themselves. The allegations in this paragraph are otherwise denied.

45.  The allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response. To the extent a response is required the allegations in this paragraph are denied.

46.  Denied.

47.    Denied.

48.    Denied.

49.    Admitted only that the Defendant Board denied both the Plaintiff's appeal of
the Building Inspector's action denying a building permit and Plaintiff's
application for variance relief.  In further answering, the Town states that the
decisions of the Board speak for themselves as to the reason for denial, and
denies each and every other allegation contained in Paragraph 49 of the
Complaint.

50.    Denied.

51.    The Town states that the July 23, 2004 decision of the Board denying
Plaintiff's appeal of the decision of the Building Inspector denying Plaintiff's
application for a building permit speaks for itself, and denies each and every
other allegation contained in Paragraph 51 of the Complaint.

52.    The Town states that the decision of the Board denying Plaintiff's petition for
variance relief speaks for itself, and denies each and every allegation
contained in Paragraph 52 of the Complaint.

53.    The Town states that the decision of the Board denying the Plaintiff's
application for a special permit speaks for itself, and denies each and every
other allegation contained in paragraph 53 of the Complaint.

## COUNT I
### Declaratory Judgment pursuant to G.L. c. 231A, § 1 et. Seq. That Town's Interpretation of G.L. c. 40A, § 6 and Town by-laws is in Violation of Home Rule Procedures Act, G.L. c. 43B, § 13

54.    The Town repeats and reasserts its answers to Paragraph 1 though 53 of the
Complaint as fully set forth herein.

55. The Town states that G.L. c. 43B, § 13 speaks for itself and denies that this paragraph fully and accurately reflects the text of said statute.

56. The Town denies the allegations contained in paragraph 56 of the Plaintiff's Complaint.

57. The Town denies the allegations contained in paragraph 57 of the Plaintiff's Complaint.

58. The Town denies the allegations contained in paragraph 58 of the Plaintiff's Complaint.

59. The Town denies the allegations contained in paragraph 59 of the Plaintiff's Complaint.

60. The Town denies the allegations contained in paragraph 60 of the Plaintiff's Complaint.

61. The Town denies the allegations contained in paragraph 61 of the Plaintiff's Complaint.

62. The Town denies the allegations contained in paragraph 62 of the Plaintiff's Complaint.

63. The Town denies the allegations contained in paragraph 63 of the Plaintiff's Complaint.

64. The Town denies the allegations contained in paragraph 64 of the Plaintiff's Complaint.

65. The Town denies the allegations contained in paragraph 65 of the Plaintiff's Complaint.

66. The Town denies the allegations contained in paragraph 66 of the Plaintiff's Complaint.

67.    The Town denies the allegations contained in paragraph 67 of the Plaintiff's Complaint.

68.    The Town denies the allegations contained in paragraph 68 of the Plaintiff's Complaint.

COUNT II<br>Denial of Appeal of Building Inspector's Denial of Building Permit

69.    The Town repeats its responses to Paragraph 1 through 68 of the Complaint as if fully set forth herein.

70.    The allegations set forth in Paragraph 70 of the Plaintiff's Complaint comprise contentions as to matters of law, which require no response. To the extent that a response is required, the allegations are denied.

71.    The allegations contained in paragraph 71 of the Plaintiff's Complaint are denied.

72.    The allegations set forth in Paragraph 72 of the Plaintiff's Complaint comprise contentions as to matters of law, which require no response. To the extent that a response is required, the allegations are denied.

73.    The allegations contained in paragraph 73 of the Plaintiff's Complaint are denied.

74.    The allegations contained in paragraph 74 of the Plaintiff's Complaint are denied.

75.    The Town states that it lacks sufficient information or knowledge to either admit or deny the factual allegations contained in paragraph 75 of the Complaint with respect to Plaintiff's cottage having been equipped with a heating system. The Town denies the remaining allegations contained in paragraph 75 of the Plaintiff's Complaint.

76.    The Town denies the allegations contained in paragraph 76 of the Plaintiff's Complaint.

77.    The Town denies the allegations contained in paragraph 77 of the Plaintiff's Complaint.

78.    The Town denies the allegations contained in paragraph 78 of the Plaintiff's Complaint.

79.    The allegations set forth in paragraph 79 comprise contentions as to matters of law, which require no response. To the extent that a response is required, the allegations are denied.

