UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA PEROTTI-CYRUS,
    Plaintiff,                               CIVIL ACTION
                                           NO. 05-10116-DPW

    v.

ROBERT JENSON, Chairman
Of The Board Of Appeals For
The Town Of Sandwich, Et Al.,
    Defendants.

PLAINTIFF'S DISCLOSURE IN ACCORDANCE
WITH FED.R.CIV.PROC. RULE 26

The plaintiff provides the following information pursuant to initial disclosure provisions of Local rule 26.2 and Fed.R.Civ.Proc. Rule 26(a).

### 26(a)(1)(A) Individuals likely to have discoverable information relevant to the case:

1. Patricia Perotti-Cyrus, plaintiff.

2. Robert Jensen, Robert Guerin, James Killion, Matthew McDonnell, Erik Van Buskirk, William Dawes, and Michael Lesperance, as they are members of the Board of Appeals, defendants, with knowledge of the proceedings before them in connection with plaintiff's three (3) applications to them, all materials submitted in connection with the same, their deliberations, bases for the same and their decisions.

3. Donna Boardman, Building Inspector of Town of Sandwich, Defendant. Ms. Boardman has knowledge of the property, and the bases for her denial of plaintiff's application for a building permit.

4. Judith Cutler, Esq., Kopelman & Paige, P.C., 31 St. James Avenue, Boston MA; Town Counsel for the Town of Sandwich, who attended the hearings on plaintiff's three applications to the Board of Appeals.

5. JoAnne Miller-Buntich, current Director of Planning & Development for the Town of Sandwich, and the chair of the Planning Board who endorsed the 1994 ANR plan regarding the subject property.

6. Deborah Garner, Trustee of the Route 6A Building Trust, owner of property located at 133 Route 6A, Sandwich MA, divided via an ANR plan, with 2 or more structures pre-dating subdivision control's adoption by the Town of Sandwich, and resulting lot owned by Route 6A Building Trust did not meet dimensional requirements in effect as of date of endorsement or recording of ANR plan; to testify that the Town of Sandwich has never informed her that her business or property is unlawful.

7. Christopher G. Wilson, 8 Jarves Street, Sandwich MA, owner of this same property, which was divided via an ANR plan, because 2 of more buildings existed which predated subdivision control's adoption by the Town of Sandwich. Mr. Wilson will testify that despite the fact that 8 Jarves Street did not meet dimensional zoning requirements in effect at the time of endorsement of the ANR plan creating his lot, he has obtained several special permits from the Board of Appeals, and building permits, without any allegation as to the "illegality" of his property.

8. Thomas Hannigan, laborer who can testify as to the age of the heating system in the plaintiff's cottages and the other cottages at Ploughed Neck Road.

9. Elizabeth W. Sprague, Donna Fleet-Macguire, Helen Ann Thompkins; has personal knowledge of use of cottages on a year-round basis.

10. Mr. Thomas Garrahan, 15 Fox Run, East Sandwich MA 02537; certified real estate appraiser, who will testify as an expert as to the diminution of value of the property in its current state, versus it's pre-fire value, and the fair market value of the property if it were repaired currently.

### 26(a)(1)(B) Description by category and location of all documents that are relevant to facts in this matter:

1. The ANR Plan at issue is recorded with the Barnstable County Registry of Deeds in October 1994, at Plan Book 506, Page 85, and a copy of this ANR plan is on file with the Town's Office of Planning & Development, 16 Jan Sebastian Drive, Sandwich MA.

2. An ANR plan endorsed by the Town of Sandwich Planning Board in 1993, and was then recorded with the Barnstable Registry of Deeds at Plan Book 495, Page 6, and a copy of this ANR plan is on file with the Town's Office of Planning & Development, 16 Jan Sebastian Drive, Sandwich MA. The 1993 ANR plan created two lots, one with church on it (Lot A), containing with 37,965 square feet of lot area and 157 feet of frontage, and the second (Lot B), with dwelling on it, containing

15,429 square feet of lot area and 100 feet of frontage. Lot B on the 1993 ANR plan violated dimensional zoning in effect in June 1993, because it did not have 20,000 square feet of lot area and 125 feet of frontage. The Town has never commenced a zoning enforcement action against the properties depicted in the 1993 ANR plan, for either a use or a structural violation, and instead has granted numerous special and building permits for the property, which are available for public inspection at the Town Building Department and the Office of Planning & Development.

