UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05 – 10116-DPW

Patricia Perotti-Cyrus, )
      Plaintiff )
)
)
vs. )
)
)
Robert Jenson, Chairman of the , )
Board of Appeals for the Town of )
Sandwich, et al., )
      Defendants )

## DEFENDANTS' MOTION TO SEVER AND STAY COUNTS AND REMAND COUNTS

Now come the Defendants to the above-captioned action and hereby move that this Honorable Court sever and stay Plaintiff's damages claims (Counts V and VI) and remand Plaintiff's state law certiorari appeal (Counts I through IV) for adjudication by the state court. As grounds therefore, the Defendants state that such action is in the interests of judicial economy. As further grounds, the Defendants rely on the within Memorandum of Reasons.

## MEMORANDUM OF REASONS

1.    In this action, the Plaintiff challenges the Zoning Board of Appeal's decision to uphold the Building Inspector's denial of her application for a building permit, the Board's denial of her Application for a Variance and the Board's denial of her Application for a Special Permit pursuant to the Zoning Act, Massachusetts General Laws Chapter 40A, §6 and the Town of Sandwich Zoning Bylaws.

2. Counts I through IV of the Complaint, seek review of the Board of Appeals' decisions challenging the Board's interpretation of the Zoning Act and the Town's Zoning By-laws.

3. The crux of the Plaintiff's claims is her belief that the structure and lot on the property in question are "lawfully in existence" within the meaning of G.L. c. 40A, § 6. The Plaintiff seeks to challenge the Board of Appeal's interpretation of G.L. c. 40A, § 6 and Sections 4710 and 2550 of the Zoning By-laws.

4. Counts V and VI of the Complaint seek damages pursuant to the United States Constitution and the Massachusetts Tort Claims Act.

5. All of the Plaintiff's civil rights claims, as well as Plaintiff's tort claim, derive from the Defendant Zoning Board of Appeals' denial of her applications for a special permit and variance as well as the Board of Appeals' denial of her appeal of the Building Inspector's denial of her application for a building permit. In her Complaint, the Plaintiff claims that the Board's interpretation of the Zoning Act, G.L. c. 40A, § 6 and the Town of Sandwich Protective Zoning Bylaws is incorrect and that the Board's interpretation constitutes "spot zoning"

6. The lawfulness of the Board of Appeals' decisions is purely a matter of state law.

7. Moreover, Counsel for the Plaintiff has filed another lawsuit based on her same interpretation of the law as to whether a structure and lot are "lawfully in existence" within the meaning of G.L. c. 40A, § 6. In that lawsuit, Thibault v. Sandwich Board of Appeals et al., Barnstable Superior Court C.A. No. 2004-00588, the Plaintiff's counsel makes the same arguments as to why the Board of Appeals interpretation of that statute and the Zoning Protection Act is not

correct as she does in the instant lawsuit. A Motion for Summary Judgment in that matter is currently pending in the Superior Court in Barnstable County.

8. The Plaintiff's attorney has taken particular aim at the opinions given by Town Counsel over the course of the years regarding the interpretation of the statute. Because the Plaintiff has filed a claim for damages along with her request for declaratory judgment, she is afforded the opportunity not only to have the Board of Appeals' decisions reviewed, but also to conduct discovery. Accordingly, the Plaintiff has noticed the deposition of Town Counsel presumably to argue at the deposition with Town Counsel regarding her interpretation of the law as applied to both properties. Such a deposition is improper as Town Counsel continues to represent the Board of Appeals in the pending Thibault case.

9. The deposition of Town Counsel and other members of the Board of Appeals will be unnecessary if the Court upholds the Board of Appeals' interpretation of the state law and zoning by-laws, ruling in favor of the Defendants. Litigation on the Plaintiff's damage claims prior to the adjudication of the state law claims would compromise a waste of the Court's time as well as the resources of the parties, since disposition of the Appeal from the decisions of the Zoning Board of Appeals is a necessary predicate to any adjudication of the damages claims.

10. This Court has previously remanded claims that are purely a matter of state law to the state courts, while retaining jurisdiction over pendent federal claims. See e.g., LeBlanc v. Patricia Andrade, C.A. No. 01-11729 (Harrington, 2003) (remanding subdivision appeal to Superior Court while retaining jurisdiction over federal claims); Patridge v. Neilen, C.A. No. 02-10041 (Stearns, 2002)

(remanding appeal of gun license denial to Superior Court while retaining jurisdiction over federal claims); cf. O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 273 n.11 (1st. Cir.) 2001) (upholding that, following dismissal of federal claims on appeal, district court was free to defer decision on whether to entertain pendent state-law claims until state court determine whether statute of limitations would bar said claims in state court).

WHEREFORE, in the interest of judicial economy, the Defendants request that this Court sever and stay the Plaintiff's damages claims (Counts V and VI) and remand the Plaintiff's Counts seeking declaratory judgment for adjudication in state court. In the alternative, the Defendants request that this Court order the Plaintiff to limit her questioning at the deposition of Town Counsel, Judith Cutler, to factual matters specifically related to the subject lawsuit and not engage in legal argument or questions of legal interpretations of the subject statutes, more appropriately left to argument before the Court.

Respectfully submitted,
The Defendants,
By their attorneys,


/s/ Deborah I. Ecker
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

DATED: May 23, 2005