UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA PEROTTI-CYRUS,
    Plaintiff,                      CIVIL ACTION
                                            NO. 05-10116-DPW

    v.

ROBERT JENSON, Chairman
of The Board of Appeals For
The Town of Sandwich, et al.,
    Defendants.

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the plaintiff, Patricia Perotti-Cyrus [hereinafter "Ms. Perotti-Cyrus"], and moves this Court, pursuant to Fed.R.Civ.Proc. Rule 56, and Local Rule 56.1 of the U.S. District Court for the District of Massachusetts, for entry of summary judgment in her favor, on all Counts I through V.[1] There is no genuine dispute as to the material facts, in this matter, hence, summary judgment is appropriate. <u>Kourouvacilis v. General Motors Corp</u>., 410 Mass. 706, 716 (1991); <u>Celotex Corporation v. Myrtle Nell Catrett, Administratrix</u>, ___ U.S. ___, 106 S.Ct. 2548, 2553 (1986).

---

[1] Count I seeks declaratory relief that the defendant Board of Appeals' interpretation and application of its zoning by-laws and G.L. c. 40, s. 6, are unlawful, arbitrary and capricious, with no legal basis;
Count II seeks to reverse the decision of the defendant Board's decision, upholding the Building Inspector's denial of a building permit, so that plaintiff may repair and maintain her fire damaged house;
Count III seeks to reverse the defendant Board's denial of plaintiff's application for special permit;
Count IV seeks to reverse the defendant Board's denial of plaintiff's application for variance;
Count V seeks declaratory relief, asserting that the defendant Board's interpretation and application of its zoning by-laws and G.L. c. 40A, s.6 unlawfully constitutes "spot zoning," thereby depriving plaintiff of equal protection under the laws of the Commonwealth;
Count VI seeks damages pursuant to the Massachusetts Torts Claims Act, G.L. c. 258, as a consequence of defendant's actions as set forth in Counts I-IV.

The heart of the issue in this case is which paragraph of G.L. c. 40A, s.6 applies to structures, which pre-date the Town's adoption of the Subdivision Control Law, in August 1954, after being divided by virtue of a Planning Board's endorsement of a plan of land for which approval is not required under the Subdivision Control Law, G.L. c. 41, ss. 81K, et seq. [hereinafter referred to as an "ANR plan"], such that each structure sits on its own lot, as permitted by virtue of G.L. c. 41, s.81L.  It is the Town's position that, unless the lots, upon which such structures sit, meet dimensional requirements in effect as of the date of a Planning Board's endorsement of such an ANR plan, such structures are unlawful under zoning, and not entitled to zoning relief of any sort.  A peripheral issue is whether endorsement of such an ANR plan violates the Town's Cottage Colony Conversion zoning by-law, Section 4710.  However, after the division of the property, such that each cottage is located on its own lot, the Cottage Colony by-law no longer has any application by virtue of the very definition of the term "cottage colony" which states "[t]wo or more detached seasonal dwellings located on the same lot. . . ," and accordingly, the Cottage Colony Conversion by-law has no application or bearing on the question of the lawfulness of the structures under zoning or otherwise.

It is plaintiff's position that there is a clear interplay between G.L. c. 41, s. 81K, et seq. and G.L. c. 40, s. 6, such that provision is made in each instance for protections for various periods of time for subdivision and ANR plans.  Compare G.L. c. 40A, s. 6 and G.L. c. 41, s.81K, et seq.  As such, it is inconceivable that the Legislature would allow the division of properties where the structures pre-date adoption of the Subdivision Control Law, without the necessity of meeting any

dimensional zoning requirements, without providing some protection for the same in G.L. c. 40A, s. 6.  G.L. c. 41, s.81L; <u>Citgo Petroleum Corp. v. Planning Board of Braintree</u>, 24 Mass. App. Ct. 425, 427, 509 N.E.2d 284 (1987); <u>Smalley v. Planning Board of Harwich</u>, 10 Mass. App. Ct. 599, at 604, 410 N.E.2d 1219 (1980).  Certainly there is nothing in either the <u>Citgo</u> or <u>Smalley</u> cases to suggest that the resulting developed lots are unlawful under zoning.  Moreover, plaintiff asserts that the defendant Board's interpretation and application of G.L. c. 40A, s.6 and the Town's zoning by-laws, violates the Home Rule Act, G.L. c. 43B, s. 13.  Mass. Const. Amend. Art. 89, s.6; G.L. c. 43B, s. 13; <u>Bloom v. Worcester</u>, 363 Mass. 136, 293 N.E.2d 268.  The Home Rule Procedures Act states, in pertinent part:

> Nothing in this section shall be construed to permit any city or town, by ordinance or by-law, to exercise any power or function which is inconsistent with any general law enacted by the general court before November eighth, nineteen hundred and sixty-six [November 8, 1966] which applies alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two.
>
> G.L. c. 43B, s. 13.

