UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-10116DPW

PATRICIA PEROTTI-CYRUS
       Plaintiff,

      v.

ROBERT JENSEN, Chairman of the Board
of Appeals for the Town of Sandwich,
ROBERT GUERIN, JAMES KILLION,
MATTHEW McDONNELL, ERIK VAN
BUSKIRK, WILLIAM DAWES, and
MICHAEL LESPERANCE, as they are
Members of the Board of Appeals, DONNA
BOARDMAN, Building Inspector and
Zoning Enforcement Officer for the Town
of Sandwich, and TOWN OF SANDWICH,
       Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

1.    The Defendants admit that the Plaintiff testified at her deposition to the facts set forth in paragraph 1 of the Plaintiff's Statement of Undisputed Facts. The Plaintiff has not submitted documents to support her deposition testimony.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    The Defendants admit that the Plaintiff testified at her deposition to the facts set forth in paragraph 5 of the Plaintiff's Statement of Undisputed Facts. The Plaintiff has not submitted documents to support her deposition testimony.

1

6.    The Defendants admit that the Plaintiff testified at her deposition to the facts set forth in paragraph 6 of the Plaintiff's Statement of Undisputed Facts. The Plaintiff has not submitted documents to support her deposition testimony.

7.    The Defendants admit that the Plaintiff testified at her deposition to the facts set forth in paragraph 7 of the Plaintiff's Statement of Undisputed Facts. The Plaintiff has not submitted documents to support her deposition testimony.

8.    Admitted.

9.    The Defendants admit that the Plaintiff testified at her deposition to the facts set forth in paragraph 9 of the Plaintiff's Statement of Undisputed Facts. The Plaintiff has not submitted documents to support her deposition testimony.

10.   Admitted.

11.   The Defendants admit that the dwelling suffered damage as a result of the fire. The Defendants deny that the damage was minor.

12.   Admitted that 9 Ploughed Neck Road has a two room cottage located on it.

13.   The Defendants are without sufficient information to confirm or deny the statements contained in paragraph 13.

14.   The Defendants are without sufficient information to confirm or deny the statements contained in paragraph 14, but admit that the Plaintiff testified to the facts set forth in paragraph 14 at her deposition.

15.   The Defendants admit that the Plaintiff testified at her deposition to the facts set forth in paragraph 15 of the Plaintiff's Statement of Undisputed

Facts. The Plaintiff has not submitted documents to support her deposition testimony.

16.    The Defendants admit that the Plaintiff testified at her deposition to the facts set forth in paragraph 16 of the Plaintiff's Statement of Undisputed Facts. The Plaintiff has not submitted documents to support her deposition testimony.

17.    Admitted that either Mr. Cyrus or Ms. Perotti-Cyrus requested a building permit to perform work on the cottage.

18.    Admitted that the building permit application for the cottage was denied.

19.    The Defendants admit that another cottage owner was issued a quick permit on May 20, 2002 to re-shingle the sides of her cottage. This type of permit does not fall under the building code requirements and is not always personally handled by the Building Inspector.

20.    The Defendants admit that West Yarmouth Lodgings of which Mr. Miller was an officer purchased the cottage colony from Forestdale Realty, Inc. of which Mr. Miller was president. The Defendants deny that the structures were single-family dwellings at that time and further state that Mr. Miller was well aware at the time of the conveyance that the Town of Sandwich did not characterize the structures on the property as single-family dwellings.

21.    Admitted.

22.    The defendants admit that Forestdale Realty, Inc. purchased the cottage colony from Elizabeth Sprague on October 28, 1994 which deed is recorded as set forth in this paragraph. The defendants deny the

3

remaining allegations contained in this paragraph including
characterization of the structures on the lots as single- family dwellings.

23. This is not a statement of fact, but rather a legal conclusion set forth by the
Plaintiff's attorney and therefore no response is required.

24. The Defendants state that the Town of Sandwich Zoning By-laws speak
for themselves and that therefore, no response is required.

25. The Defendants state that the Town of Sandwich Zoning By-laws speak
for themselves and that therefore, no response is required.

26. The Defendants state that the Town of Sandwich Zoning By-laws speak
for themselves and that therefore, no response is required.

27. Denied.

28. The Defendants state that the Town of Sandwich Zoning By-laws speak
for themselves and that therefore, no response is required.

29. Denied.

30. The Defendants state that the Town of Sandwich Zoning By-laws speak
for themselves and that therefore, no response is required.

31. The Defendants state that the Town of Sandwich Zoning By-laws speak
for themselves and that therefore, no response is required.

32. Denied. This is not a statement of fact but rather an improper legal
conclusion set forth by the Plaintiff's attorney. The Defendants further
state that the subject ANR plan has written on it, "Sandwich Planning
Board approval under the subdivision control are not required, Chapter
41, Section 81L, 81P". The ANR plan is dated 10/19/94 with the
statement, "the above endorsement does not constitute compliance with
the protective zoning bylaws of the Town of Sandwich. Plaintiff's Exhibit

4

7, Deposition of Judith C. Cutler, Esq. Town Counsel at p. 61; see also, Plaintiff's Exhibit 2-1 the ANR plan.

33.   The Defendants state that, G.L. c. 41, § 81L speaks for itself and that therefore, no response is required.

34.   The Defendants admit that pursuant to G.L. c. 41, § 81L and § 81P approval under the Subdivision Control Law was not required for the plan submitted by Mrs. Sprague in October 1994.  The Defendants further state that the ANR plan endorsed on October 19, 1994 by the Sandwich Planning Board specifically states that "[t]he above endorsement does not constitute compliance with the Protective Zoning By-Laws of the Town of Sandwich."  Plaintiff's Exhibit 2-1.

