UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-10116DPW

PATRICIA PEROTTI-CYRUS
      Plaintiff,

v.

ROBERT JENSEN, Chairman of the
Board of Appeals for the Town of
Sandwich, ROBERT GUERIN, JAMES
KILLION, MATTHEW McDONNELL,
ERIK VAN BUSKIRK, WILLIAM
DAWES, and MICHAEL
LESPERANCE, as they are Members of
the Board of Appeals, DONNA
BOARDMAN, Building Inspector and
Zoning Enforcement Officer for the
Town of Sandwich, and TOWN OF
SANDWICH,
      Defendants.

## DEFENDANTS' REPLY TO THE PLAINTIFF'S OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

The Defendants hereby file this limited reply to the Plaintiff's Opposition

to Defendants' Cross Motion For Summary Judgment to address the Plaintiff's

request for sanctions and attorneys fees. The Plaintiff's request is unfounded and

should be denied. Rather than focus on the legal issues properly before this

Court, the Plaintiff has chosen to lash out against Town Counsel who has been

advising the Town of Sandwich concerning issues that have arisen with the

subject property. While the Plaintiff no doubt disagrees with Town Counsel's

opinion, that disagreement does not make Town Counsel's opinion or behavior

unethical, and the Plaintiff's suggestion to the contrary is offensive at best.

Further, Town Counsel is not representing the Defendants in the subject lawsuit

and is not a party to this lawsuit, but rather, is a fact witness who was deposed by the Plaintiff in this case. As is evident from her deposition testimony, Town Counsel did not perjure herself at that deposition, but rather attempted to answer the questions posed as best she could in a truthful and complete manner. Town Counsel's behavior has always been beyond the pale in dealing with the Plaintiff, the Plaintiff's attorney and the prior owners of the property, despite the longstanding disagreement over the legal interpretations and application of the bylaws, statutes and regulations to the subject property.

The Plaintiff's animus towards Town Counsel is evident by the last paragraph of her Opposition Motion when she states:

> It appears that Town Counsel is more interested in lining the pockets of Kopelman & Paige, with their client's hard-earned tax-payers' dollars, than in reaching a reasonable and rational decision regarding the limited issue of properties that pre-date the adoption of SCL and might be able to afford themselves of the division of the same, exempt from zoning dimensional requirements.

Such personal animus has no place in this litigation and there is absolutely no evidence that the Plaintiff can set forth to show that Town Counsel gave her advice based on anything other than her good faith interpretation of the law and application of the law to the facts of this case.

The Plaintiff claims that such sanctions are warranted due to the Defendants' suggestion that the Plaintiff's recourse is not against the Defendants for denying her applications, but rather against the seller of the property for any alleged misrepresentations made by the seller or the seller's representative at the time of the sale. See, Plaintiff's Opposition at p. 25. Further, the Plaintiff claims that any suggestion by the Defendants that the seller of the property is paying for the Plaintiff's attorneys' fees here is improper and untoward. Again, while the

2

Plaintiff disagrees with the Defendants' assertions, the fact that she does not agree does not make the assertions unethical. Rather, the assertions are warranted and certainly relevant to the Plaintiff's damage claim here.

Further, the Plaintiff further claims that Town Counsel should be sanctioned because she did not bring the Land Court decision in Norwell-Arch to the attention of the Zoning Board of Appeals prior to its rendering a decision on her applications. Plaintiff's Opposition at p. 26. As the Defendants understand the Plaintiff's argument, Town Counsel's failure to bring this case to the attention of the Zoning Board of Appeals is unethical because, (1) Town Counsel failed to treat opposing counsel courteously because the Norwell Arch case allegedly supports the Plaintiff attorney's position;  (2) it is evidence of Town Counsel's incompetence as she was not up-to-date with the law and, 3) Town Counsel should have communicated the case to the  Zoning Board of Appeals because it allegedly supports the Plaintiff attorney's legal opinion. The Plaintiff's argument is nonsensical and assumes that the case referenced supports the Plaintiff's attorney's interpretation of the law. Regardless, it is offensive and unnecessary as it questions the competentness of Town Counsel rather than simply acknowledging that the Plaintiff disagrees with Town Counsel's opinion.

What has been made apparent from the Plaintiff's Opposition is that the Plaintiff's attorney is a potential fact witness here at a minimum to testify regarding the representations made to the Plaintiff at the time the property was sold either by the seller of the property or the seller's attorney, and as Town Counsel's statements at the public hearing held in the matter before the Zoning Board of Appeals. As the Plaintiff's attorney is a potential fact witness at trial, she should be disqualified from representing the Plaintiff in this case. As further

3

reason for her withdrawal, it appears that the Plaintiff's attorney is unable to separate her personal feelings towards Town Counsel from the application of fact to law here.  Her repeated attacks over the years against the Town Counsel culminating in her unfounded attacks in the Plaintiff's Opposition motion are unfounded, unprofessional, and a disservice to all involved.

The Defendant has not addressed each and every allegation made by the Plaintiff concerning Town Counsel here, but will do so at the Court's request. Suffice it to say that the Defendant disputes any such allegations and suggests that the Plaintiff focus on the legal disputes at issue rather than improperly make scurrilous claims against Town Counsel.

WHEREFORE, the Defendants request that this Court deny the Plaintiff's request for sanctions and attorney's fees.

> Respectfully submitted,
> The Defendants,
> Town of Sandwich, et al
> By their attorneys,
>
>
> /s/ Deborah I. Ecker
> Leonard H. Kesten, BBO# 542042
> Deborah I. Ecker, BBO# 554623
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100

DATED: March 13, 2006