UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA PEROTTI-CYRUS,
      Plaintiff,

v.

ROBERT JENSON, Chairman
of The Board of Appeals For
The Town of Sandwich, et al.,
      Defendants.

CIVIL ACTION
NO. 05-10116-DPW

PLAINTIFF'S SUPPLENTAL BRIEF IN SUPPORT OF HER MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS'
SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT

Plaintiff's structure and use of the property are both "lawfully in existence," as the term is used in G.L. c. 40A, s. 6(1st¶), and she is entitled to a building permit, as of right, to repair the smoke and water damage done to the structure in the October 2003 fire. Further, plaintiff's constitutional rights to due process and equal protection under the law have been violated by defendants' failure and refusal to grant her such a building permit, as set forth below.

I.     Plaintiff's Structure and Property Are Entitled to Protection Under
     Chapter 40A, s. 6(1st¶)

It is undisputed that plaintiff's structure pre-dates not only the adoption of any zoning by-laws by the Town of Sandwich (in 1960), but also that it predates the Town's adoption of the Subdivision Control Law (in August 1954). It is by virtue of this structure's, and the other cottages', pre-existence to the adoption of Subdivision Control that the endorsement of the 1994 ANR plan was required by the Town of Sandwich Planning Board, pursuant to G.L. c. 41, ss. 81L and 81P.

Where it is being used as a "single-family residence,"[1] the definition into which plaintiff's structure falls once placed upon its' own lot, by virtue of the ANR plan, it falls within those uses which are allowed *by-right* in the R-2 zoning district in which plaintiff's property is located, and is entitled to the protections set forth in G.L. c. 40A, s. 6(1ˢᵗ¶) pertaining to single- and two-family structures.

As noted by the Appeals Court in the <u>Willard</u> case, dimensional nonconformities, or the position of a house on a lot of land, do <u>*not*</u> change the use of the structure as a single-family residence.  <u>Willard v. Board of Appeals of Orleans</u>, 25 Mass. App. Ct. 15, 20-21 (1987).  The Town of Sandwich's dimensional zoning by-laws, insofar as they relate to the size of a lot used for single family housing, pertain only to vacant land, upon which a single-family home is proposed to be constructed, as set forth in the "Intensity of Use Regulations," beginning at Section 2500 of the bylaws, which states:

> **2500.** INTENSITY OF USE REGULATIONS
> **2510**. All buildings <u>*hereafter erected*</u> in any district shall be located on a lot such that all the requirements set forth in Section 2600 are conformed with, <u>*except where specifically exempted by this by-law*</u>

---

[1] Whether considered a "cottage" or a "single-family residence," the essential use of plaintiff's structure is the same, as the definitions contained in the zoning by-laws acknowledge:

> **COTTAGE COLONY -** Two or more detached seasonal dwellings located on the same lot, <u>*each designed for independent family living and including cooking facilities*</u>. (Amended May 1, 1995)
> . . .
> **DWELLING, SINGLE-FAMILY** - One dwelling unit on a single lot irrespective of structure type, ownership or tenure. (Added STM 9/91)
> **. . .**
> **DWELLING UNIT** - <u>*Living quarters for a single family and not more than two (2) boarders or lodgers, with cooking, living, sanitary, and sleeping facilities, independent of any other unit*</u>.

<u>See</u> Plaintiff's Exhibit 3-2, 2004 Town of Sandwich Zoning By-laws, Definitions section (emphasis added).

*or by General Law*. . . .

Plaintiff's Exhibit 3-2, 2004 Sandwich Protective Zoning By-laws, (emphasis added).

Such an exemption would be a vacant parcel of land which has not been held in common ownership with any adjoining property (vacant or developed), which are exempted by G.L. c. 40A, s. 6(4th¶) allowing construction in accordance with the dimensional zoning regulations in effect as of the date such a lot was created, despite the fact that the lot does not meet current zoning dimensional requirements. Structures such as plaintiff's – constructed before the Town of Sandwich adopted the Subdivision Control Law – constitute another exemption, by virtue of the General Law allowing the creation of such lots under G.L. c. 41, ss. 81L and 81P.[2]

There are, at most, 21 multi-house parcels in the R-2 zoning district in Sandwich constructed before Subdivision Control was adopted by the Town (see Plaintiff's Exhibit 22, Multi-house parcels in R-2 zoning district, built before 1954, when Subdivision Control was adopted). By comparison, there are a total of 591 vacant developable parcels of land in the R-2 zoning district in which plaintiff's property is located, of which 303 such parcels contain less than the current lot area required under dimensional zoning, but are listed as "developable" by the Town's Assessing Department, presumably because these

---

[2] As pointed out by Appeals Court in the Citgo case, "[i]t is too late for speculators to buy back tracts of land, cover them with shacks, and divide them into lots accordingly," because "a building, to qualify under this provision, must have been in existence when the Subdivision Control Law went into effect in the town." Citgo Petroleum Corp. v. Planning Board of Braintree, 24 Mass. App. Ct. 425, 427 (1987). There are a limited number (51) of properties in Sandwich which contain multiple dwellings constructed before the Subdivision Control Law was adopted, as noted in Plaintiff's Exhibit 18, to her Opposition to Defendants' Cross-Motion for Summary Judgment, which possibly contain "substantial structures" qualifying for division pursuant to G.L. c. 41, ss. 81L and 81P, and endorsement on an ANR plan such that each structure would be located on its own lot.

3

lots have been held in separate ownership from adjoining land and met the dimensional requirements when these vacant lots were created.  See Plaintiff's Exhibit 23, vacant, developable land in Sandwich's R-2 zoning district.  Unless each multi-house parcel in the R-2 zoning district contained 14 structures, all built before 1954, the division of these properties will not somehow "overburden" the Town – and certainly, since they predate the adoption of both Subdivision Control and zoning, their separation into separate lots in and of itself will not increase the "structural density" of the neighborhood, one of the legitimate purposes of dimensional zoning regulations.  Bransford v. Zoning Board of Appeals of Edgartown, 444 Mass. 852, 861 (2005).

Instead, derogation from the legitimate purposes of the dimensional zoning by-laws, by limiting the structural density of the neighborhood, is far more likely to occur if all 303 vacant, developable parcels with less than the currently required 60,000 square feet (or 1.38 acres), were in fact developed. Yet, development of these vacant lots, presumably held in separate ownership from all adjoining land, is protected by G.L. c. 40A, s. 6(4th¶), and Section 2550 of the Sandwich zoning by-laws, just as division of single- and two-family homes properties developed before Subdivision Control was adopted is protected by G.L. c. 40A, s. 6(1st¶).

No where in the first paragraph of Section 6 is there any reference to the "date of creation of the lot" having any bearing on the lawfulness of a structure. Instead, the plain language of the first paragraph states that it applies to "structures or uses lawfully in existence."  G.L. c. 40A, s. 6(1st¶).  The Town's attempt to link the provisions of paragraph 4, Section 6, Chapter 40A ineptly

adds language to paragraph 1 not found therein, nor bearing any rational relation to the purposes of dimensional zoning.  While one of the legitimate purposes of dimensional zoning by-laws is the regulation of the structural density of a neighborhood, the Legislature has determined, in its "supreme zoning power," that where all structures on a parcel pre-date the adoption of Subdivision Control, the division of the same such that each structure is located on its own lot, will not derogate from the regulation of the "structural density of a neighborhood," or the "overcrowding of land," since these structures, if they pre-date the adoption of Subdivision Control, likely also pre-date the adoption of zoning – which is indeed the case in Sandwich.

The Town, in putting forth its argument that the division of a limited number of such previously developed properties overlooks the fact that the Legislature has "supreme zoning power."  Mass. Const. Amend. Art. 89; <u>Board of Appeals v. Housing Appeals Committee</u>, 363 Mass. 339 (1973); <u>Opinion of the Justices to the House of Representatives</u>, 234 Mass. 597 (1920) (zoning act rightfully does not interfere with "rights already acquired by existing use or construction of buildings in general . . .".)    Given that the Legislature has rendered it possible to divide properties containing structures pre-dating a municipality's adoption of the Subdivision Control Law, it has, with its "supreme zoning power," given these properties protection under the first paragraph, Section 6, Chapter 40A.

While plaintiff asserts that since there is no limitation as to seasonal versus year-round usage of her single-family residence, and that, once the structure was located on its own lot, no seasonal restrictions apply, since there is

no zoning by-law that speaks to or limits the conversion of formerly seasonal single-family homes on their own lots, she is willing to concede that perhaps she did not present adequate evidence as to actual year-round usage of the cottage, from the date when cottage colonies became a prohibited use (in the 1970s) or from the date of the adoption of the "cottage colony conversion" by-law, again also believed to be in the 1970s or 1980s. In that event, there is perhaps a "use" issue, but one unrelated to dimensional zoning. Instead, the use issue is strictly limited to whether the plaintiff's single-family home can be used only on a seasonal basis, or on a year-round basis, since any other interpretation would result in the Town seeking to regulate "form of ownership," which, of course, is strictly forbidden.[3] Plaintiff offered during the Board of Appeals' hearings on this matter, and again offers, notwithstanding her "official" position that no "seasonal" restriction is warranted, in the absence of a zoning by-law limiting conversion of _all_ seasonal homes to year-round use,[4] that if the issue really is limiting the use to "seasonal" only, she is willing to put such a deed restriction on her property, which would resolve the zoning "use" issue in the Town's favor, and allow her to obtain a building permit to repair her property. While the Town's Board of Appeals rejected this offer, plaintiff is hopeful that if this Court sees this

---

[3] CHR General, Inc. v. City of Newton, 387 Mass. 351, 357 (1982)("A 'fundamental principle of zoning [is that] it deals basically with the use, without regard to the ownership, of the property involved or who may be the operator of the use.' _citation omitted._ The city concedes, as it must, that 'a building composed [of] condominium units does not "use" the land it sits upon any differently than an identical building containing rental units.'"); Bannerman v. Fall River, 391 Mass. 328, 332 (1984)("Nor can the ordinance be justified as incident to either of the other two powers enumerated by the city. Whether a particular unit of housing is owned or rented would affect neither the water and sewer system nor the traffic patterns of the neighborhood.")

[4] By way of example, the Town of Bourne does have a seasonal conversion by-law that applies to _all_ properties, and not just to cottage colonies, providing that conversion from seasonal to year-round use is only permissible where the owner can demonstrate an ability to meet Title V requirements for the existing lot.

as a way to resolve this impasse, she is willing to accept such a resolution, and will forego any rights of appeal on this point.

Insofar as the Town asserts that case law is "clear" that endorsement of an ANR plan does not provide the resultant lots with any zoning validity, plaintiff notes that the Town points only to the Citgo and Smalley cases.  In neither of those cases was the issue of where the properties fall under zoning after division decided nor central to the decisions of the Appeals Court.  Citgo Petroleum Corp. v. Planning Board of Braintree, 24 Mass. App. Ct. 425 (1987) and Smalley v. Planning Board of Harwich, 10 Mass. App. Ct. 599 (1980).  Instead, the decisions in both of those cases were that a planning board could not refuse endorsement of an ANR plan containing structures pre-dating the adoption of the Subdivision Control Law on the grounds that the resultant lots did not meet current dimensional zoning requirements.  Any comment regarding the zoning status of the properties after division was and is *dicta*, and certainly nothing in either case implied that those properties were no longer lawful, or could no longer continue on as they had before, both in terms of structure and use.

