UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10116 DPW

_____
                                        )
PATRICIA PEROTTI-CYRUS,                 )
                                        )
    Plaintiff,                         )
                                        )
  v.                                    )
                                        )
ROBERT JENSEN, Chairman of the Board of )
Appeals for the Town of Sandwich, ROBERT)
GUERIN, JAMES KILLION, MATTHEW          )
McDONNELL, ERIK VAN BUSKIRK,            )
WILLIAM DAWES, and MICHAEL              )
LESPERANCE, as they are Members of the  )
Board of Appeals, DONNA BOARDMAN,       )
Building Inspector and Zoning Enforcement)
Officer for the Town of Sandwich, and   )
TOWN OF SANDWICH,                       )
                                        )
    Defendants.                       )
_____)

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN CONNECTION WITH
THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

NOW COMES the plaintiff in this action and submits this Supplemental Memorandum in Connection with the Parties' Cross-Motions for Summary Judgment. In short, in a similar case, involving the same type of property, two-or-more-structures constructed before the municipality adopted the Subdivision Control Act, also pending before the Barnstable Superior Court, <u>Branagan v. Zoning Board of Appeals of Falmouth</u>, Civil Action No. 04-470 (Hon. J. C. Muse), the Barnstable Superior Court held that such properties, despite the fact that the lots resulting from the ANR plan dividing the property such that each of

the three (3) such structures (all single family homes) was now located on its own lot, are indeed "structures lawfully in existence," pursuant to G.L. c. 40A, s. 6 (1st¶).  See Exhibit 1, Decision of the Court (Hon. J. C. Muse), <u>Branagan v. Zoning Board of Appeals of Falmouth</u>, Civil Action No. 04-470, decided August 9, 2006.  This finding was crucial and implicit to the further question posed by the plaintiff Branagan, which was whether he was entitled to a special permit to construct an addition to one of the structures, application for which had been denied by the Falmouth Zoning Board of Appeals.  See Exhibit 1.

Citing and relying upon the Land Court Case of <u>Norwell-Arch L.L.C. v. Opdyke</u>, the Barnstable Superior Court (Hon. J. Muse) [hereinafter "the Court"], held that indeed they were "structures lawfully in existence," and were not unlawful under zoning, notwithstanding the fact that, when each of the Branagan lots were created, they did not comply with the dimensional zoning requirements in effect.  <u>Ibid.</u>  The Court further went on to hold that the Falmouth Zoning Board of Appeals erred in not applying the requisite standard as set forth in G.L. c. 40A, s. 6 (1st¶), regarding any "change, alteration, or extension" of a single-family home, and instead applied a more rigorous and inappropriate standard in denying the application for special permit.  <u>Ibid.</u>

Finally, the Court held that the plaintiff, Branagan, was indeed entitled to a special permit to construct his proposed addition, applying the appropriate standard: 1st, as to whether the addition was more nonconforming than the existing structure, the answer to which the Court found was no; 2nd, which rendered moot the question of whether the proposed addition would be substantially more detrimental to the neighborhood.  <u>Ibid.</u>  The Court remanded

the matter to the Falmouth Zoning Board of Appeals for issuance of a special permit in conformity with the Court's findings.[1]  See Exhibit 1.

Here, the only question presented is whether plaintiff's cottage is a "structure lawfully in existence," and whether the plaintiff is entitled to a building permit to repair the non-structural damage to the property caused by a fire in October 2003 (some three (3) years ago), by right, as set forth in the Sandwich Zoning By-Laws, Section 2430, which states:

> **Restoration**.  In the case of destruction or damage by fire or other catastrophe, a legally no-conforming structure may be rebuilt in substantially the form it had at the time of the destruction or damage, or in any form if within applicable setback requirement and not larger than previously, provided that reconstruction is started within twelve (12) months and completed within twenty-four (24) months of the catastrophe.
>
> See Sandwich Zoning By-Laws, Section 2430, Exhibit 3-1 to Plaintiff's Statement of Uncontested Facts in Support of Motion for Summary Judgment.

Plaintiff reasserts her contention that her cottage is a "structure lawfully in existence," as defined in the *Norwell-Arch* and *Branagan* cases, which applies common sense and a result which affords meaning to both the Subdivision Control Law provisions and those of the Zoning Act.  She has, however, been deprived of her rights by virtue of the Town of Sandwich's erroneous interpretation that this is not so, as a consequence, plaintiff has not only been deprived of a building permit, in violation of her rights to due process and equal protection under the laws, but she has also been damaged financially, having

---

[1] The Town of Falmouth has appealed this decision, as reflected on a copy of the Docket, printed October 23, 2006, attached as Exhibit 2.

been unable, since October 2003, through the present, to rent out the property, as she had intended, for investment purposes, when she purchased the same in September 2002, and instead it lays unproductive, useless, and vacant.

WHEREFORE, the plaintiff requests that this Honorable Court <u>GRANT</u> her Motion for Summary Judgment, and <u>DENY</u> the defendants' Cross-Motion for Summary Judgment.

                                                     Plaintiff,

                                                     PATRICIA PEROTTI-CYRUS,

                                                     By her attorney,

                                                   _____
                                                   Julie C. Molloy     BBO#555176
                                                   379 Route 6A
                                                   East Sandwich MA 02537
                                                 (508) 833-3707

Dated:  October 23, 2006

CERTIFICATE OF SERVICE

      I, Julie C. Molloy, hereby certify that a copy of the foregoing, and all attachments, were served upon all parties of record, on October 23, 2006, by mailing copies of the same via U.S. Mail, first class, postage pre-paid, as follows:

Leonard H. Kesten, Esq.
Deborah Ecker, Esq.
Brody, Hardoon, Perkins & Kesten
One Exeter Plaza, 12th floor
Boston MA 02116

                                                 _____