UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10116-DPW

| | |
|---|---|
| PATRICIA PEROTTI-CYRUS<br><br>    Plaintiff<br><br>v.<br><br>ROBERT JENSEN, Chairman of the Board of Appeals for the Town of Sandwich, ROBERT GUERIN, JAMES KILLION, MATTHEW MCDONNELL, ERIK VAN BUSKIRK, WILLIAM DAWES, and MICHAEL LESPERANCE, as they are Members of the Board of Appeals, DONNA BOARDMAN, Building Inspector and Zoning Enforcement Officer for the Town of Sandwich, and TOWN OF SANDWICH,<br><br>    Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS NOTICE OF APPEAL AND FOR RECONSIDERATION AND/OR PERMISSION TO FILE AN <u>INTERLOCUTORY APPEAL</u> |

Now come the defendants and hereby oppose plaintiff's Motion to Dismiss their Notice of Appeal from this Court's order of March 31, 2008. As grounds therefor, defendants state that the Notice was filed in accordance with Federal Rule of Civil Procedure 4(a)(2).

Defendants also oppose plaintiff's Motion for Reconsideration and/or Permission to file an interlocutory appeal (which is contained within the same document as the Motion to Dismiss Defendants' Appeal). As further grounds for these oppositions, defendants state as follows:

A. <u>Defendants' Properly Filed Their Notice Of Appeal Pursuant To Fed.R.App.P. 4(a)(2)</u>

   1. On March 31, 2008, this Court issued a Memorandum and Order on the parties' cross-motions for summary judgment. In its Order, the Court dismissed Counts III-VI of the Complaint, which included plaintiff's claims for alleged

constitutional violations; allowed summary judgment for plaintiff on Count II, which appealed the defendants' denial of a building permit, pursuant to G.L. c.40A, §17; and remanded Count I to the Barnstable Superior Court for trial.

2. To date, final judgment has not entered on Counts II through VI.

3. On April 30, 2008, the defendants filed a Notice of Appeal from that part of the Court's Order granting summary judgment to plaintiff on Count II. The Notice of Appeal is attached hereto as Exhibit A.

4. The Notice of Appeal explicitly states that it is filed pursuant to Fed.R.App.P. 4(a)(2), which provides that "a notice of appeal filed after the court announces a decision or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry." Exhibit A, n. 1.

5. As such, defendants clearly do not seek to appeal the Order regarding Count II on an immediate or interlocutory basis, as contended by plaintiff. Rather, as explicitly stated in the Notice of Appeal, defendants seek to have the Notice of Appeal treated "as filed on the date of and after the entry," as authorized by Fed.R.App.P. 4(a)(2).

6. Accordingly, plaintiff's Motion to Dismiss the Notice of Appeal should be denied.

B. Plaintiff Fails To State A Basis To Request Reconsideration By This Court

7. Defendants further oppose plaintiff's Motion for Reconsideration and/or Permission to file an interlocutory appeal of the Court's dismissal of her constitutional claims.

8. With respect to plaintiff's Motion for Reconsideration, plaintiff has not, as she must, demonstrated that the Court committed "a manifest error of law," or that the Court "has patently misunderstood [plaintiff] ... or has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81-82 (1st Cir. 2008); see also Kansky v. Coca-Cola Bottling Co. of New England, 492 F.3d 54, 60 (1st Cir.2007). Nor has plaintiff revealed any "newly discovered evidence" that would warrant the Court's reconsideration of its decision to dismiss her constitutional claims. Id. Rather, plaintiff merely reiterates arguments that were made on summary judgment, and already considered (and rejected) by the Court. As such, her Motion for Reconsideration should be denied.

C. Plaintiff Failed To Timely Seek An Interlocutory Appeal Of The Court's Decision

9. Finally, plaintiff's request that she be allowed to file an interlocutory appeal of the Court's dismissal of her constitutional claims[1] should be denied. First, the request is untimely. "[I]nterlocutory appeals, like all other appeals, are governed by the time limitations identified in Fed.R.App.P. 4(a)(1)(A) [which] requires a party to file the notice of appeal within 30 days after the judgment or order appealed from is entered." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 6 (1st Cir. 2005). Since more than 30 days have passed since the Court's March 31, 2008 decision, the Court of Appeals would be without jurisdiction to entertain any interlocutory appeal of the decision, and thus plaintiff's request for leave to file such an appeal should be denied.

---

[1] Defendants do not concede that the District Court has the authority to grant plaintiff's request in this regard, as it involves matters of jurisdiction in the First Circuit Court of Appeals.

3

10. Moreover, the March 31, 2008 decision is not a "collateral order" which would fall within the exemption from the rule that only final judgments are appealable. See 28 U.S.C. §1291. To fall within the collateral order exception, an order must, inter alia, be "effectively unreviewable on appeal from a final judgment." Quackenbush v. Allstate Insurance Insurance Co., 517 U.S. 711, 712 (1996); see also Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 25 (1st Cir. 2008). The Court's decision regarding plaintiff's constitutional claims will be reviewable on appeal when a final judgment is entered. Accordingly, plaintiff's request that she be permitted to file an interlocutory appeal should be denied on this additional basis.

WHEREFORE, defendants respectfully request that this Court deny plaintiff's Motion to Dismiss their Notice of Appeal, deny plaintiff's Motion for Reconsideration, and deny plaintiff's request for leave to file an interlocutory appeal.

    DEFENDANTS,

    By their attorneys,

    /s/Jackie Cowin
    Jonathan M. Silverstein (BBO# 630431)
    Jackie Cowin (BBO# 655880)
    Kopelman and Paige, P.C.
     Town Counsel
    101 Arch Street
    12th Floor
    Boston, MA 02110-1109
    (617) 556-0007

350302/SAND/0159

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10116DPW

PATRICIA PEROTTI-CYRUS

    Plaintiff

v.

ROBERT JENSEN, Chairman of the Board of Appeals for the Town of Sandwich, ROBERT GUERIN, JAMES KILLION, MATTHEW MCDONNELL, ERIK VAN BUSKIRK, WILLIAM DAWES, and MICHAEL LESPERANCE, as they are Members of the Board of Appeals, DONNA BOARDMAN, Building Inspector and Zoning Enforcement Officer for the Town of Sandwich, and TOWN OF SANDWICH,

    Defendants

NOTICE OF APPEAL

Now come the defendants in the above-captioned matter, and hereby appeal from the Court's Memorandum and Order on Count II of the Complaint entered in this action on March 31, 2008.[1]

DEFENDANTS,

By their attorneys,

/s/Jonathan M. Silverstein
Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007

344827/SAND/0159

---

[1] Defendants note that it does not appear that final judgment was entered in this matter, although a state claim in the Complaint was remanded to the Superior Court. Pursuant to FRAP 4(2), defendants request that, if judgment has not entered, this appeal be treated as filed on the date of and after the entry of final judgment.