UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10116-DPW

PATRICIA PEROTTI-CYRUS

    Plaintiff

v.

ROBERT JENSEN, Chairman of the Board of Appeals for the Town of Sandwich, ROBERT GUERIN, JAMES KILLION, MATTHEW MCDONNELL, ERIK VAN BUSKIRK, WILLIAM DAWES, and MICHAEL LESPERANCE, as they are Members of the Board of Appeals, DONNA BOARDMAN, Building Inspector and Zoning Enforcement Officer for the Town of Sandwich, and TOWN OF SANDWICH,

    Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR <u>PRELIMINARY INJUNCTION</u>

    Now come the defendants, the Town of Sandwich, et. al. (the "Town"), and hereby oppose plaintiff's Motion for a Preliminary Injunction, requesting that the Court order the Town to issue plaintiff a building permit. As grounds therefor, the Town states as follows:

1.     This action arises from the Town's denial of a building permit to allow plaintiff to rebuild a damaged structure, on grounds that the structure is in violation of the Town's zoning bylaw.

2.     On March 31, 2008, the Court issued a Memorandum and Order on the parties' cross-motions for summary judgment. In its Order, the Court found that the plaintiff is entitled to a building permit to rebuild the structure, but remanded the issue of whether plaintiff is entitled to use the structure as a single-family dwelling to the Barnstable Superior Court for

        trial.[1]  (The Court dismissed various other claims in the Complaint, set forth in Counts III-VI).

3.     To date, final judgment has not entered on the Court's March 31, 2008 Order.  The Town has filed a Notice of Appeal from the Court's finding that plaintiff is entitled to a building permit, pursuant to Fed.R.App.P. 4(a)(2) (providing that a notice of appeal filed before entry of judgment will be treated as filed on the date of such entry).

4.     In May, 2008, plaintiff applied to the Town's Building Inspector for a building permit to rebuild her structure.  On May 22, 2008, the Building Inspector denied the permit.

5.     Plaintiff now seeks an order that the Town issue the building permit.  Although plaintiff's request is styled as a "Motion for Preliminary Injunction," plaintiff is, in actuality requesting that the Court enforce its March 31, 2008 finding that plaintiff is entitled to a building permit to rebuild the structure.  As such, the request should be denied pursuant to Fed.R.Civ.P. 62(a), which provides that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry."

6.     As judgment has not yet entered on the Court's March 31, 2008 decision, plaintiff's attempt to enforce the judgment is premature.

7.     Moreover, as noted, the Town has filed a Notice of Appeal of the finding that plaintiff is entitled to a building permit, which, pursuant to

---

[1] Plaintiff asserts that the issue remaining for trial is whether the structure may be used as a single-family dwelling seasonally, or year-round.  The Town contends that the issue to be tried is whether the structure may be used as a single-family dwelling *at all*.

|    |    |
|----|----|
|    | Fed.R.App.P. 4(a)(2), will take effect upon the entry of final judgment. Should the Court order the Town to issue the requested building permit prior to the entry of final judgment, the Town's right of appeal will be extinguished, as its appeal will be rendered moot. |
| 8. | The Town further notes that the requested building permit is meaningful to plaintiff only if she prevails in state court on the issue of whether the structure may be used as a single-family dwelling.  Should the Town prevail on this issue, rebuilding the structure will not only be a meaningless exercise, it will result in great and unnecessary expense to the plaintiff.  As such, plaintiff's contention that the failure to issue a building permit will cause her irreparable harm because she may lose the structure to foreclosure proceedings, see Plaintiff's Motion for Preliminary Injunction, p.2, is disingenuous. |
| 9. | In fact, plaintiff will be able to avoid alleged foreclosure proceedings only by renting out the property – which she cannot lawfully do unless and until the state court decides the use issue in her favor.  As such, it appears from plaintiff's contentions regarding irreparable harm that, once the structure is rebuilt, she intends to rent it as a single-family dwelling, irrespective of whether the state court has (1) yet determined the issue of the lawfulness of such use; or (2) determined that issue in the Town's favor. |
| 10. | Plaintiff's apparent intention to use the requested building permit to effect a purpose whose lawfulness has not yet been decided – and which may be |

       decided against her – countenances further against this Court issuing the requested relief.

11.     Moreover, plaintiff has not demonstrated how issuing the requested building permit and allowing the structure to be rebuilt before the use issue is decided is in the public interest, as required for injunctive relief against a governmental entity.  See Tri-Nel Management, Inc. v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001) (citing Commonwealth v. Mass. CRINC, 392 Mass. 79, 89 (1984)) ("[w]hen, as here, a party seeks to enjoin governmental action, the court also considers whether the relief sought will adversely affect the public").

12.     Indeed, allowing the structure to be rebuilt prior to a determination on the use issue would adversely affect the public interest, since the Town would be burdened with preventing any possible use of the structure before the issue is decided by the state court.  Should the issue be decided in the Town's favor, the Town would then have the burden of taking enforcement action against any possible unlawful use.

13.     Finally, the Town submits that the contention that plaintiff is irreparably harmed by having to wait to obtain her permit until the use issue is decided is negated by the fact that she did not request preliminary injunctive relief either in the Complaint, or at any time in the three years that this case has been pending.[2]

---

[2] The Town notes that a trial on the use issue is presently scheduled for August 13, 2008 in Barnstable Superior Court.

WHEREFORE, the Town respectfully requests that this Court deny plaintiff's Motion for a Preliminary Injunction, ordering the Town to issue plaintiff a building permit.

DEFENDANTS,

By their attorneys,

/s/Jackie Cowin
Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007

350903/SAND/0159