80.    The Town states that G.L. c. 40A, § 7 speaks for itself. The Town denies the remaining allegations contained in paragraph 80 of the Plaintiff's Complaint.

81.    The Town denies the allegations contained in paragraph 81 of the Plaintiff's Complaint.

82.    The allegations contained in paragraph 82 of the Complaint contain contentions as to matters of law which require no response. To the extent that a response is required, the allegations are denied.

83.    The allegations contained in paragraph 83 of the Plaintiff's Complaint are denied.

84.    The allegations contained in paragraph 84 of the Plaintiff's Complaint are denied.

COUNT III<br>Denial of Special Permit

85.    The Town repeats its responses to Paragraph 1 through 84 of the Complaint as if fully set forth herein.

86.     The Town denies the allegations contained in paragraph 86 of the Plaintiff's Complaint.

87.     The Town denies the allegations contained in paragraph 87 of the Plaintiff's Complaint.

88.     The Town states that the By-law referenced in paragraph 88 of the Complaint speaks for itself. The Town denies the remaining allegations contained in paragraph 88 of the Complaint.

89.     The Town states that the Board's decision referenced in paragraph 89 of the Complaint speaks for itself. The Town denies the remaining allegations contained in paragraph 89 of the Complaint.

90.     The Town states that the Board's decision referenced in paragraph 90 of the Complaint speaks for itself. The Town denies the remaining allegations contained in paragraph 90 of the Complaint.

91.     The Town denies the allegations contained in paragraph 91 of the Plaintiff's Complaint.

92.     The Town denies the allegations contained in paragraph 92 of the Plaintiff's Complaint.

93.     The Town denies the allegations contained in paragraph 93 of the Plaintiff's Complaint.

94.     The Town states that the Board's decision referenced in paragraph 94 of the Complaint speaks for itself. The Town denies the remaining allegations contained in paragraph 94 of the Complaint.

95.     The Town denies the allegations contained in paragraph 95 of the Complaint.

96.  The Town denies the allegations contained in paragraph 96 of the
Complaint.

### COUNT IV
### Denial of Variance

97.  The Town repeats and incorporates by reference its responses to paragraphs
1 though 96 of the Complaint as if fully set forth herein.

98.  The Town denies the allegations contained in paragraph 98 of the Plaintiff's
Complaint.

99.  The Town states that it is without information or knowledge sufficient to
either admit or deny the allegations in paragraph 99 of the Plaintiff's
Complaint as to what the Plaintiff "maintains' or "asserts". The Town
denies the remaining allegations contained in paragraph 99 of the Plaintiff's
Complaint.

100.  The allegations set forth in paragraph 100 comprise contentions as to matters
of law, which require no response. To the extent that a response is required,
the allegations are denied.

101.  The allegations contained in paragraph 101 of the Plaintiff's Complaint are
denied.

102.  The allegations contained in paragraph 102 of the Plaintiff's Complaint are
denied.

103.  The Allegations contained in paragraph 103 of the Plaintiff's Complaint are
denied.

104.    The allegations contained in paragraph 104 comprise contentions as to matters of law, which require no response. To the extent that a response is required, the allegations are denied.

105.    The allegations contained in paragraph 105 comprise contentions as to matters of law, which require no response. To the extent that a response is required, the allegations are denied.

106.    The Town states that the 1994 ANR Plan referenced in paragraph 106 speaks for itself. The Town denies the remaining allegations contained in paragraph 106 of the Complaint.

107.    The allegations contained in paragraph 107 comprise contentions as to matters of law, which require no response. To the extent that a response is required, the allegations are denied.

108.    The Town is without sufficient knowledge to either admit or deny the allegations set forth in paragraph 108 of the Plaintiff's Complaint which allegations are therefore denied.

109.    The town states that the allegations set forth in Paragraph 109, particularly the use of the undefined terms are unduly vague and are not amenable to a meaningful response. To the extent a response is required, said allegations are denied.