3. In August 1962, the Sandwich Planning Board endorsed an ANR plan ["1962 ANR plan"] for properties located at 133 and 135 Route 6A, Sandwich, dividing the larger lot into two resulting lots, Lot A with a house, and Lot B, containing a gasoline filling station, each containing their own structures, because the structures on the property pre-dated the adoption of Subdivision Control in Sandwich. This 1962 ANR plan is recorded with the Barnstable Registry of Deeds at Plan Book 176, Page 67, and a copy is on file in the Town's Office of Planning & Development. The property depicted in the 1962 ANR plan was located in the BL-1 zoning district in August 1962, which required of 10,000 square feet of lot area, and 100 feet of frontage in the BL-1 district. The property depicted as Lot A on the 1962 ANR plan violated dimensional zoning in effect in August 1962, because it did not contain 10,000 square feet of lot area and did not have frontage on any street of 100 feet. The Town has never commenced a zoning enforcement action against the properties depicted in the 1993 ANR plan, for either a use or a structural violation, and instead has granted numerous special and building permits for the property, which are available for public inspection at the Town Building Department and the Office of Planning & Development.

4. Deeds evidencing ownership of the property, from October 1994, through the present, public records recorded at the Barnstable Registry of Deeds.

5. Sandwich Fire Department report regarding October 2003 fire at plaintiff's cottage, maintained by the Sandwich Fire Department.

6. Plaintiff's application for a building permit, and documents evidencing denial of the same, available as public records at the Town of Sandwich Building Department.

7. Plaintiff's applications: (a) appealing the decision of the Building Inspector denying her application for building permit; (b) for special permit; and (c) for variance; all on file as public records at the Town of Sandwich Office of Planning & Development.

8. Board of Appeals' decisions denying: (a) plaintiff's appeal of decision of the Building Inspector denying her application for building permit; (b) application for special permit; and (c) application for variance; all on file as public records at the Town of Sandwich Office of Planning & Development.

9. Letters submitted by Elizabeth Sprague, Donna Fleet-Macguire and Helen Ann Tompkins to the Board of Appeals in 1995, which are on file with the Board of Appeals for the Town of Sandwich in the Office of Planning & Development as public records.

10. October 5, 2004, letter from Thomas Hannigan submitted to the Board of Appeals by plaintiff, now part of the public record.

11. Minutes of meetings of public hearings held by the defendant Board of Appeals on plaintiff's three applications for relief.

### 26(a)(1)(C) Computation of any category of damages claimed by plaintiff:

1. Loss of rent generated by the cottage from October 2003 through the present, at a rate of $600 per month, totaling 16 months thus far, or $9,600, to date and continuing as the cottage is uninhabitable until such time as repairs, which require a building permit, are completed.

2. Diminution of value of the property, to be determined by Thomas Garrahan.

3. Property taxes paid on the property by the plaintiff as a developed lot when in fact it is uninhabitable.

4. Violation of plaintiff's constitutional rights to equal protection under the law.

5. Costs and expenses incurred by plaintiff in order to pay mortgage on her primary home, which had been subsidized through the rental of the cottage.

6. Slander of title of plaintiff's property, rendering it unmarketable, by calling it "unlawful."

### 26(a)(1)(D) Insurance

Not applicable.

        Plaintiff,

        PATRICIA PEROTTI-CYRUS,

        By her attorney,

        ___/s/  Julie C. Molloy_____
        Julie C. Molloy        BBO#555176
        379 Route 6A
        East Sandwich MA 02537
        (508) 833-3707

Dated:  April 4, 2005

### CERTIFICATE OF SERVICE

    I, Julie C. Molloy, Esq., hereby certify that a copy of the foregoing was served via U.S. Mail, first class, postage pre-paid, on April 5, 2005, upon the defendants, as follows:

Leonard H. Kesten, Esq.
Deborah Ecker, Esq.
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza, 12th floor
Boston MA 02116

        _____