The Subdivision Control Law, G.L. c. 41, s. 81K, et seq., was enacted before November 8, 1966 (it was enacted in 1953, and became effective in 1954), and unquestionably applies to more than two cities and towns.  It is unquestionable that a Planning Board may not refuse to endorse such an ANR plan on grounds that the resulting lots do not meet current zoning dimensional requirements. <u>Citgo Petroleum Corp. v. Planning Board of Braintree</u>, 24 Mass. App. Ct. at 427, 509 N.E.2d 284; <u>Smalley v. Planning Board of Harwich</u>, 10 Mass. App. Ct. at 604,

410 N.E.2d 1219.  Yet, the defendant Board's interpretation and application of G.L. c. 40A and its zoning by-laws, constitutes an exercise of a "power or function which is inconsistent with" the Subdivision Control Law, G.L. c. 41, s. 81K, et seq., insofar as it deems any structure, which predated the adoption of the Subdivision Control Law in Sandwich in 1954, and situated on its own lot through the endorsement of an ANR plan, unlawful under zoning -- unless the lot upon which the structure is situated meets the dimensional requirements in effect as of the date of endorsement of the ANR plan.

This interpretation has no rational or legal basis, and is inconsistent with what clearly is permitted under the Subdivision Control Law, particularly when there is a perfectly rational interpretation available under the first paragraph of Section 6 of Chapter 40A, which states:

> Except as hereinafter provided, a zoning ordinance or by-law shall not apply to *structures . . . lawfully in existence . . .*
>
> G.L. c. 40A, s. 6 (first paragraph, in pertinent part) (*emphasis added*).

There is no reason why structures so divided on an ANR plan should not be considered a "structure lawfully in existence" under the first paragraph of Section 6: certainly the division of properties containing structures pre-dating the adoption of Subdivision Control, such that each structure is situated on its own lot, is lawfully done pursuant to G.L. c. 41, ss. 81L and 81P.

Nor does such a division of property, where the structures predate not only the adoption of Subdivision Control Law on August 20, 1954, but also the adoption of zoning in the Town of Sandwich in 1960, derogate in any way from

4

the purposes of the Town's zoning by-laws. As acknowledged by Mr. Jensen, chair of the Zoning Board of Appeals, and Ms. Boardman, The Building Inspector and Zoning Enforcement Officer under the Zoning By-laws, the purpose of dimensional zoning is to regulate the structural density of an area, and where, as here, the structures predate both zoning and subdivision control, the division of one large lot containing six (6) structures, into six lots each containing one structure, does not in any way change the structural density of the area. See Exhibit 5, Boardman Transcript, p. 43, l.6-11; see Jensen Transcript, p. 70, l.1-7.

Indeed, in a recent decision of the Land Court, Norwell-Arch, L.L.C. v. Norwell Zoning Board of Appeals, Misc. Case No. 285113, Mass. Land Court (Hon. J. Trombley) (decided May 24, 2004); 12 LCR 208; 2004 MASS. LCR LEXIS 44, that Court recognized the interaction between the Subdivision Control Law, in particular with regard to residential structures pre-dating the adoption of that law by a municipality, and the Zoning Act, holding that such residential structures are entitled to the protections afforded by G.L. c. 40A, s. 1st ¶, stating:

> Clearly, the General Court intended to provide special protection for residential structures in existence before the adoption of the subdivision control law in each locality when it added the two building exception to G. L. c. 41, 81L, in 1953. Citgo Petroleum Corp. v. Planning Bd. of Braintree, 24 Mass. App. Ct. 425, 427 (1987); G. L. c. 41, §81L (excepting from the subdivision control law the "division of a tract of land on which two or more buildings were standing when the subdivision control law went into effect in the city or town in which land lies into separate lots on each of which one of such buildings remains standing"). Similarly, single and two-family residential structures enjoy preferential zoning treatment under the second "except" clause of G. L. c. 40A, §6. The second "except" clause of G. L. c. 40A, §6, provides residential structures preferential zoning treatment when the proposed changes to a nonconforming residential structure will not increase its nonconforming nature. Goldhirsh, 32 Mass. App. Ct. at 458-461 (discussing board of appeal's review of nonconforming

5

structures under G. L. c. 40A, §6).  To fully protect single and two-family residential structures, G. L. c. 41, §81L, and c. 40A, §6, must be read together.

        Plaintiff,

        PATRICIA PEROTTI-CYRUS,

        By her attorney,


        _/s/Julie C. Molloy_____
        Julie C. Molloy    BBO#555176
        379 Route 6A
        East Sandwich MA 02537
        (508) 833-3707

Dated:  December 27, 2005


### CERTIFICATE OF SERVICE

I, Julie C. Molloy, Esq., hereby certify that a copy of the foregoing was served via U.S. Mail, first class, postage pre-paid, on December 27, 2005, upon the defendants, as follows:

Leonard H. Kesten, Esq.
Deborah Ecker, Esq.
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza, 12th floor
Boston MA 02116

        ____/s/ Julie C. Molloy_____