35.   Admitted.

36.   Admitted that the ANR plan was endorsed on October 19, 1994 and was endorsed by Ms. Buntich the Chair of the Planning Board at that time. The ANR shows six lots, with one structure on each lot.

37.   Denied. The Defendants admit that Mr. Miller has claimed that the cottages had been used on a year round basis.

38.   The Defendants admit that Mrs. Sprague's letter was submitted by Mr. Miller to the Zoning Board of Appeals in 1995.  The Defendants deny the remaining allegations.

39.   The Defendants state that the Town of Sandwich Zoning By-laws speak for themselves and that therefore no response is required.

40.   The State Building Code speaks for itself and that therefore no response is required.  The Defendants further state that the statement as written is not

5

supported by the deposition testimony of Ms. Boardman as cited by the Plaintiff.

41. The Defendant states that G.L. c. 40A, § 16 speaks for itself and that therefore no response is required. Plaintiff's Exhibit 3-7.

42. The Defendants admit that no zoning enforcement action has been brought against the properties shown on the ANR Plan. The Defendants further state that the prior property owner as well as the plaintiff's attorney Ms. Molloy (who was the attorney for the prior property owner) had knowledge that the Defendants did not agree that the property consisted of six separate lots on which six separately owned single family dwellings may be located as of right under the zoning provisions and had knowledge and/or were involved in a prior lawsuit against the Town of Sandwich over the same issue which lawsuit was dismissed by the prior owner with prejudice in favor of the Town of Sandwich.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted that the applications were filed. The Defendants deny that the damage and the requested zoning relief were minimal.

47. The Defendants state that the assessor's records as attached to the Plaintiff's statement of undisputed facts speak for themselves.

48. The Defendants state that the assessor's records attached to the Plaintiff's Statement of Undisputed Facts speak for themselves.

49. The Defendants state that the assessor's records attached as Exhibit 3-8 to the Plaintiff's Statement of Undisputed Facts speak for themselves.

6

50.   Denied. This is not a statement of fact, but is an improper conclusion of law set forth by the Plaintiff's attorney and therefore no response is required.

51.   Denied.

52.   Denied. The Defendants state that the Statement Building Code speaks for itself and that this is not a statement of fact but rather, is an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required.

53.   Admitted.

54.   The Defendants admit that the Board denied Ms. Perotti-Cyrus' applications for relief in large part based on Town Counsel's opinions.

55.   The Defendants state that Section 2550 of the Sandwich Zoning By-law speaks for itself and therefore no response is required.

56.   Denied. This is not a statement of fact, but rather an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required.

57.   Denied. This is not a statement of fact, but rather an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required.

58.   Denied. This is not a statement of fact, but rather an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required.

59.   Denied. This is not a statement of fact, but rather an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required.

7

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    The Defendants state that Section 6 of Chapter 40A, speaks for itself and therefore no response is required.

67.    Denied. This is not a statement of fact, but rather an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required. The Defendants further state that the subject ANR Plan when endorsed specifically stated that "the above endorsement does not constitute compliance with the Protective Zoning By-laws of the Town of Sandwich." Plaintiff's Exhibit 2-1.

68.    The Defendants admit that properties located at 6 and 8 Jarves Street and 133 and 135 Route 6A were divided pursuant to G.L. c. 41, § 81L and that at the time of the ANR endorsements one of the two resulting lots of these properties did not meet the minimum dimensional requirements in effect as of the date of the endorsement. The Defendants further admit that the Zoning Board of Appeals has granted special permit applications for these properties. Such special permits were required because the properties were "unlawful" under zoning. The properties referenced in this paragraph are not and were not cottage colonies.

69.    Admitted.

70.    Admitted.

8

71.    The Defendants admit that Ms. Miller Buntich attended hearings before the Zoning Board of Appeals in her capacity as the Director of Planning and Development for the Town of Sandwich in early 2004 at which an amendment for a special permit for 8 Jarves Street Lot B was considered. The Defendants deny the remaining statements contained in this paragraph. The Defendants further state that it is Ms. Miller Buntich's opinion that the "Board of Appeals did not understand the zoning status of these properties—didn't investigate it, didn't know enough to look for it….Special permits have been granted for those properties in ignorance of the zoning status of the lots." Plaintiff's Exhibit 8 at p. 65.

72.    Denied.

73.    The Defendants state the Section 6 of Chapter 40A speaks for itself.

74.    Denied. This is not a statement of fact, but rather an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required.

75.    Denied. This is not a statement of fact, but rather an improper legal conclusion set forth by the Plaintiff's attorney and therefore no response is required.

76.    Admitted.

77.    The Defendants state that the Assessors records speak for themselves.

78.    The Defendants state that the ANR plans on file with the Office of Planning & Development speak for themselves.

79.    The Defendants state that the Town of Sandwich Zoning By-laws speak for themselves.

9

80.    Denied.  The Defendants refer the Plaintiff to their response to Paragraph

42 above.

Respectfully submitted,
The Defendants,
Town of Sandwich, et al,
By their attorneys,


/s/ Deborah I. Ecker
Leonard H. Kesten, BBO# 542042
Deborah I. Ecker, BBO# 554623
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

DATED: January 31, 2006