The Town's assertion, at page 3, paragraph 2, of its Supplemental Brief, that no zoning nonconformity existed prior to the division via the 1994 ANR plan, the Town is incorrect.  In fact, Section 2600(e) requires that no building on the same lot be located closer than twelve (12') feet to any other structure on the same lot, and in point of fact, one or more of the cottages violated this prohibition before division.  See Plaintiff's Exhibit 3-2, Sandwich Zoning By-Laws, Section 2600.  Additionally, in 1994 (when the ANR plan was endorsed and recorded), the Sandwich zoning by-laws required a "shape factor" of less than 22, Section

2600(k), with shape factor determined by the perimeter of the property, squared, and then divided by the minimum lot area required in the zoning district. The perimeter of the property, prior to division via the 1994 ANR plan was 1,487.12 feet, when squared equals 2,211,525.89, which divided by 60,000 square feet (the minimum lot area required in the R-60 (in 1994) and R-2 (in 2003) zoning districts, equals 36.86, greater than the 22 shape factor allowed under Section 2600(k) of the zoning by-laws. Contrary to the Town's assertion that the property was dimensionally compliant with zoning prior to division via the 1994 ANR plan is incorrect and untrue. Instead, the property, as larger whole, and as divided into six (6) individual lots by the 1994 ANR plan, was dimensionally nonconforming, although the exact nature and extent of the nonconformities differ, both before and after division.

Furthermore, the Mendes case, cited by the Town, has no relevance to or bearing on the issues in this matter. Mendes v. Board of Appeals of Barnstable, 28 Mass. App. Ct. 527 (1990). The Mendes case involved a use begun under a variance, when use variances were allowed under the Town of Barnstable zoning by-laws, and thus was never a lawfully permitted use. Id. In this case, the cottage colony was at one point in time an allowed use, falling within a commercial district that encompassed properties along and just north and south of Route 6A, including this property. This use became a lawful, pre-existing nonconforming use only when the Town amended the zoning by-laws in the 1970s, re-zoning that entire area as residential use only. Accordingly, the Mendes case is not relevant and of no use in resolving the issue at hand.

The plaintiff's cottage, now owned as an individual single-family residence by plaintiff, continues to be rented out by the plaintiff, a use consistent with the use when it formed a part of the cottage colony.  The Town's attempts to state that this use is "unlawful under zoning" unless the cottage colony is re-assembled as one parcel containing six cottages evidences an intent to control ownership – a patently impermissible purpose of zoning.  Bannerman v. Fall River, 391 Mass. 328, 332, 461 N.E.2d 793 (1984)(zoning may not regulate ownership); CHR General, Inc. v. City of Newton, 387 Mass. 351, 357, 439 N.E.2d 788 (1982)("A 'fundamental principle of zoning [is that] it deals basically with the use, without regard to the ownership, of the property involved or who may be the operator of the use.'")

The real issue in this case is whether the home can be rented on a year-round basis, or only on a seasonal basis, as discussed above.  While plaintiff disagrees that, in the absence of proof of actual year round use is required in order for her to use the same in that manner, she is willing, as set forth above, to accept a determination that the cottage may be used only seasonally, and, if required, to place a deed restriction to that effect on the title to the property, in order to resolve this matter, obtain the building permit she needs to repair the building so that she can at least rent it out seasonally – a use entirely in keeping with the use of a cottage colony being rented out seasonally.  As noted, she made this offer to the Board of Appeals during the public hearings, in an effort to mitigate her damages, but her offer was soundly rebuffed by the Board.

As regards special permits, as noted in G.L. c. 40A, s. 6 (1st¶), plaintiff could then submit, should she so desire, an application for a special permit to the

Board of Appeals, seeking to extend the use of the cottage from seasonal only to year round, just as she would be required to submit a special permit to make any changes to the existing structure. The <u>Bransford</u> case is helpful on this point, as it points out that the reconstruction of an existing structure on an undersized lot is permitted as of right. <u>Bransford v. Zoning Board of Appeals of Edgartown</u>, 444 Mass. 852, 860 (2005) ("If [plaintiffs'] proposed new residence had retained the size of the original, no intensification would be present, and reconstruction would have been permissible.") Here, plaintiff merely seeks a building permit to repair smoke and water damage done as a consequence of the October 2003 fire, to restore the building to its' pre-fire condition, which is allowed as of right. <u>Ibid.</u>[5]

In the <u>Bransford</u> Court's its discussion of the issue, the concurring opinion discusses the fact that one of the purposes of dimensional zoning regulations and "minimum lot area requirements 'are maintaining the character of low density residential neighborhoods, protecting environmentally sensitive areas, and preservation of open space.'" <u>Bransford v. Board of Appeals of Edgartown</u>, 444 Mass. at 860. Again, however, the Legislature, with its supreme zoning power,[6]

---

[5] Were plaintiff to seek to change, alter or extend [hereinafter referred to collectively as "change"] the structure, she would need to apply to the Board of Appeals for a special permit, and would be entitled to one only if the Board of Appeals determined that the proposed change would not be more nonconforming than the existing structure, or, if the Board of Appeals were to find that the proposed change were more nonconforming than the existing structure (i.e.; does not intensify any existing nonconformities), she would be entitled to a special permit only if the Board of Appeals were to find that the proposed change would not be substantially more detrimental to the neighborhood. <u>Bransford v. Board of Appeals of Edgartown,</u> 444 Mass. at 857.

[6] As noted by the dissent in <u>Bransford</u>, at 864, noting that "Through passage of the [home rule] amendment, municipalities gained constitutional authority to exercise the police powers of the State, including the power to enact zoning ordinances, except in contravention of State Law or other provision of the Constitution." <em>Citing</em> <u>Durand v. IDC Bellingham, LLC,</u>440 Mass 45, 50 (2003) and <u>Board of Appeals of Hanover v. Housing Appeals Comm.,</u> 363 Mass. 339, 358-9 (1973). Notably, the decision in <u>Bransford</u> was a 3-3 decision, with the concurring opinion holding that the proposed increased home, despite the fact that it met current setbacks, would derogate from one of the purposes of the zoning by-laws – that being ensuring the overcrowding

allows the creation of dimensionally nonconforming lots where the structures thereon pre-date the adoption of Subdivision Control, by virtue of G.L. c. 41, ss. 81L and 81P.  To the extent that such structures pre-date the adoption of zoning as well as Subdivision Control by a municipality, such as Sandwich, this makes sense, since the "structural density of the neighborhood" has already been established prior to the adoption of zoning, locating each such structure on its own lot in no way derogates from this legitimate zoning purpose, since the structural density is unaffected by the division via an ANR plan in any way.  Ibid.

Finally, to the extent that the Bransford case speaks to the issue of the goal of eliminating nonconformities, this Court should note that the Town of Sandwich's zoning by-laws are permissive in spirit, allowing not only the continuation of lawfully pre-existing structures and uses, but also allowing expansion of the same, by special permit.  Titcomb v. Board of Appeals of Sandwich, 64 Mass. App. Ct. 725, 731 (2005).  In fact, rather than simply copying the language from paragraph 4 of Section 6, Chapter 40A, in adopting Section 2550 of its' zoning by-laws, Sandwich added language to protect not only vacant land, but developed property, from increases in zoning dimensional

---

of land and preserving open space – because the lot was undersized under current zoning, and despite the fact that that nonconformity did not change in any way, regardless of the size of the house, and upheld the zoning board's denial of the special permit on the grounds that the board could easily have found, within their discretion, that the proposed home was more nonconforming than the previously existing structure, and further that the proposed home would be substantially more detrimental to the neighborhood.  The dissent, on the other hand, felt that since the nonconforming lot area was not in any way intensified, and the proposed new home complied with current setbacks in the absence of any by-law regulating lot coverage or the size of structures, and therefore the special permit should have issued on the grounds that no new nonconformities would be created.  Bransford v. Board of Appeals of Edgartown, 444 Mass. at 866-867.  In reaching this conclusion, the dissent noted that the concurring opinion's decision would, ironically, provide the owners of vacant lots, held in separate ownership with greater zoning protections than the owner of a lot created at the same time as the vacant lot, but already developed.  Ibid, at 868.  Given that this decision was made by an evenly divided Court, it seems likely that the final word on this issue has not yet been uttered.

requirements, albeit only in those circumstances where the property had been developed _after_ the adoption of both Subdivision Control and zoning.[7]

Accordingly, the issue in <u>Bransford</u> would not have arisen in Sandwich, as Sandwich has adopted by-laws that allow both vacant land and properties developed after the adoption of both zoning and Subdivision Control Law to be exempt from increases in dimensional zoning by-laws, and instead to use the dimensional zoning by-laws in effect when the lot was created in considering changes, alterations or additions to single-family residences and non-residentially used properties.  As plaintiff has previously pointed out, this by-law is impermissibly and unconstitutionally discriminatory, not only as to her, since

---

[7] Specifically, Section 2550 of the zoning by-laws states:

2550.    Non-Conforming Lots. Application of amended Intensity of Use Regulations to previously created lots is limited by Section 6, Chapter 40A, MGL. _In addition, any increase in lot area, width, depth, frontage, yard, or coverage requirements of this by-law shall not apply to erection, extension, alterations, or moving of a structure on a legally created lot not meeting current requirements, provided that either the lot is in an exempted subdivision (see Section 2560) or the applicant documents that_:

    a.    At the time such increase requirement became applicable to it, the lot:

        1.    Had at least 5,000 square feet of lot area and 50 feet of frontage on a street; and
        2.    Conformed to the existing dimensions required at the time of creation,

    b.    The lot is to be used for a _single dwelling unit or for non-residential use_, provided that no side yard shall be less than 20 feet on a lot having frontage of more than 100 feet but less than 200 feet and that no side yard shall be less than the greater of ten (10) percent of the lot's frontage or six (6) feet on one side and eight (8) feet on the other on a lot having frontage of 100 feet or less,

    c.    And the lot was held in ownership separate from all abutting property on December 31, 1998. (Amended 5/4/98)

    Such non-conforming lots may be changed in size or shape or their land area recombined without losing this exemption, so long as the change does not increase the actual or potential number of buildable lots.

    <u>See</u> Plaintiff's Exhibit 3-2, Section 2550 (emphasis added)

it is on the basis of this by-law that she was denied her appeal of the denial of her application for a building permit (on the grounds that her property did not comply with Section 2500(a)(2) – failure to meet dimensional requirements when created – despite the fact that she did not seek to "change" her structure, but only simply sought to repair it), but also as to numerous other properties in Sandwich.