110.    The Town denies the allegations contained in paragraph 110 of the Plaintiff's Complaint.

111.    The Town denies the allegations contained in paragraph 111 of the Plaintiff's Complaint.

112.    The Town denies the Allegations contained in paragraph 112 of the Plaintiff's Complaint.

113.    To the extent that the allegations contained in paragraph 113 of the Complaint comprise contentions as to matters of law, no response is required. To the extent that a response is required the allegations are denied.

114.    The Town denies the allegations contained in paragraph 114 of the Plaintiff's Complaint.

COUNT V

Defendants' Interpretation of G.L. c. 40A, § 6, and their Zoning By-Laws, and Section 2550 of the Zoning By-laws, Constitute Unlawful Spot Zoning

115.    The Town repeats and incorporates by reference its responses to Paragraphs 1 though 114 of the Complaint as if fully set forth herein.

116.    The Town denies the allegations contained in paragraph 116 of the Plaintiff's Complaint.

117.    The Town denies the allegations contained in paragraph 117 of the Plaintiff's Complaint.

118.    The allegations contained in paragraph 118 comprise contentions as to matters of law, which require no response. To the extent that a response is required, the allegations are denied.

119.    The Town denies the allegations contained in paragraph 119 of the Plaintiff's Complaint.

AFFIRMATIVE DEFENSES

First Affirmative Defense

The Defendants have acted at all times relevant hereto in good faith and within their respective statutory authorities.

15

### Second Affirmative Defense

The Complaint should be dismissed for failure to state a claim upon which the requested relief may be granted.

### Third Affirmative Defense

The Town is immune from liability for intentional torts pursuant to G.L. c. 258(c), and, to the extent the plaintiff purports to assert a claim for negligence, such claim is barred for failure to comply with the presentment procedures set forth in G.L. c. 258, §4, and because such claim would be barred pursuant to G.L. c. 258 §10(e) and (f). Moreover, any claim for recovery would be capped, pursuant to G.L. c. 258, §2, and otherwise limited pursuant to the provisions of G.L. c. 258. Further, the plaintiff has failed to allege special damages or to plead the necessary elements of a claim for slander of title.

### Fourth Affirmative Defense

The plaintiff has failed to state a cognizable equal protection claim, for failure to identify disparate treatment from others similarly situated or to allege that any such claimed disparate treatment was wholly arbitrary and unrelated to any legitimate government purpose.

### Fifth Affirmative Defense

The plaintiff has failed to plead a cognizable claim for so-called "spot zoning".

### Sixth Affirmative Defense

Any hardship suffered by the plaintiff is self-imposed and does not qualify for a variance under G.L. c. 40A, §10.

### Seventh Affirmative Defense

The defendant Board of Appeals is without authority under G.L. c. 40A, §10, and the Town of Sandwich Protective Zoning By-laws to grant plaintiff a use variance.

16

### Eighth Affirmative Defense

The Complaint does not contain a claim of bad faith and therefore does not state a viable demand for costs pursuant to G.L. c. 40A, §17.

### Ninth Affirmative Defense

The Plaintiff's previous or proposed use of the subject property does not comprise a pre-existing, lawfully conforming use and is therefore not entitled to any zoning protections pursuant to G.L. c. 40A, §6.

### Tenth Affirmative Defense

The Plaintiff's claims are precluded pursuant to the doctrine of laches and/or equitable estoppel.

### Eleventh Affirmative Defense

The Plaintiff has failed to state any viable claim for violation of G.L. c. 43B, §13, and would, moreover, lack any standing to assert such a claim.

### Twelfth Affirmative Defense

The Complaint should be dismissed for failure to name necessary parties.

### Thirteenth Affirmative Defense

The Complaint should be dismissed for insufficient/improper service of process.

### Fourteenth Affirmative Defense

The Plaintiff's Complaint is wholly insubstantial, frivolous and not advanced in good faith, and the Town is entitled to an award of its attorneys' fees and costs.

WHEREFORE, the Defendants respectfully request that the Complaint be dismissed, and that they be awarded their reasonable costs and attorneys' fees.

## JURY DEMAND

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully submitted,
The Defendants,
By their attorneys,


/s/ Deborah I. Ecker
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

DATED: April 1, 2005