Specifically, rather than providing these additional protections to all structures in a uniform manner, residential or otherwise, this provision only provides additional relief to single-family and non-residential structures developed after zoning and subdivision control were adopted, and providing no such equivalent relief to various other properties in Town: (a) single-family residences developed before zoning was adopted; (a) single-family residences with less than 5,000 square feet of lot area (of which there are some 42 in the Town, see Plaintiff's Exhibit 3-21); two-family residences (which like single-family residences are afforded special protections under G.L. c. 40A, s. 6 (1st¶); single-family residences developed before Subdivision Control was adopted, but lawfully divided pursuant to G.L. c. 41, ss. 81L and 81P. To the extent that these latter identified properties are not afforded equivalent treatment and protections as are single-family and non-residential structures developed after the adoption of both Subdivision Control and zoning in Sandwich, "reverse spot zoning" is occurring. W.R. Grace & Co. v. Cambridge City Council, 56 Mass.App.Ct. 559, 569-570 (2002) (zoning bylaws "that impose more restrictive treatment on given parcels than is imposed on other parcels in the same zoning district are often characterized as 'reverse spot zoning.'") This unquestionably is unconstitutional,

and, having been applied to plaintiff, violates her constitutional rights to due process and equal treatment under the law.

As for the Town's citation to the <u>Thibault</u> matter, plaintiff notes that that case is not yet over, and the plaintiff in that action intends to appeal the decision, not only on the grounds that the Court missed the point and misread into G.L. c. 40A, s. 6 (1st¶) language (requiring dimensional compliance in order to consider the structure to be "lawfully in existence") which simply does not exist, but also on the issue of plaintiff's standing to challenge the zoning by-law.  <u>See</u> <u>Marinelli v. Board of Appeals of Stoughton</u>, 440 Mass. 255, 259 (2003) ("primary source of insight into the intent of the [law-making body] is the language of the [by-law]," interpreted in accordance with its plain language); <u>and</u> <u>see</u> <u>Boston Edison Co. v. Bedford</u>, 444 Mass. 775, 776 (2005)(Corporation, considered a "person" under Massachusetts' law, has standing to assert violation of Home Rule Act and Home Rule Procedures Act, pursuant to G.L. c. 231A); <u>Mastriani v. Building Inspector of Monson</u>, 19 Mass. App. Ct. 989, 990 (1985) (The other method that may be used to challenge the validity of a zoning ordinance or by-law is by bringing an action pursuant to G. L. c. 231A, provided an actual controversy exists.)

II.    <u>Plaintiff's Structure is Entitled to Building Permit Under First Clause of G.L. c. 40A, s.6 (1st¶), as She Seeks No Alteration, But Only to Repair Existing Structure to Pre-October-2003-Fire State.</u>

While the Town accurately sets forth the holding, and the two-part inquiry set forth in the <u>Bransford</u> case, it ignores the fact that plaintiff's structure pre-dates not only the adoption of the Subdivision Control Law, but also the adoption of zoning by-laws by the Town of Sandwich.  Accordingly, in accordance with the <u>Bransford</u> decision, because she simply seeks to repair the cottage to its' pre-fire

14

condition, and does not seek to alter the structure in any way, she is entitled to a building permit. While it is true that, had this property consisted of _vacant_ land, and been divided on an ANR plan, the plaintiff's lot would not be "buildable," however, that is not the case here, as Plaintiff's property most assuredly was not, and has not been vacant, since 1948. See Plaintiff's Exhibit 3-14, Assessor's Field Cards for 9-19 Ploughed Neck Road, indicating structures built in 1948. It was lawfully divided pursuant to G.L. c. 41, ss. 81L and 81P, and as such is a "structure lawfully in existence," and entitled to the protections set forth in G.L. c. 40A, s. 6 (1st¶).

III.    Cottage Colony Could Be Divided Under an ANR Plan, in These Circumstances, Leaving Each Cottage on Its Own Lot, Thus Falling Within Definition of Single-Family Residence, Under Separate Ownership.

The fact that the 1994 ANR plan was endorsed dividing the property into six parcels each containing their own structure, or that they were sold out to individuals as separate lots with single-family homes on them, after the adoption of the cottage colony conversion by-law is irrelevant. The Legislature's "supreme zoning power" allows for this to occur, and no town's zoning by-laws, including Sandwich's, can interfere with the ability to create dimensionally nonconforming lots in these peculiar circumstances (where the structures pre-date the adoption of Subdivision Control), for that would be a violation of the Home Rule Procedures Act, G.L. c. 43B, s.13. A zoning by-law prohibiting conversion of cottages, where they pre-date the adoption of Subdivision Control, unless current dimensional requirements are met, is inconsistent with the unquestionable ability to create such dimensionally nonconforming lots pursuant to G.L. c. 41, ss.

81L and 81P.  As noted above, where an actual controversy exists, as it does here, an individual may indeed challenge the validity of a zoning by-law under the Home Rule Procedures Act, and that is precisely what plaintiff is doing here, in bringing this action for declaratory judgment.  Boston Edison Co. v. Bedford, 444 Mass. at 776 (Corporation alone, considered a "person" under Massachusetts' law, has standing to assert violation of Home Rule Act and Home Rule Procedures Act, pursuant to G.L. c. 231A); Mastriani v. Building Inspector of Monson, 19 Mass. App. Ct. at 990 (method to challenge the validity of a zoning ordinance or by-law is action pursuant to G. L. c. 231A, provided an actual controversy exists.)

As previously noted, Sandwich's zoning by-laws are permissive with regard to both use and dimensions, regarding "structures and uses lawfully in existence," allowing not only for their continuation, but also their expansion.  See Titcomb v. Board of Appeals of Sandwich, 64 Mass. App. Ct. at 731; see also Sandwich zoning by-laws, Section 2550.  Accordingly, it is incorrect to state that Sandwich's zoning by-laws seek the elimination of existing nonconformities.  As for the Town's ramblings regarding the seasonal use issue, plaintiff has already agreed that if this Court finds that she has not met her burden of proving year-round evidence, that she will accept a finding that the cottage may be used only on a seasonal basis, and will incorporate a deed restriction to that effect.[8]

Regarding the prior lawsuit brought by the former owner relating to the cottage colony, suffice to say that that matter was not litigated by the parties, nor

---

[8] And again noting that she could seek to "change" this use through the special permit process, as set forth in G.L. c. 40A, s.6 (1st¶), and Section 2420 of the Sandwich zoning by-laws, just as she could also seek to make changes to the structure through the special permit process.

was plaintiff in any way involved in that action, hence the principles of *res judicata* do not and cannot apply, <u>Dept. of Revenue v. Ryan R.</u>, 62 Mass. App. Ct. 380, 383 (2004)(in absence of adjudication on merits of party's claim, claim preclusion and *res judicata* do not apply).  Moreover, pursuant to G.L. c. 40A, s. 16, a property owner is free to apply for the same relief, provided two (2) years have passed, or within a lesser period of time, if given approval by the planning board.  G.L. c. 40A, s. 16.

In this instance the relief sought is not the same; in 1995, the prior owner sought to move the cottages further away from one another, in order to minimize the dimensional nonconformities.  Plaintiff's request for relief is simply to repair the cottage to its pre-October-2003-fire state, seeking no changes to the structure, nor to move the structure.  The prior owner's special permit application was denied on the grounds that the property, by virtue of the 1994 ANR plan's endorsement dividing the property into six separate parcels, each with their own structure, was "unlawful under zoning" because none of the six lots met dimensional zoning required in 1994.  An appeal was taken; no discovery was conducted; no trial too place; no motions for summary judgment were filed, heard, argued or decided.  The matter was dismissed with prejudice, meaning that owner could not re-file his application during the two-year moratorium period.  There has not, however, been an adjudication on the merits of the Town's assertion that the six resultant properties are "unlawful under zoning," and plaintiff here was never a party to the earlier proceedings, hence, *res judicata* does *not* apply to this case.

It is unclear what the Town's point is at page 11 of its Supplemental Brief. If this Court finds that the plaintiff's cottage is a pre-existing nonconforming use as a single-family dwelling and not part of a seasonal cottage colony, then unquestionably, plaintiff is entitled to the relief she seeks (the issuance of a building permit to repair the cottage), and no special permits are required, as she is not seeking to change the use of the structure. That, however, misstates Plaintiff's position. Prior to the endorsement of the 1994 ANR plan, it would appear that the larger property fell within the definition of cottage colony, although plaintiff did present substantial and direct evidence that for at least the ten (10) years prior to that time, the prior owner had rented the cottages out on a year-round basis.

Upon endorsement of the 1994 ANR plan, plaintiff's cottage lawfully stood on its own lot, and was a "structure lawfully in existence," despite dimensional nonconformities with regard to her lot, and the placement of the cottage on the lot. Being located on its own lot, the cottage no longer falls within the definition of "cottage colony," which is defined as "two or more seasonal cottages located upon the same lot." Instead, it falls within the definition of "dwelling, single family – one dwelling unit on a single lot, irrespective of structure type, ownership or tenure." See Plaintiff's Exhibit 3-2, Sandwich Zoning By-laws, Definitions. Plaintiff's lot, containing its cottage, now meets the definition of "dwelling, single family" as used in the zoning by-laws, and, having been lawfully created pursuant to an oddity in G.L. c, 41, ss. 81L and 81P, and therefore is entitled to the protections set forth in G.L. c. 40A, s. 6(1st¶) pertaining to single- and two-family residences. Here, plaintiff does not seek to change the structure

in any way, and if she has failed to meet her burden showing year-round use, is willing to accept a finding that seasonal use of the same only is permitted, reserving her right to seek to extend such use through the special permit process.

Thus, contrary to the Town's assertions at page 11 of its Brief, no relief need be obtained by the special permit granting authority in order for plaintiff to obtain her building permit. Moreover, the Town misstates the applicable tests set forth in G.L. c. 40A, s. 6 (1st¶), in the event plaintiff desired to change her structure or use. The test of whether or not to grant the special permit is not simply whether any proposed change is "substantially more detrimental to the neighborhood," but instead, in the first instance, since the structure involved is a single-family residence, whether the proposed change in use or structure is "more nonconforming that the existing use or structure." Only if a finding were made that the proposed change of use or structure where more nonconforming than the existing use or structure would the special permit granting authority then consider whether the proposed change of use or structure would be "substantially more detrimental than the existing nonconforming use or structure to the neighborhood." Bransford v. Board of Appeals of Edgartown, 444 Mass. at 858, citing Willard v. Board of Appeals of Orleans, 25 Mass. App. Ct. 15, 21-22 (1987).[9]

---

[9] Plaintiff notes that the Sandwich zoning by-law, Section 2420, incorrectly sets forth the standard as applied to single- and two-family residences, by failing to include the first test in its by-laws, and instead only including the second test ("substantially more detrimental to the neighborhood"). Britton v. Zoning Board of Appeals of Gloucester, 59 Mass. App. Ct. 68, (2003) ("When applications for expansion of residential structures are at issue, the statute requires a two-step analysis. Step one focuses on whether the proposed addition or expansion will increase the structure's nonconforming nature. If the answer is no, the applicant is entitled to build. If the answer is yes, the applicant may build only if he or she obtains a special permit issued by the permit granting authority upon a finding that the proposed addition will not be substantially more detrimental to the neighborhood than the existing nonconforming structure. Fitzsimonds v. Board of Appeals of Chatham, 21 Mass. App. Ct. 53, 55-56, 484 N.E.2d 113 (1985). Goldhirsh v.

However, plaintiff at this time seeks no such relief, and instead simply seeks a building permit to repair the cottage to its pre-fire state.

IV.    <u>Conclusion</u>

In summary, plaintiff's property is entitled to the protections set forth in G.L. c. 40A, s. 6(1st¶), as a single-family residence.  Since she seeks only a building permit to repair, and not to change her structure or its use, she is entitled to a building permit.  <u>Bransford v. Board of Appeals of Edgartown</u>, 444 Mass. at 859 ("The rule to date is simple: where an undersized lot exists, the proposed reconstruction may be allowed without special permit only if the proposed new residence does not intensify existing nonconformities.")  Plaintiff seeks to make no changes to her structure, but simply to repair it to its' former state, and is willing to accept a finding that she has not met her burden of proof regarding year-round use, and further accept a finding that the home may be used only seasonally.  Accordingly, she is entitled to a building permit without any special permit being required.  Plaintiff has been denied due process of law and equal protection under the law insofar as she was denied a building permit, and her appeal of that denial was denied, and those decisions were arbitrary, capricious and legally untenable.  As a consequence of which she has sustained damages in the form of substantial legal fees, lost income from rental revenues of the cottage from October 2003 through the present, and diminution of the value of her property during this same period of time.

Plaintiff,

---

McNear, 32 Mass. App. Ct. 455, 460, 590 N.E.2d 709 (1992)."); <u>Fitzsimmonds v. Board of Appeals of Chatham</u>, 21 Mass. App. Ct. 53, 56 (1985).

PATRICIA PEROTTI-CYRUS,

By her attorney,


   /s/ Julie C. Molloy
Julie C. Molloy     BBO#555176
379 Route 6A
East Sandwich MA 02537
(508) 833-3707

Dated:  April 26, 2006

Plaintiff's Exhibit 22                    All Multi-house Parcels in R-2 Zoning District

| | A | B | D | E | F | P | Q | R | V | AF | AL | AM | AT | AZ | BA |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Parcel ID | St. # | Road | | | code | Classification | | Lot Area | Type Hse | Heat | | Yr Blt | Zoning District | |
| 2 | 68-036- | 39 | SPRING HILL ROAD | | | 109 | Multi-House Parcel | | 6.72 | Cottage | Baseboard Hot Water | | 1757 | R-2 | |
| 3 | 52-001- | 405 | ROUTE 6A | | | 109 | Multi-House Parcel | | 1.46 | Antique 1 | No Heat | | 1764 | R-2 | |
| 4 | 67-051- | 244 | ROUTE 6A | | | 109 | Multi-House Parcel | | 0.88 | Ranch | Wall Furnace | | 1800 | R-2 | |
| 5 | 61-086- | 10 | PLOUGHED NECK ROAD EXT | | | 109 | Multi-House Parcel | | 0.87 | Antique 1 | No Heat | | 1830 | R-2 | |
| 6 | 11-055- | 45 | ROUTE 130 | | | 109 | Multi-House Parcel | | 2.02 | Cape | Baseboard Hot Water | | 1835 | R-2 | |
| 7 | 12-015- | 117 | ROUTE 130 | | | 109 | Multi-House Parcel | | 3.70 | Old Style | Baseboard Hot Water | | 1857 | R-2 | |
| 8 | 58-026- | 264 | ROUTE 6A | | | 109 | Multi-House Parcel | | 2.03 | Old Style | Baseboard Hot Water | | 1875 | R-2 | |
| 9 | 67-012- | 214 | ROUTE 6A | | | 109 | Multi-House Parcel | | 11.12 | Cottage | Forced Air | | 1900 | R-2 | |
| 10 | 40-101- | 420 | QUAKER MEETINGHOUSE ROAD | | | 109 | Multi-House Parcel | | 3.20 | Cottage | Forced Air | | 1910 | R-2 | |
| 11 | 68-038- | 55 | SPRING HILL ROAD | | | 109 | Multi-House Parcel | | 2.90 | Cape | Forced Air | | 1920 | R-2 | |
| 12 | 11-064- | 73 | ROUTE 130 | | | 109 | Multi-House Parcel | | 2.02 | Ranch | Forced Air | | 1925 | R-2 | |
| 13 | 11-065- | 75 | ROUTE 130 | | | 109 | Multi-House Parcel | | 0.75 | Ranch | Baseboard/Electric | | 1926 | R-2 | |
| 14 | 12-103- | 56 | EAST ROAD | | | 109 | Multi-House Parcel | | 0.52 | Cape | Forced Air | | 1930 | R-2 | |
| 15 | 60-013- | 367 | ROUTE 6A | | | 109 | Multi-House Parcel | | 0.81 | Old Style | Forced Air | | 1930 | R-2 | |
| 16 | 64-100- | 5 | BEACHWAY WEST | | | 109 | Multi-House Parcel | | 0.23 | Ranch | No Heat | | 1939 | R-2 | |
| 17 | 77-057- | 95 | SALT MARSH ROAD | | | 109 | Multi-House Parcel | | 0.22 | Cottage | Wall Furnace | | 1945 | R-2 | |
| 18 | 70-002- | 69 | PLOUGHED NECK ROAD | | | 109 | Multi-House Parcel | | 1.96 | Ranch | Forced Air | | 1945 | R-2 | |
| 19 | 56-062- | 18 | SOLOMON POND ROAD | | | 109 | Multi-House Parcel | | 10.59 | Ranch | Forced Air/Air Cond | | 1947 | R-2 | |
| 20 | 13-001- | 5 | JOHN EWER ROAD | | | 109 | Multi-House Parcel | | 29.59 | Cape | No Heat | | 1947 | R-2 | |
| 21 | 64-091- | 6 | THE MALL | | | 109 | Multi-House Parcel | | 0.17 | Cape | No Heat | | 1949 | R-2 | |
| 22 | 56-015- | 52 | CARLETON DRIVE | | | 109 | Multi-House Parcel | | 3.06 | Cape | Baseboard/Electric | | 1949 | R-2 | |
| 23 | 61-075- | 12 | FLEETWOOD ROAD | | | 109 | Multi-House Parcel | | 1.70 | Cottage | Baseboard Hot Water | | 1950 | R-2 | |

Developable Land in R-2 Zoning District

| Parcel | St # | Sf | Street Name | Cls | Classifctn Desc | Land Area | Zoning (est) |
|--------|------|-----|-------------|-----|-----------------|-----------|--------------|
| 27-025- | 0 | | ROUTE 130 | 440 | Developable Land | 0.05 | R-2 |
| 09-071- | 377 | | LAKE SHORE DRIVE | 130 | Developable Land | 0.08 | R-2 |
| 61-015- | 53 | | PLOUGHED NECK ROAD | 130 | Developable Land | 0.10 | R-2 |
| 18-077- | 208 | Q | FARMERSVILLE ROAD | 130 | Developable Land | 0.11 | R-2 |
| 47-006- | 6 | | PINE ROAD FORESTDALE | 130 | Developable Land | 0.11 | R-2 |
| 47-012- | 9 | | WEST ROAD | 130 | Developable Land | 0.11 | R-2 |
| 47-014- | 15 | | WEST ROAD | 130 | Developable Land | 0.11 | R-2 |
| 56-070- | 62 | | CRANBERRY TRAIL | 130 | Developable Land | 0.11 | R-2 |
| 70-018- | 8 | | OCEAN ROAD | 130 | Developable Land | 0.11 | R-2 |
| 70-039- | 28 | | PINE ROAD | 130 | Developable Land | 0.13 | R-2 |
| 55-032- | 31 | | WING BOULEVARD WEST | 130 | Developable Land | 0.14 | R-2 |
| 55-033- | 33 | | WING BOULEVARD WEST | 130 | Developable Land | 0.14 | R-2 |
| 55-066- | 30 | | WING BOULEVARD WEST | 130 | Developable Land | 0.14 | R-2 |
| 55-067- | 26 | | WING BOULEVARD WEST | 130 | Developable Land | 0.14 | R-2 |
| 55-085- | 76 | | BEACHWAY ROAD | 130 | Developable Land | 0.14 | R-2 |
| 55-086- | 74 | | BEACHWAY ROAD | 130 | Developable Land | 0.14 | R-2 |
| 55-087- | 72 | | BEACHWAY ROAD | 130 | Developable Land | 0.14 | R-2 |
| 55-106- | 9 | | WING BOULEVARD EAST | 130 | Developable Land | 0.14 | R-2 |
| 55-212- | 24 | | WING BOULEVARD WEST | 130 | Developable Land | 0.14 | R-2 |
| 55-107- | 11 | | WING BOULEVARD EAST | 130 | Developable Land | 0.15 | R-2 |
| 47-015- | 4 | | WEST ROAD | 130 | Developable Land | 0.16 | R-2 |
| 47-023- | 2 | | WEST ROAD | 130 | Developable Land | 0.17 | R-2 |
| 08-185-47/ | 0 | | RYDER CIRCLE | 130 | Developable Land | 0.18 | R-2 |
| 85-029- | 0 | | SPRING HILL BEACH | 130 | Developable Land | 0.19 | R-2 |
| 61-034- | 5 | | RICHARDS WAY | 130 | Developable Land | 0.20 | R-2 |
| 70-041- | 20 | | PINE ROAD | 130 | Developable Land | 0.20 | R-2 |
| 55-073- | 0 | | BEACHWAY ROAD | 130 | Developable Land | 0.21 | R-2 |
| 08-185-01/ | 0 | | MADAKET WAY | 130 | Developable Land | 0.22 | R-2 |
| 09-069- | 354 | | LAKE SHORE DRIVE | 130 | Developable Land | 0.22 | R-2 |
| 09-075- | 385 | | LAKE SHORE DRIVE | 130 | Developable Land | 0.22 | R-2 |
| 18-010- | 38 | | WESTERLY DRIVE | 130 | Developable Land | 0.22 | R-2 |
| 18-078- | 208 | N | FARMERSVILLE ROAD | 130 | Developable Land | 0.22 | R-2 |
| 64-073- | 20 | | CAPTAIN WING ROAD | 130 | Developable Land | 0.22 | R-2 |
| 17-217- | 0 | | ROUTE 130 | 130 | Developable Land | 0.23 | R-2 |
| 64-031- | 3 | | CAPTAIN CROCKER ROAD | 130 | Developable Land | 0.23 | R-2 |
| 06-171- | 8 | | CARR LANE | 130 | Developable Land | 0.25 | R-2 |

Plaintiff's Exhibit 23                Developable Land in R-2 Zoning District

| Parcel | | Street | | Area | Description | Acres | Zone |
|---|---|---|---|---|---|---|---|
| 64-011- | 12 | CAPTAIN GREAVES ROAD | | 130 | Developable Land | 0.25 | R-2 |
| 64-109- | 11 | THE MALL | | 130 | Developable Land | 0.25 | R-2 |
| 06-171-002 | 0 | CARR LANE | | 130 | Developable Land | 0.27 | R-2 |
| 06-171-004 | 4 | CARR LANE | | 130 | Developable Land | 0.27 | R-2 |
| 55-065- | 34 | WING BOULEVARD WEST | | 130 | Developable Land | 0.28 | R-2 |
| 55-136- | 64 | WING BOULEVARD EAST | | 130 | Developable Land | 0.28 | R-2 |
| 52-027- | 0 | OFF RTE 6A | | 390 | Developable Land | 0.30 | R-2 |
| 28-165- | 56 | WOODRIDGE ROAD | | 130 | Developable Land | 0.34 | R-2 |
| 55-020- | 5 | CAPTAIN PAINE ROAD | | 130 | Developable Land | 0.34 | R-2 |
| 64-053- | 2 | CAPTAIN COLE ROAD | | 130 | Developable Land | 0.34 | R-2 |
| 08-185-052 | 17 | MANAMOK CIRCLE | | 130 | Developable Land | 0.35 | R-2 |
| 09-244- | 8 | REFLECTION DRIVE | | 130 | Developable Land | 0.35 | R-2 |
| 11-244- | 68 | ROUTE 130 | | 130 | Developable Land | 0.35 | R-2 |
| 13-234- | 35 | CLIPPER CIRCLE | | 130 | Developable Land | 0.35 | R-2 |
| 31-180- | 0 R | CRESCENT HILL ROAD | | 130 | Developable Land | 0.35 | R-2 |
| 36-097- | 211 | OLD COUNTY ROAD | | 130 | Developable Land | 0.35 | R-2 |
| 35-025- | 583 | ROUTE 6A | | 130 | Developable Land | 0.36 | R-2 |
| 77-035- | 2 | SALT MARSH ROAD | | 130 | Developable Land | 0.36 | R-2 |
| 11-029- | 0 | J BRADEN THOMPSON ROA | | 130 | Developable Land | 0.37 | R-2 |
| 08-185-064 | 0 | RYDER CIRCLE | | 130 | Developable Land | 0.38 | R-2 |
| 06-091- | 13 | FREEDOM ROAD | | 130 | Developable Land | 0.39 | R-2 |
| 07-085- | 17 | COVE ROAD | | 130 | Developable Land | 0.39 | R-2 |
| 08-185-065 | 0 | RYDER CIRCLE | | 130 | Developable Land | 0.39 | R-2 |
| 09-239- | 3 | WINDY PINE LANE | | 130 | Developable Land | 0.39 | R-2 |
| 09-267- | 6 | INDIAN SUMMER LANE | | 130 | Developable Land | 0.39 | R-2 |
| 19-022- | 3 | LAKEVIEW DRIVE | | 130 | Developable Land | 0.39 | R-2 |
| 23-367- | 51 | KIAHS WAY | | 130 | Developable Land | 0.39 | R-2 |
| 28-172- | 220 | QUAKER MEETINGHOUSE F | | 130 | Developable Land | 0.39 | R-2 |
| 51-001- | 10 | PUTTING GREEN CIRCLE | | 130 | Developable Land | 0.39 | R-2 |
| 55-007- | 4 | CAPTAIN WING ROAD | | 130 | Developable Land | 0.39 | R-2 |
| 11-035- | 4 | FAITH LANE | | 130 | Developable Land | 0.40 | R-2 |
| 09-229- | 4 | TAMARACK LANE | | 130 | Developable Land | 0.41 | R-2 |
| 09-271- | 31 | OPEN SPACE DRIVE | | 130 | Developable Land | 0.41 | R-2 |
| 09-287- | 3 | BIRCHWOOD LANE | | 130 | Developable Land | 0.41 | R-2 |
| 55-009- | 46 | HAMMOND ROAD | | 130 | Developable Land | 0.41 | R-2 |
| 09-218- | 28 | REFLECTION DRIVE | | 130 | Developable Land | 0.42 | R-2 |
| 09-289- | 7 | BIRCHWOOD LANE | | 130 | Developable Land | 0.42 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| | | | | | | |
|---|---|---|---|---|---|---|
| 14-176- | 21 | OPEN SPACE DRIVE | 130 | Developable Land | 0.42 | R-2 |
| 09-209- | 40 | REFLECTION DRIVE | 130 | Developable Land | 0.43 | R-2 |
| 23-332- | 45 | MILL ROAD | 130 | Developable Land | 0.43 | R-2 |
| 56-060- | 0 | BEACH WAY | 130 | Developable Land | 0.43 | R-2 |
| 02-002- | 25 | FALMOUTH-SANDWICH RO | 130 | Developable Land | 0.45 | R-2 |
| 06-118- | 75 | FALMOUTH-SANDWICH RO | 130 | Developable Land | 0.45 | R-2 |
| 06-294- | 35 | FALMOUTH-SANDWICH RO | 130 | Developable Land | 0.45 | R-2 |
| 06-404- | 36 | DEEP WOOD DRIVE | 130 | Developable Land | 0.45 | R-2 |
| 06-405- | 34 | DEEP WOOD DRIVE | 130 | Developable Land | 0.45 | R-2 |
| 06-415- | 14 | DEEP WOOD DRIVE | 130 | Developable Land | 0.45 | R-2 |
| 06-428- | 14 | FOREST ROAD | 130 | Developable Land | 0.45 | R-2 |
| 06-433- | 8 | FOREST ROAD | 130 | Developable Land | 0.45 | R-2 |
| 06-438- | 5 | DEEP WOOD DRIVE | 130 | Developable Land | 0.45 | R-2 |
| 06-444- | 4 | DEEP WOOD DRIVE | 130 | Developable Land | 0.45 | R-2 |
| 14-175- | 2 | OPEN TRAIL ROAD | 130 | Developable Land | 0.45 | R-2 |
| 18-097- | 9 | LUSCOMBE LANE | 130 | Developable Land | 0.45 | R-2 |
| 18-144- | 32 | LUSCOMBE LANE | 130 | Developable Land | 0.45 | R-2 |
| 18-249- | 24 | NAUSET STREET | 130 | Developable Land | 0.45 | R-2 |
| 40-087- | 17 | EARL ROAD | 130 | Developable Land | 0.45 | R-2 |
| 62-007- | 18 | MARSHVIEW CIRCLE | 130 | Developable Land | 0.45 | R-2 |
| 04-006- | 309 | MEIGGS-BACKUS ROAD | 130 | Developable Land | 0.46 | R-2 |
| 05-118- | 7 | OLD SNAKE POND ROAD | 130 | Developable Land | 0.46 | R-2 |
| 05-202- | 17 | WEEKS POND DRIVE | 130 | Developable Land | 0.46 | R-2 |
| 05-216- | 6 | SPRUCE TREE LANE | 130 | Developable Land | 0.46 | R-2 |
| 06-009- | 32 | COUNTRY FARM ROAD | 130 | Developable Land | 0.46 | R-2 |
| 06-039- | 9 | COUNTRY FARM ROAD | 130 | Developable Land | 0.46 | R-2 |
| 06-449- | 33 | COUNTRY FARM ROAD | 130 | Developable Land | 0.46 | R-2 |
| 10-038- | 9 | OLD SNAKE POND ROAD | 130 | Developable Land | 0.46 | R-2 |
| 13-230- | 27 | CLIPPER CIRCLE | 130 | Developable Land | 0.46 | R-2 |
| 31-146- | 7 | OAK HILL PARK | 130 | Developable Land | 0.46 | R-2 |
| 56-067- | 76 | CRANBERRY TRAIL | 130 | Developable Land | 0.46 | R-2 |
| 62-008- | 16 | MARSHVIEW CIRCLE | 130 | Developable Land | 0.46 | R-2 |
| 62-009- | 14 | MARSHVIEW CIRCLE | 130 | Developable Land | 0.46 | R-2 |
| 06-013- | 24 A | COUNTRY FARM ROAD | 130 | Developable Land | 0.47 | R-2 |
| 06-014- | 24 | COUNTRY FARM ROAD | 130 | Developable Land | 0.47 | R-2 |
| 06-055- | 21 | LAUREL LANE | 130 | Developable Land | 0.47 | R-2 |
| 06-116- | 4 | FRIENDLY ROAD | 130 | Developable Land | 0.47 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 06-285- | 9 | ROUTE 130 | | 130 | Developable Land | 0.47 | R-2 |
| 06-336- | 25 | DANA ROAD | | 130 | Developable Land | 0.47 | R-2 |
| 09-134- | 2 | BUNKER CIRCLE | | 130 | Developable Land | 0.47 | R-2 |
| 15-068- | 9 | OLD FORGE ROAD | | 130 | Developable Land | 0.47 | R-2 |
| 23-202- | 11 | NOTTINGHAM DRIVE | | 130 | Developable Land | 0.47 | R-2 |
| 06-020- | 1 | CROSS HILL ROAD | | 130 | Developable Land | 0.48 | R-2 |
| 06-346- | 13 | TABOR ROAD | | 130 | Developable Land | 0.48 | R-2 |
| 06-445- | 2 | DEEP WOOD DRIVE | | 130 | Developable Land | 0.48 | R-2 |
| 09-079- | 27 | HOLLY RIDGE DRIVE | | 130 | Developable Land | 0.48 | R-2 |
| 09-132- | 6 | BUNKER CIRCLE | | 130 | Developable Land | 0.48 | R-2 |
| 09-265- | 3 | INDIAN SUMMER LANE | | 130 | Developable Land | 0.48 | R-2 |
| 14-301- | 3 | TELBIN LANE | | 130 | Developable Land | 0.48 | R-2 |
| 19-051- | 44 | STOWE ROAD | | 130 | Developable Land | 0.48 | R-2 |
| 40-039- | 20 | CRESTVIEW DRIVE | | 130 | Developable Land | 0.48 | R-2 |
| 06-086- | 6 | FREEDOM ROAD | | 130 | Developable Land | 0.49 | R-2 |
| 14-263- | 130 | HARLOW ROAD | | 130 | Developable Land | 0.49 | R-2 |
| 18-205- | 8 | DEEP HOLE WAY | | 130 | Developable Land | 0.49 | R-2 |
| 20-091- | 55 | POPPLE BOTTOM ROAD | | 130 | Developable Land | 0.49 | R-2 |
| 56-066- | 80 | CRANBERRY TRAIL | | 130 | Developable Land | 0.49 | R-2 |
| 05-191- | 0 | WEEKS POND DRIVE | | 130 | Developable Land | 0.50 | R-2 |
| 06-416- | 12 | DEEP WOOD DRIVE | | 130 | Developable Land | 0.50 | R-2 |
| 23-065- | 4 | FIGURE WAY | | 130 | Developable Land | 0.50 | R-2 |
| 36-068- | 13 | JACK KELLY ROAD | | 130 | Developable Land | 0.50 | R-2 |
| 50-024- | 42 | MEADOW SPRING DRIVE | | 130 | Developable Land | 0.50 | R-2 |
| 56-068- | 68 | CRANBERRY TRAIL | | 130 | Developable Land | 0.50 | R-2 |
| 06-337- | 0 | DANA ROAD | | 130 | Developable Land | 0.51 | R-2 |
| 06-423- | 31 | DEEP WOOD DRIVE | | 130 | Developable Land | 0.51 | R-2 |
| 18-198- | 28 | SPINNAKER STREET | | 130 | Developable Land | 0.51 | R-2 |
| 18-219- | 1 | DEEP HOLE WAY | | 130 | Developable Land | 0.51 | R-2 |
| 36-061- | 6 | KENNETH STREET | | 130 | Developable Land | 0.51 | R-2 |
| 40-058- | 47 | ATKINS ROAD | | 130 | Developable Land | 0.51 | R-2 |
| 48-017- | 2 | CRANBERRY TRAIL | | 130 | Developable Land | 0.51 | R-2 |
| 48-018- | 7 | SANDY NECK ROAD | | 130 | Developable Land | 0.51 | R-2 |
| 06-001- | 44 | GREENHOUSE ROAD | | 130 | Developable Land | 0.52 | R-2 |
| 06-048-001 | 3 | LAUREL LANE | | 130 | Developable Land | 0.52 | R-2 |
| 09-191- | 4 | FIELD ISLAND POINT | | 130 | Developable Land | 0.52 | R-2 |
| 14-108- | 10 | RACE LANE | | 130 | Developable Land | 0.52 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| Parcel | # | Street | | | | |
|---|---|---|---|---|---|---|
| 15-053- | 13 | TIMBER WAY | 130 | Developable Land | 0.52 | R-2 |
| 06-011- | 28 | COUNTRY FARM ROAD | 130 | Developable Land | 0.53 | R-2 |
| 06-408- | 28 | DEEP WOOD DRIVE | 130 | Developable Land | 0.53 | R-2 |
| 23-393- | 10 | FOX HILL LANE | 130 | Developable Land | 0.53 | R-2 |
| 36-070- | 17 | JACK KELLY ROAD | 130 | Developable Land | 0.53 | R-2 |
| 50-061- | 16 | PUTTING GREEN CIRCLE | 130 | Developable Land | 0.53 | R-2 |
| 06-437- | 1 | DEEP WOOD DRIVE | 130 | Developable Land | 0.54 | R-2 |
| 09-303- | 29 | REFLECTION DRIVE | 130 | Developable Land | 0.54 | R-2 |
| 54-088- | 0 | CAPTAIN MORGAN ROAD | 130 | Developable Land | 0.54 | R-2 |
| 23-062- | 3 | FIGURE WAY | 130 | Developable Land | 0.55 | R-2 |
| 30-206- | 3 | SHEEP PASTURE WAY | 130 | Developable Land | 0.55 | R-2 |
| 48-016- | 8 | CRANBERRY TRAIL | 130 | Developable Land | 0.55 | R-2 |
| 06-049- | 9 | LAUREL LANE | 130 | Developable Land | 0.56 | R-2 |
| 06-422- | 25 | DEEP WOOD DRIVE | 130 | Developable Land | 0.56 | R-2 |
| 09-177- | 38 | HOLLY RIDGE DRIVE | 130 | Developable Land | 0.56 | R-2 |
| 11-189- | 21 | GRAND OAK ROAD | 130 | Developable Land | 0.57 | R-2 |
| 11-230- | 5 | HUCKLEBERRY LANE | 130 | Developable Land | 0.57 | R-2 |
| 22-122- | 39 | PICCADILLY ROAD | 130 | Developable Land | 0.57 | R-2 |
| 70-133- | 0 | PLOUGHED NECK ROAD | 130 | Developable Land | 0.57 | R-2 |
| 06-407- | 30 | DEEP WOOD DRIVE | 130 | Developable Land | 0.58 | R-2 |
| 07-143- | 18 | HIRSCH ROAD | 130 | Developable Land | 0.58 | R-2 |
| 08-030- | 7 | HOLLY RIDGE DRIVE | 130 | Developable Land | 0.58 | R-2 |
| 28-069- | 106 | KIAHS WAY | 130 | Developable Land | 0.58 | R-2 |
| 55-016- | 10 | CAPTAIN PAINE ROAD | 130 | Developable Land | 0.58 | R-2 |
| 14-303- | 6 | TELBIN LANE | 130 | Developable Land | 0.59 | R-2 |
| 05-081- | 19 | BLACKTHORN PATH | 130 | Developable Land | 0.60 | R-2 |
| 06-048- | 1 | LAUREL LANE | 130 | Developable Land | 0.60 | R-2 |
| 06-436- | 8 | LAUREL LANE | 130 | Developable Land | 0.60 | R-2 |
| 14-268- | 11 | GREENWAY CIRCLE | 130 | Developable Land | 0.60 | R-2 |
| 59-027- | 286 | ROUTE 6A | 130 | Developable Land | 0.60 | R-2 |
| 11-193- | 29 | GRAND OAK ROAD | 130 | Developable Land | 0.62 | R-2 |
| 14-314- | 5 | FIRETHORN LANE | 130 | Developable Land | 0.62 | R-2 |
| 20-147- | 88 | GREAT HILL ROAD | 130 | Developable Land | 0.62 | R-2 |
| 23-063- | 5 | FIGURE WAY | 130 | Developable Land | 0.62 | R-2 |
| 30-199- | 0 | OLD COUNTY WAY | 130 | Developable Land | 0.62 | R-2 |
| 56-065- | 84 | CRANBERRY TRAIL | 130 | Developable Land | 0.62 | R-2 |
| 09-077- | 5 | BY-THE-GREEN CIRCLE | 130 | Developable Land | 0.64 | R-2 |

Plaintiff's Exhibit 23    Developable Land in R-2 Zoning District

| Parcel | No. | Street | | | | |
|---|---|---|---|---|---|---|
| 06-446- | 5 | SCOTCH PINE LANE | 130 | Developable Land | 0.65 | R-2 |
| 11-086- | 7 | CHECKERBERRY LANE | 130 | Developable Land | 0.65 | R-2 |
| 11-183- | 5 | LITTLE ACORN LANE | 130 | Developable Land | 0.65 | R-2 |
| 57-008- | 90 | CRANBERRY TRAIL | 130 | Developable Land | 0.65 | R-2 |
| 13-010- | 1 | NAUSET STREET | 130 | Developable Land | 0.66 | R-2 |
| 40-033- | 13 | CRESTVIEW DRIVE | 130 | Developable Land | 0.66 | R-2 |
| 06-050- | 11 | LAUREL LANE | 130 | Developable Land | 0.67 | R-2 |
| 18-261- | 7 | NAUSET STREET | 130 | Developable Land | 0.67 | R-2 |
| 20-070- | 77 | GREAT HILL ROAD | 130 | Developable Land | 0.67 | R-2 |
| 05-080- | 17 | BLACKTHORN PATH | 130 | Developable Land | 0.68 | R-2 |
| 11-101- | 36 | GRANDWOOD DRIVE | 130 | Developable Land | 0.68 | R-2 |
| 23-357- | 0 | WOODRIDGE ROAD | 130 | Developable Land | 0.69 | R-2 |
| 52-048- | 10 | JACOBS MEADOW ROAD | 130 | Developable Land | 0.69 | R-2 |
| 60-042- | 12 | QUIET STREET | 130 | Developable Land | 0.69 | R-2 |
| 60-043- | 14 | QUIET STREET | 130 | Developable Land | 0.69 | R-2 |
| 60-044- | 16 | QUIET STREET | 130 | Developable Land | 0.69 | R-2 |
| 60-046- | 20 | QUIET STREET | 130 | Developable Land | 0.69 | R-2 |
| 60-049- | 21 | QUIET STREET | 130 | Developable Land | 0.69 | R-2 |
| 60-050- | 19 | QUIET STREET | 130 | Developable Land | 0.69 | R-2 |
| 60-051- | 17 | QUIET STREET | 130 | Developable Land | 0.69 | R-2 |
| 05-240- | 7 | JODY LANE | 130 | Developable Land | 0.70 | R-2 |
| 06-033- | 2 | CROSS HILL ROAD | 130 | Developable Land | 0.70 | R-2 |
| 06-035- | 6 | COUNTRY FARM ROAD | 130 | Developable Land | 0.70 | R-2 |
| 55-151- | 4 | WING BOULEVARD | 130 | Developable Land | 0.70 | R-2 |
| 60-040- | 5 | COWSLIP PATH | 130 | Developable Land | 0.70 | R-2 |
| 60-045- | 18 | QUIET STREET | 130 | Developable Land | 0.70 | R-2 |
| 07-132- | 16 | PICKEREL WAY | 130 | Developable Land | 0.71 | R-2 |
| 60-038- | 4 | COWSLIP PATH | 130 | Developable Land | 0.73 | R-2 |
| 60-041- | 1 | COWSLIP PATH | 130 | Developable Land | 0.73 | R-2 |
| 60-062- | 3 | NORSE PINES DRIVE | 130 | Developable Land | 0.73 | R-2 |
| 60-063- | 1 | NORSE PINES DRIVE | 130 | Developable Land | 0.74 | R-2 |
| 52-049- | 8 | JACOBS MEADOW ROAD | 130 | Developable Land | 0.75 | R-2 |
| 26-008- | 17 | CRESCENT HILL ROAD | 130 | Developable Land | 0.76 | R-2 |
| 60-039- | 6 | COWSLIP PATH | 130 | Developable Land | 0.76 | R-2 |
| 60-048- | 23 | QUIET STREET | 130 | Developable Land | 0.76 | R-2 |
| 60-059- | 9 | NORSE PINES DRIVE | 130 | Developable Land | 0.76 | R-2 |
| 57-012- | 15 | SHAW STREET | 130 | Developable Land | 0.81 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| | | | | | | |
|---|---|---|---|---|---|---|
| 60-060- | 7 | NORSE PINES DRIVE | 130 | Developable Land | 0.81 | R-2 |
| 60-058- | 11 | NORSE PINES DRIVE | 130 | Developable Land | 0.82 | R-2 |
| 16-064- | 11 | WINDSONG ROAD | 130 | Developable Land | 0.83 | R-2 |
| 60-057- | 6 | NORSE PINES DRIVE | 130 | Developable Land | 0.83 | R-2 |
| 52-045- | 1 | ATWOOD STROLL | 130 | Developable Land | 0.84 | R-2 |
| 52-050- | 6 | JACOBS MEADOW ROAD | 130 | Developable Land | 0.84 | R-2 |
| 60-032- | 15 | ATWOOD STROLL | 130 | Developable Land | 0.84 | R-2 |
| 60-033- | 17 | ATWOOD STROLL | 130 | Developable Land | 0.86 | R-2 |
| 60-056- | 10 | NORSE PINES DRIVE | 130 | Developable Land | 0.86 | R-2 |
| 60-061- | 5 | NORSE PINES DRIVE | 130 | Developable Land | 0.86 | R-2 |
| 31-144- | 3 | OAK HILL PARK | 130 | Developable Land | 0.87 | R-2 |
| 60-034- | 19 | ATWOOD STROLL | 130 | Developable Land | 0.88 | R-2 |
| 60-055- | 12 | NORSE PINES DRIVE | 130 | Developable Land | 0.88 | R-2 |
| 06-030- | 8 | CROSS HILL ROAD | 130 | Developable Land | 0.90 | R-2 |
| 35-012- | 15 | OLD MILL ROAD | 130 | Developable Land | 0.91 | R-2 |
| 52-047- | 7 | JACOBS MEADOW ROAD | 130 | Developable Land | 0.91 | R-2 |
| 57-030- | 0 | SHAW STREET | 130 | Developable Land | 0.91 | R-2 |
| 68-048- | 7 | STONEFIELD DRIVE | 130 | Developable Land | 0.91 | R-2 |
| 06-205- | 5 | LIGHTHOUSE LANE | 130 | Developable Land | 0.92 | R-2 |
| 07-030- | 29 | CRAFT ROAD | 130 | Developable Land | 0.92 | R-2 |
| 20-118- | 110 | GREAT HILL ROAD | 130 | Developable Land | 0.92 | R-2 |
| 55-156- | 35 | LONGHILL DRIVE | 130 | Developable Land | 0.92 | R-2 |
| 57-020- | 40 | LEONARD ROAD | 130 | Developable Land | 0.92 | R-2 |
| 06-232- | 47 | ANCHOR DRIVE | 130 | Developable Land | 0.93 | R-2 |
| 08-185-08' | 0 | BOARDLEY ROAD | 130 | Developable Land | 0.93 | R-2 |
| 12-139- | 10 | JOHN EWER ROAD | 130 | Developable Land | 0.93 | R-2 |
| 18-084- | 196 | FARMERSVILLE ROAD | 130 | Developable Land | 0.93 | R-2 |
| 60-035- | 21 | ATWOOD STROLL | 130 | Developable Land | 0.93 | R-2 |
| 08-189- | 92 | BOARDLEY ROAD | 130 | Developable Land | 0.94 | R-2 |
| 13-007- | 167 | COTUIT ROAD | 130 | Developable Land | 0.94 | R-2 |
| 13-101- | 106 | JOHN EWER ROAD | 130 | Developable Land | 0.94 | R-2 |
| 50-020- | 2 | HORNBEAM CIRCLE | 130 | Developable Land | 0.94 | R-2 |
| 18-083- | 200 | FARMERSVILLE ROAD | 130 | Developable Land | 0.95 | R-2 |
| 19-038- | 108 | STOWE ROAD | 130 | Developable Land | 0.95 | R-2 |
| 35-067- | 0 | OLD COUNTY ROAD | 130 | Developable Land | 0.95 | R-2 |
| 49-027- | 24 | CARLETON DRIVE | 130 | Developable Land | 0.96 | R-2 |
| 49-029- | 0 | CARLETON DRIVE | 130 | Developable Land | 0.96 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| | | | | | | |
|---|---|---|---|---|---|---|
| 06-409- | 26 | DEEP WOOD DRIVE | 130 | Developable Land | 0.97 | R-2 |
| 49-030- | 3 | LOST MEADOWS ROAD | 130 | Developable Land | 0.97 | R-2 |
| 48-002- | 1 | VISTA LANE | 130 | Developable Land | 0.98 | R-2 |
| 57-016- | 23 | SHAW STREET | 130 | Developable Land | 0.98 | R-2 |
| 25-060- | 0 | OCEAN VIEW DRIVE | 130 | Developable Land | 0.99 | R-2 |
| 20-104- | 46 | POPPLE BOTTOM ROAD | 130 | Developable Land | 1.00 | R-2 |
| 25-057- | 0 | OCEAN VIEW DRIVE | 130 | Developable Land | 1.00 | R-2 |
| 25-058- | 0 | OCEAN VIEW DRIVE | 130 | Developable Land | 1.00 | R-2 |
| 25-059- | 0 | OCEAN VIEW DRIVE | 130 | Developable Land | 1.00 | R-2 |
| 55-167- | 6 | SCORTON MARSH ROAD | 130 | Developable Land | 1.00 | R-2 |
| 75-007- | 0 | GREAT ISLAND ROAD | 130 | Developable Land | 1.00 | R-2 |
| 59-010- | 287 | ROUTE 6A | 130 | Developable Land | 1.01 | R-2 |
| 23-161- | 4 | STABLE WAY | 130 | Developable Land | 1.02 | R-2 |
| 13-177- | 84 | BOARDLEY ROAD | 130 | Developable Land | 1.03 | R-2 |
| 31-137- | 0 | WEST MEETINGHOUSE RO/ | 130 | Developable Land | 1.03 | R-2 |
| 13-010- | 39 | JOHN EWER ROAD | 130 | Developable Land | 1.04 | R-2 |
| 23-159- | 7 | STABLE WAY | 130 | Developable Land | 1.04 | R-2 |
| 28-079- | 22 | COURTLAND DRIVE | 130 | Developable Land | 1.04 | R-2 |
| 49-034- | 5 | HORNBEAM CIRCLE | 130 | Developable Land | 1.05 | R-2 |
| 56-026- | 18 | LOST MEADOWS ROAD | 130 | Developable Land | 1.05 | R-2 |
| 60-052- | 19 | NORSE PINES DRIVE | 130 | Developable Land | 1.05 | R-2 |
| 11-258- | 17 | PINECREST DRIVE | 130 | Developable Land | 1.07 | R-2 |
| 24-210- | 11 | FOX TROT RUN | 130 | Developable Land | 1.08 | R-2 |
| 49-003- | 5 | WING BOULEVARD EAST | 130 | Developable Land | 1.08 | R-2 |
| 09-168- | 56 | EVERGREEN DRIVE | 130 | Developable Land | 1.09 | R-2 |
| 50-011- | 37 | MEADOW SPRING DRIVE | 130 | Developable Land | 1.09 | R-2 |
| 60-053- | 17 | NORSE PINES DRIVE | 130 | Developable Land | 1.09 | R-2 |
| 59-009- | 281 | ROUTE 6A | 130 | Developable Land | 1.11 | R-2 |
| 67-001- | 10 | GULLY LANE | 130 | Developable Land | 1.11 | R-2 |
| 31-179- | 4 | CRESCENT HILL ROAD | 130 | Developable Land | 1.12 | R-2 |
| 55-028- | 7 | WING BOULEVARD WEST | 130 | Developable Land | 1.12 | R-2 |
| 56-022- | 18 | SCORTON MARSH ROAD | 130 | Developable Land | 1.13 | R-2 |
| 60-054- | 16 | NORSE PINES DRIVE | 130 | Developable Land | 1.13 | R-2 |
| 54-008- | 32 | FORT HILL ROAD | 130 | Developable Land | 1.15 | R-2 |
| 55-202- | 19 | WEATHERVANE LANE | 130 | Developable Land | 1.15 | R-2 |
| 08-185- | 0 | HARLOW ROAD | 130 | Developable Land | 1.17 | R-2 |
| 55-180- | 6 | WEATHERVANE LANE | 130 | Developable Land | 1.17 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 16-023- | 71 | | GRAND OAK ROAD | 130 | Developable Land | 1.18 | R-2 |
| 25-095- | 0 | | MID-CAPE HIGHWAY | 130 | Developable Land | 1.18 | R-2 |
| 23-093- | 0 | R | KENSINGTON DRIVE | 130 | Developable Land | 1.19 | R-2 |
| 16-025- | 28 | | PLEASANTWOOD DRIVE | 130 | Developable Land | 1.21 | R-2 |
| 30-129- | 25 | | VILLAGE DRIVE | 130 | Developable Land | 1.22 | R-2 |
| 67-037- | 14 | | SPRING HILL ROAD | 130 | Developable Land | 1.22 | R-2 |
| 31-023- | 261 | | OLD COUNTY ROAD | 130 | Developable Land | 1.23 | R-2 |
| 55-208- | 22 | | LONGHILL DRIVE | 130 | Developable Land | 1.23 | R-2 |
| 23-160- | 6 | | STABLE WAY | 130 | Developable Land | 1.28 | R-2 |
| 50-014- | 12 | | LOST MEADOWS ROAD | 130 | Developable Land | 1.33 | R-2 |
| 35-009- | 1 | | OLD MILL ROAD | 130 | Developable Land | 1.35 | R-2 |
| 11-263- | 12 | | J BRADEN THOMPSON ROA | 130 | Developable Land | 1.38 | R-2 |
| 12-155- | 1 | | ANNIE'S LANE | 130 | Developable Land | 1.38 | R-2 |
| 17-223- | 4 | | PRINCESS PINE PATH | 130 | Developable Land | 1.38 | R-2 |
| 31-167- | 3 | | CRESCENT HILL ROAD | 130 | Developable Land | 1.38 | R-2 |
| 35-069- | 0 | | OLD COUNTY ROAD | 130 | Developable Land | 1.38 | R-2 |
| 35-097- | 118 | | OLD COUNTY ROAD | 130 | Developable Land | 1.38 | R-2 |
| 39-136- | 0 | | MAGNUSSON COURT | 130 | Developable Land | 1.38 | R-2 |
| 68-033- | 16 | | SPRING HILL ROAD | 130 | Developable Land | 1.38 | R-2 |
| 41-027- | 5 | | JOSLIN LANE | 130 | Developable Land | 1.39 | R-2 |
| 41-028- | 7 | | JOSLIN LANE | 130 | Developable Land | 1.39 | R-2 |
| 50-092- | 2 | | MEADOW SPRING DRIVE | 130 | Developable Land | 1.39 | R-2 |
| 50-094- | 36 | | CRANBERRY TRAIL | 130 | Developable Land | 1.39 | R-2 |
| 55-169- | 2 | | SCORTON MARSH ROAD | 130 | Developable Land | 1.39 | R-2 |
| 18-297- | 207 | | FARMERSVILLE ROAD | 130 | Developable Land | 1.40 | R-2 |
| 18-299- | 218 | | COTUIT ROAD | 130 | Developable Land | 1.40 | R-2 |
| 17-027- | 73 | | GREENVILLE DRIVE | 130 | Developable Land | 1.41 | R-2 |
| 49-013- | 2 | | BEACH PLUM CIRCLE | 130 | Developable Land | 1.41 | R-2 |
| 67-017- | 9 | | BRANT HILL ROAD | 130 | Developable Land | 1.42 | R-2 |
| 24-196- | 16 | | SCHUMACHER WAY | 130 | Developable Land | 1.43 | R-2 |
| 50-013- | 14 | | LOST MEADOWS ROAD | 130 | Developable Land | 1.43 | R-2 |
| 18-296- | 203 | | FARMERSVILLE ROAD | 130 | Developable Land | 1.44 | R-2 |
| 06-451- | 20 | | PINECREST DRIVE | 130 | Developable Land | 1.48 | R-2 |
| 48-027- | 661 | | ROUTE 6A | 130 | Developable Land | 1.49 | R-2 |
| 56-034- | 11 | | FOXCROFT LANE | 130 | Developable Land | 1.50 | R-2 |
| 06-450- | 18 | | PINECREST DRIVE | 130 | Developable Land | 1.51 | R-2 |
| 77-008- | 35 | | BOULDER BROOK ROAD | 130 | Developable Land | 1.52 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| Parcel | No. | R | Street | Code | Type | Value | Zone |
|---|---|---|---|---|---|---|---|
| 13-178- | 86 | | BOARDLEY ROAD | 130 | Developable Land | 1.53 | R-2 |
| 13-043- | 2 | | SPINNAKER STREET | 130 | Developable Land | 1.55 | R-2 |
| 48-028- | 663 | | ROUTE 6A | 130 | Developable Land | 1.56 | R-2 |
| 56-016- | 0 | | SCORTON MARSH&CARLET | 130 | Developable Land | 1.60 | R-2 |
| 67-034- | 13 | | SPRING HILL ROAD | 130 | Developable Land | 1.60 | R-2 |
| 35-099- | 2 | | ARMSTRONG FARM ROAD | 130 | Developable Land | 1.63 | R-2 |
| 39-125- | 0 | | YELLOW BIRCH LANE | 130 | Developable Land | 1.65 | R-2 |
| 17-029- | 3 | | THORNBERRY LANE | 130 | Developable Land | 1.66 | R-2 |
| 56-027- | 16 | | LOST MEADOWS ROAD | 130 | Developable Land | 1.70 | R-2 |
| 49-035- | 4 | | LOST MEADOWS ROAD | 130 | Developable Land | 1.71 | R-2 |
| 31-020- | 255 | | OLD COUNTY ROAD | 130 | Developable Land | 1.78 | R-2 |
| 58-025- | 12 | | PUMPHOUSE ROAD | 130 | Developable Land | 1.78 | R-2 |
| 54-093- | 6 | | JANNELL LANE | 130 | Developable Land | 1.80 | R-2 |
| 50-095- | 40 | | CRANBERRY TRAIL | 130 | Developable Land | 1.87 | R-2 |
| 40-015- | 2 | | OLD FARM LANE | 130 | Developable Land | 1.90 | R-2 |
| 25-085- | 187 | | GREAT HILL ROAD | 130 | Developable Land | 1.95 | R-2 |
| 35-029- | 576 | R | ROUTE 6A | 130 | Developable Land | 1.95 | R-2 |
| 16-019- | 63 | | GRAND OAK ROAD | 130 | Developable Land | 1.96 | R-2 |
| 13-151- | 0 | | PAULS WAY | 130 | Developable Land | 2.00 | R-2 |
| 13-152- | 0 | | PAULS WAY | 130 | Developable Land | 2.00 | R-2 |
| 18-300- | 204 | | COTUIT ROAD | 130 | Developable Land | 2.00 | R-2 |
| 04-053- | 285 | | MEIGGS-BACKUS ROAD | 130 | Developable Land | 2.01 | R-2 |
| 60-047- | 24 | | QUIET STREET | 130 | Developable Land | 2.02 | R-2 |
| 13-143- | 57 | | BOARDLEY ROAD | 130 | Developable Land | 2.06 | R-2 |
| 57-002- | 2 | | MAPLE PLACE | 130 | Developable Land | 2.10 | R-2 |
| 35-084- | 0 | | OLD COUNTY WAY | 130 | Developable Land | 2.11 | R-2 |
| 69-035- | 95 | | SPRING HILL ROAD | 130 | Developable Land | 2.11 | R-2 |
| 06-181- | 12 | | GREEN ACRES LANE | 130 | Developable Land | 2.12 | R-2 |
| 20-021- | 0 | | VACATION LANE | 130 | Developable Land | 2.19 | R-2 |
| 53-021- | 36 | | FORT HILL ROAD | 130 | Developable Land | 2.21 | R-2 |
| 67-036- | 31 | | SPRING HILL ROAD | 130 | Developable Land | 2.29 | R-2 |
| 08-193- | 86 | | COTUIT ROAD | 130 | Developable Land | 2.34 | R-2 |
| 77-075- | 1 | | FOSTER ROAD | 130 | Developable Land | 2.41 | R-2 |
| 13-176- | 82 | | BOARDLEY ROAD | 130 | Developable Land | 2.50 | R-2 |
| 13-144- | 1 | | ANNA MARIA ROAD | 130 | Developable Land | 2.52 | R-2 |
| 60-001- | 327 | | ROUTE 6A | 130 | Developable Land | 2.52 | R-2 |
| 14-262- | 135 | | COUNTRY CLUB ROAD | 130 | Developable Land | 2.53 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| Parcel | Qty | Road | Code | Type | Acres | Zone |
|---|---|---|---|---|---|---|
| 40-016-00' | 332 | ROUTE 6A | 130 | Developable Land | 2.59 | R-2 |
| 69-033- | 10 | FOSTER ROAD | 130 | Developable Land | 2.75 | R-2 |
| 13-109- | 2 | WINDY GATE LANE | 130 | Developable Land | 2.76 | R-2 |
| 25-073-00' | 39 | SERVICE ROAD | 130 | Developable Land | 2.76 | R-2 |
| 35-024- | 2 | JOSLIN LANE | 130 | Developable Land | 2.82 | R-2 |
| 25-077- | 12 | CHASE ROAD | 130 | Developable Land | 2.90 | R-2 |
| 17-219- | 3 | ANNIE'S LANE | 130 | Developable Land | 2.93 | R-2 |
| 51-017- | 0 | SANDY NECK ROAD | 130 | Developable Land | 2.99 | R-2 |
| 13-175-00' | 70 | BOARDLEY ROAD | 130 | Developable Land | 3.00 | R-2 |
| 11-253- | 0 | ROUTE 130 | 130 | Developable Land | 3.01 | R-2 |
| 63-048- | 52 | TORREY ROAD | 130 | Developable Land | 3.06 | R-2 |
| 17-220- | 5 | ANNIE'S LANE | 130 | Developable Land | 3.10 | R-2 |
| 08-185-08( | 0 | MUSKEGAT CIRCLE | 130 | Developable Land | 3.18 | R-2 |
| 58-030-00: | 39 | GULLY LANE | 130 | Developable Land | 3.26 | R-2 |
| 49-019- | 627 | ROUTE 6A | 130 | Developable Land | 3.29 | R-2 |
| 14-278- | 126 | COUNTRY CLUB ROAD | 130 | Developable Land | 3.50 | R-2 |
| 17-221- | 6 | ANNIE'S LANE | 130 | Developable Land | 3.62 | R-2 |
| 67-035- | 21 | SPRING HILL ROAD | 130 | Developable Land | 3.80 | R-2 |
| 24-208-00' | 0 | POPPLE BOTTOM ROAD | 130 | Developable Land | 4.00 | R-2 |
| 33-001- | 0 | MID-CAPE HIGHWAY | 130 | Developable Land | 4.00 | R-2 |
| 53-015- | 0 | SCORTON CREEK | 130 | Developable Land | 4.00 | R-2 |
| 69-029- | 24 | ROOS ROAD | 130 | Developable Land | 4.30 | R-2 |
| 34-119- | 42 | OLD MILL ROAD | 130 | Developable Land | 4.40 | R-2 |
| 56-057- | 73 | CRANBERRY TRAIL | 130 | Developable Land | 4.85 | R-2 |
| 13-154- | 0 | PAULS WAY | 130 | Developable Land | 5.00 | R-2 |
| 03-003-00: | 0 | SOUTH SANDWICH ROAD | 130 | Developable Land | 5.71 | R-2 |
| 56-009- | 16 | CARLETON DRIVE EAST | 130 | Developable Land | 5.75 | R-2 |
| 58-028- | 19 | GULLY LANE | 130 | Developable Land | 5.98 | R-2 |
| 57-005- | 100 | CRANBERRY TRAIL | 130 | Developable Land | 6.00 | R-2 |
| 68-027- | 46 | SPRING HILL ROAD | 130 | Developable Land | 6.28 | R-2 |
| 11-246- | 0 | ROUTE 130 | 130 | Developable Land | 6.29 | R-2 |
| 31-038- | 17 | GREAT MARSH ROAD | 130 | Developable Land | 6.56 | R-2 |
| 11-242- | 74 | ROUTE 130 | 130 | Developable Land | 7.09 | R-2 |
| 39-133- | 0 | PINE HILL ROAD | 130 | Developable Land | 8.09 | R-2 |
| 40-107- | 0 | OFF ROUTE 6A | 130 | Developable Land | 8.16 | R-2 |
| 11-254- | 54 | ROUTE 130 | 130 | Developable Land | 8.27 | R-2 |
| 25-107- | 180 | GREAT HILL ROAD | 130 | Developable Land | 8.48 | R-2 |

Plaintiff's Exhibit 23

Developable Land in R-2 Zoning District

| | | | | | | |
|---|---|---|---|---|---|---|
| 75-013- | 46 | GREAT ISLAND ROAD | 130 | Developable Land | 8.80 | R-2 |
| 20-105- | 0 | POPPLE BOTTOM ROAD | 130 | Developable Land | 9.19 | R-2 |
| 04-011- | 300 | MEIGGS-BACKUS ROAD | 130 | Developable Land | 10.35 | R-2 |
| 17-215- | 142 | ROUTE 130 | 130 | Developable Land | 10.50 | R-2 |
| 35-078- | 0 | OLD COUNTY ROAD | 130 | Developable Land | 11.00 | R-2 |
| 04-039- | 297 | MEIGGS-BACKUS ROAD | 130 | Developable Land | 11.22 | R-2 |
| 17-216- | 132 | ROUTE 130 | 130 | Developable Land | 12.15 | R-2 |
| 70-001- | 0 | PLOUGHED NECK ROAD | 130 | Developable Land | 13.63 | R-2 |
| 11-241- | 76 | ROUTE 130 | 130 | Developable Land | 13.80 | R-2 |
| 06-296- | 0 | FALMOUTH-SANDWICH RO | 130 | Developable Land | 14.60 | R-2 |
| 13-082- | 0 | FARMERSVILLE ROAD | 130 | Developable Land | 15.29 | R-2 |
| 59-024- | 306 | ROUTE 6A | 130 | Developable Land | 16.13 | R-2 |
| 33-004- | 0 | MID CAPE HIGHWAY | 130 | Developable Land | 21.29 | R-2 |
| 63-017- | 0 | TORREY ROAD | 130 | Developable Land | 37.00 | R-2 |
| 18-092- | 0 | FARMERSVILLE ROAD | 130 | Developable Land | 44.46 | R-2 |
| 28-037- | 225 | DISCOVERY HILL ROAD | 130 | Developable Land | 47.54 | R-2 |
| 01-001- | 135 | SNAKE POND ROAD | 130 | Developable Land | 63.08 | R-2 |